Drew R. Hansen, Esq. (State Bar No. 218382)
dhansen@tocounsel.com
Walter Peña, Esq. (State Bar No. 247469)
wpena@tocounsel.com
THEODORA ORINGHER PC
535 Anton Boulevard, Ninth Floor
Costa Mesa, California  92626-7109
Telephone: (714) 549-6200
Facsimile: (714) 549-6201

Attorneys for Defendant,
C.R. ENGLAND, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| WILLIAM H. GRADIE, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        vs.<br><br>C.R. ENGLAND, INC., and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No. __2:16-cv-3507_____<br><br>**NOTICE OF REMOVAL OF PUTATIVE CLASS ACTION TO FEDERAL COURT** |

THEODORA ☐ ORINGHER
COUNSELORS AT LAW

1009576/81034.05010

*NOTICE OF REMOVAL OF PUTATIVE CLASS ACTION TO FEDERAL COURT*

**PLEASE TAKE NOTICE** that Defendant C.R. England, Inc. ("Defendant") hereby timely removes Case No. BC617647 from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, Western Division.  This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1453 and in accordance with, at a minimum, diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  As grounds for removal, Defendant respectfully states as follows:

I.   **STATEMENT OF THE CASE**

1.   On or about April 20, 2016, Plaintiff filed a putative class action complaint in the Superior Court of the State of California in and for the County of Los Angeles, entitled "William H. Gradie vs. C.R. England, Inc. and DOES 1 through 100 Inclusive" Case Number BC617647 (the "State Court Action") ("Complaint").  Plaintiff served Defendant with a copy of the Complaint in the State Court Action on April 21, 2016.

2.   In his Complaint, Plaintiff alleges, among other things, that Defendant (i) made unlawful deductions from wages in violation of various sections of the California Labor Code (the "Labor Code"), (ii) failed to pay compensation for all time worked in violation of the Labor Code, (iii) made misrepresentations that induced Plaintiff and putative class members to relocate to, and remain in, Fontana, California, (iv) failed to authorize and permit meal periods or pay compensation in lieu thereof in violation of the Labor Code, (v) failed to authorize and permit rest periods or pay compensation in lieu thereof in violation of the Labor Code, (vi) failed to provide accurate wage statements in violation of the Labor Code, (vii) failed to pay all wages due at the time of termination from employment in violation of the Labor Code, (viii) violated California's usury statute by requiring Plaintiff and the putative class members to pay interest of 18% or more on the outstanding balance of promissory notes, and (ix) violated California's Unfair Competition Law with the above described conduct.  The Complaint also alleges a cause of action under Labor Code § 2698 et seq. (i.e., the Private Attorney General Act of 2004 ("PAGA")).

THEODORA ORINGHER
COUNSELORS AT LAW

3.      Plaintiff seeks to certify a class of "drivers who were residents of California, who completed [C.R. England's] driver training program in California, or who performed substantial compensable work in California." *Complaint* at ¶ 22.

4.      Based on the alleged violations referenced in the Complaint, Plaintiff seeks, on behalf of himself and the putative class, damages, back pay, front pay, treble damages, liquidated damages, civil penalties, statutory penalties, injunctive relief, restitution, prejudgment interest, and attorneys' fees and costs.

5.      At a minimum, the Complaint is removable under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(2) and 1453(b).  Defendant has satisfied all procedural requirements of 28 U.S.C. § 1446 and thereby removes this action to the United States District Court for the Central District of California, Western Division pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.[1]

## II.      **ORIGINAL JURISDICTION**

6.      This action is removable under section 1453 of title 28 of the United States Code.  Section 1453 provides for the removal of state court civil actions over which United States district courts have original jurisdiction.  As explained in more detail below, this case can removed under the Class Action Fairness Act, 28 U.S.C. section 1332(d)(2), because at least one plaintiff and one defendant are citizens of different states, and this is a class action in which the alleged putative class includes at least 100 members, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  For these reasons, this action is removable pursuant to section 1453, which

---

[1] Plaintiff alleges in Paragraph 20 of his Complaint that he earned less "than the applicable California and **federal minimum wage** for all hours worked during his employment." *Complaint* ¶ 20.  Therefore, this Court also arguably has original jurisdiction over this action under 28 U.S.C. § 1331, which provides that the federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treatises of the United States."  Accordingly, this action may likewise be removed pursuant to section 1441(a) of Title 28 because Plaintiff's claims appear to arise under federal law as well, namely, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

THEODORA ORINGHER
COUNSELORS AT LAW

1  provides that a class action may be removed to federal court in accordance with section

2  1446 of the United States Code.

3      7.      The United States Supreme Court recently clarified the standards for a

4  notice of removal under CAFA. In *Dart Cherokee Basin Operating Co. v. Owens*, 574

5  U. S. ____, 135 S.Ct. 547, 553 (2014), the Supreme Court held that courts must apply the

6  same liberal rules to removal allegations as to other matters of pleading. The Supreme

7  Court also held that no presumption against removal exists under CAFA, which was

8  enacted to facilitate adjudication of certain class actions in federal court. *Id*. at 554.

9      **A.      The Diversity Of Citizenship Requirement Is Satisfied**

10     8.      Diversity of citizenship exists between Plaintiff, the putative class, and

11 Defendant. Plaintiff William H. Gradie is, and was at the time of the commencement of

12 the State Court Action, a citizen of California. *Complaint* ¶ 1. Additionally, Plaintiff

13 seeks to certify a class of, *inter alia*, "drivers who were residents of California …"

14 *Complaint* at ¶ 22.      Conversely, Defendant is, and was at the time of the

15 commencement of the State Court Action, a Utah corporation with its principal place of

16 business in Salt Lake City, Utah. *See e.g., Hertz Corp. v. Friend*, 130 S. Ct. 1181,

17 1192 (2010) ("We conclude that 'principal place of business' is best read as referring to

18 the place where a corporation's officers direct, control, and coordinate the corporation's

19 activities. It is the place that Courts of Appeals have called the corporation's 'nerve

20 center.' And in practice it should normally be the place where the corporation maintains

21 its headquarters—provided that the headquarters is the actual center of direction,

22 control, and coordination").

23     9.      Defendant is the only non-"Doe" defendant in this action. *See Complaint*

24 at ¶¶ 2-4. Plaintiff's naming of unidentified "Doe" defendants is irrelevant to

25 removability. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter,

26 the citizenship of defendants sued under fictitious names shall be disregarded."); *Kruso*

27 *v. Int'l Tel. & Telegraph Corp.*, 872 F. 2d 1416, 1424 (9th Cir. 1989) (the naming of

28 Doe defendants cannot defeat diversity jurisdiction). Thus, the diversity requirement of

THEODORA ORINGHER
COUNSELORS AT LAW

1   28 U.S.C. § 1332(d)(2)(A) is satisfied because Plaintiff and at least some of the putative

2   class are citizens of California and Defendant is a citizen of Utah.

3   **B.      The Alleged Putative Class Includes At Least 100 Members**

4       10.     Plaintiff seeks to certify a class of "drivers who were residents of

5   California, who completed [C.R. England's] driver training program in California, or

6   who performed substantial compensable work in California." *Complaint* at ¶ 22.

7       11.     Defendant disputes Plaintiff's allegations of wrongdoing.  Defendant also

8   disputes that any class could ever be certified.  Nevertheless, based on information and

9   belief and the review of its internal employment data, Defendant believes that it has

10  employed several thousand California resident truck drivers between April 20, 2012

11  and April 20, 2016, and certainly far more than 1,500 such individuals or putative class

12  members.  Accordingly, there are at least 100 or more potential class members as

13  required by 28 U.S.C. § 1332(d)(5)(B).

14  **C.      It Is Readily Apparent From The Complaint That The Amount In**

15  **Controversy Exceeds $5,000,000**

16      12.     The Supreme Court clarified in 2014 that the notice of removal need only

17  include a plausible allegation that the amount in controversy exceeds $5 million and

18  need not include evidentiary submissions.  *Dart Cherokee*, 574 U. S., at ____, 135 S.Ct.

19  547, 554; see also *Ibarra v. Manheim Investments, Inc*., 775 F.3d 1193, 1195 (9th Cir.

20  2015) ("[A] removing party must initially file a notice of removal that includes 'a

21  plausible allegation that the amount in controversy exceeds the jurisdictional

22  threshold.'") (quoting *Dart Cherokee*).  Thus, a defendant's amount in controversy

23  allegation should be accepted when not contested by a plaintiff or questioned by the

24  court.  *Id.*  If a plaintiff does contest the allegation, both sides must submit proof and

25  the court will decide, by a preponderance of the evidence, whether the amount in

26  controversy requirement has been satisfied. *Id.*

27      13.     Defendant denies that this action is appropriate for class treatment or that

28  Defendant is liable for any of Plaintiff's claims.  Nevertheless, Defendant has

1009576/81034.05010

4

THEODORA ORINGHER
COUNSELORS AT LAW

calculated the amount in controversy for purposes of this notice by taking Plaintiff's Complaint at face value.

14.     The Complaint is facially silent on the total amount in controversy. However, as detailed below, Plaintiff's wage statement claim alone easily satisfies the amount-in-controversy requirement of 28 U.S.C. § 1332(d)(2).

1.     Itemized Wage Statement Claims

15.     Plaintiff alleges that for at least four years prior to filing this action, Defendant failed to comply with the itemized employee wage statement provisions of the Labor Code. Specifically, Plaintiff alleges, among other things, that Defendant has failed to comply with section 226(a) of the Labor Code by, *inter alia*, not itemizing "the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece rate basis." Complaint ¶¶ 56-57.

16.     For this claim, Plaintiff seeks, among other alleged damages, compensation under Labor Code § 226(e). Complaint, ¶ 58. Subsection 226(e)(1) of the Labor Code provides that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with [the itemized wage statement requirement] is entitled to recover […] fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

17.     Based on information and belief and the review of its internal employment data, Defendant is aware that that it has employed in excess of several thousand members of the putative class between April 20, 2012 and April 20, 2016, and certainly far more than 1,500 such individuals. Plaintiff accordingly seeks $50 for more than 1,500 drivers for alleged deficiencies in the drivers' first pay statements and at least $100 for each subsequent allegedly deficient wage statements up to the maximum penalty of $4,000 per person. Based on information and belief and the review of its

internal employment information, Defendant believes that at least 1,500 drivers received forty (40) or more wage statements at some point from April 20, 2012 through April 20, 2016. The total Plaintiff thus seeks on behalf of these 1,500 drivers alone (not to mention the thousands of other potential putative class members) for alleged wage statement violations is **$6,000,000** (i.e., $4,000 maximum penalty x 1,500 drivers).

2.   Attorneys' Fees Are Also Added To The Amount In Controversy

18.   Moreover, attorney fees may likewise be included in the amount in controversy if an underlying statute authorizes their award (which is the case here due to the Labor Code). *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1155-56 (9th Cir. 1998) (attorney fees award may be included in the amount in controversy when an underlying statute authorizes their award). Plaintiff seeks reasonable attorneys' fees in this case. *Complaint* at Prayer for Relief ¶ 6. In class action cases within California, prevailing plaintiffs have requested, and courts have frequently awarded, attorneys' fees in the range of 25% to 33% of the overall recovery. *See Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491, 492 (E.D. Cal. 2010) (citing to five recent wage and hour cases where federal court judges approved fee awards that ranged from 30% to 33% and similarly approving percentage of the fund award of 33% to class counsel); *Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841, at *1-4 (E.D. Cal. Nov. 14, 2007) (approving award of 33% of common fund); *McCrary v. Elations Company, LLC*, 2016 WL 769703, at *10 (C.D. Cal., 2016) (approving award of 26% of total settlement amount). It is therefore anticipated that Plaintiff's attorneys will seek at least 25% of any amounts recovered as awardable attorneys' fees. Thus, Plaintiff's attorneys could seek $1,500,000 or more in attorneys' fees in this action (i.e., 0.25 X $6,000,000) based on the wage statement claim alone for 1,500 drivers. When this figure is added to the $6,000,000 or more Plaintiff seeks in connection with wage statement claim for 1,500 drivers, the total amount in controversy is at least **$7,500,000**.

/ / /

/ / /

### 3.    Plaintiff Also Seeks Other Damages

19.    It also must be noted that the **$7,500,000** figure calculated above does not include all potential class members, let alone include the amounts in dispute associated with numerous other claims alleged by Plaintiff and the putative class, including claims for (i) failure to pay all wages owed under the Labor Code, (ii) unlawful deductions from wages in violation of the Labor Code, (iii) misrepresentations that Plaintiff alleges induced him and the putative class members to relocate to, and remain in, Fontana, California, (iv) failure to authorize and permit meal periods or pay compensation in lieu thereof in violation of the Labor Code, (v) failure to authorize and permit rest periods or pay compensation in lieu thereof in violation of the Labor Code, (vi) failure to pay all wages due at the time of termination from employment in violation of the Labor Code, (vii) violation of California's usury statute, and (viii) violation of California's Unfair Competition Law.  Because the above calculation does not include either the entirety of the putative class or all of the amounts in controversy related to numerous other claims alleged by Plaintiff and the putative class, the potential total amount in controversy obviously exceeds what has been shown here.

## III.    **REMOVAL IS TIMELY AND PROPER**

20.    This Notice of Removal is timely pursuant to section 1446(b) of title 28 as it is filed within thirty (30) days of the first receipt of the Complaint setting forth Plaintiff s claims against Defendant in the State Court Action.  Indeed, Plaintiff served Defendant with a copy of the Complaint on Thursday, April 21, 2016.  Because 30 days from April 21 is Saturday, May 21, 2016, the deadline for removing the State Court Action to federal court is extended to the following business day (i.e., Monday, May 23, 2016).  See F.R.Civ.P. 6(a)(1)(C) "When the period is stated in days […] include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."); see also *Teitelbaum v. Soloski*, 843 F.Supp. 614, 615 fn. 4 (C.D. Cal. 1994) (where the removal deadline expired on a Saturday, court found the

time was extended by F.R.Civ.P. 6(a) to the following Monday).   Accordingly, Defendant may properly file papers to remove this action up to and including May 23, 2016.

21.    Pursuant to section 1446(a) of title 28, removal is made to the Central District of California, as the district court embracing the place where the State Court Action is pending.  *See* 28 U.S.C. § 84(c).

22.    Defendant reserves the right to amend or supplement this Notice of Removal, including the right to submit evidentiary declarations supporting the amount in controversy should Plaintiff attempt to remand the action for any reason.  Defendant further reserves all defenses it has to Plaintiff's claims.  Defendant disputes Plaintiff's claims in their entirety and contends only that the nature of Plaintiff's claims, as pled, demonstrates that removal is proper.

23.    Defendant is providing Plaintiff, by and through his counsel, written notice of the filing of this Notice of Removal and all other papers as required by section 1446(d) of title 28.  Further, Defendant is filing a copy of this Notice of Removal and all related papers with the Clerk of the Superior Court of the State of California for the County of Los Angeles, where the State Court Action is currently pending.

## IV.    **PRAYER**

Wherefore, Defendant C.R. England, Inc., requests that the above-titled action now pending against it in the Superior Court of California, County of Los Angeles, be removed to this Court.


DATED: May 20, 2016         THEODORA ORINGHER PC



By: _____
        Drew R. Hansen
        Walter Peña
        Attorneys for Defendant, C.R. ENGLAND, INC.