STRINDBERG & SCHOLNICK, LLC
LAUREN I. SCHOLNICK (Utah Bar No. 7776)
675 East 2100 South, Suite 350
Salt Lake City, Utah 84106
Telephone: (801) 359-4169
Facsimile: (801) 359-4313
Email: lauren@utahjobjustice.com

BLUMENTHAL, NORDREHAUG BHOWMIK
DE BLOUW LLP
Kyle R. Nordrehaug (California Bar No. 205975 – Admitted *Pro Hac Vice*)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Email:  kyle@bamlawca.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WILLIAM H. GRADIE, MILTON HARPER, RONNIE STEVENSON, and JONATHAN MITCHELL, individuals, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>C.R. ENGLAND, INC., a Corporation; and Does 1 through 100, Inclusive,<br><br>        Defendant. | **DECLARTION OF KYLE NORDREHAUG IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Case No. 2:16-cv-00768-DN<br><br>Judge: Hon. David Nuffer |

I, Kyle Nordrehaug, declare as follows:

1.      I am a partner of the law firm of Blumenthal Nordrehaug Bhowmik De Blouw LLP, counsel of record for Plaintiffs William H. Gradie, Milton Harper, Ronnie Stevenson, and Jonathan Mitchell ("Plaintiffs") in this matter.  As such, I am fully familiar with the facts, pleadings and history of this matter.  I am submitting this declaration in support of Plaintiffs' motion for preliminary approval of the proposed class action settlement with Defendant C.R. England, Inc. ("Defendant").  The following facts are within my own personal knowledge, and if called as a witness, I could and would testify competently to the matters stated herein.

2.      Attached hereto as Exhibit #1 is a true and correct copy of the Stipulation of Class Action Settlement and Release of Claims (the "Stipulation" or "Settlement").

3.       As consideration for the Settlement, Defendant agrees to provide a Total Settlement Value in excess of $18,600,000, consisting of a Cash Settlement Payout of $3,600,000 and Debt Forgiveness in excess of $15,000,000, to resolve the claims of the Class. (Stipulation at ¶¶ II(HH), II(LL) and II(MM).)  The Cash Settlement Payout shall include all payments to the Participating Class Members, the Service Payments to the four named Plaintiffs, all attorneys' fees, costs and expenses of Class Counsel awarded by the Court; all employee and employer tax withholdings; all payments allocated to the California Labor and Workforce Development Agency ("LWDA") in connection with Plaintiffs' California Labor Code Private Attorneys General Act ("PAGA") claim; and, all costs of settlement administration, in the amounts approved by the Court.  The Settlement is non-reversionary and is an excellent result for the Class Members in light of the serious disputes as to the merits of their claims, uncertainty as to whether class certification could be obtained, the fact that almost all Class Members agreed to individual arbitration agreements with class action waivers, and numerous other factors.

4.      The Stipulation provides for automatic payment without the need to submit a claim form to all Class Members who do not opt out of the Settlement. The proposed resolution is thus a non-reversionary Settlement and an excellent result for Participating Class Members. The relief provided in the Settlement will likewise benefit all Class Members equally.  Each Participating Class Member shall receive a pro rata payment from the Cash Settlement Payout based on the number of weeks they worked for Defendant.  Each Participating Class Member shall also have any liquidated damages or interest that Defendant contends Defendant is owed under a Driver Education and Employment Contract (or similar or related tuition agreement) forgiven.  The Settlement does not improperly grant preferential treatment to the Class Representatives or any individual segments of the Class.

5.      The Parties scheduled an all-day mediation before Steve Pearl, an experienced mediator of wage and hour class actions.  The Parties prepared for the mediation by exchanging an extensive amount of information, including payroll information and other data, calculating potential damages, and submitting mediation briefs to Mediator Pearl.  Through the mediation process and hard-fought adversarial negotiations, the Parties eventually reached a settlement that they believe to be fair and reasonable in light of the experience of the Parties' attorneys as Counsel in other class action cases, and the uncertainties and cost of the years of protracted and expensive litigation the Parties faced if a settlement was not reached.

6.      Plaintiffs retained an expert, DM&A, to calculate potential damages and prepared a mediation brief to address liability issues.  Plaintiffs also considered Defendant's defenses to the various claims, including the fact that almost all Class Members signed individual arbitration agreements containing class action waivers that could bar any potential class action in light of the Supreme Court's ruling in *Epic Systems Corp. v. Lewis*, 138 S.Ct. 1612, 200 L.Ed.2d 889 (2018).  Plaintiffs also considered a prior class action settlement involving Defendant (i.e.,

*Jasper v. C.R. England,* U.S. District Court for the Central District of California Case No. 2:08-cv-05266), where the Defendant resolved similar claims of a class of truck drivers.  In *Jasper*, the court approved a ***claims-made settlement*** relating to <u>more than 16,600 truck drivers</u> and a <u>class period of almost 10 years</u>, which provided $4,537,600 to the class in that action.  The average recovery for each class member in *Jasper* was thus approximately $273 per class member.  The cash component of the Settlement, which is $3,600,000, compares very favorably to the settlement approved in *Jasper*, because in this case the class is smaller, the Class Period is less than six years (meaning the number of workweeks is substantially smaller), the average recovery per class member will be roughly the same as what was approved in *Jasper*, and the common fund in this case is non-reversionary (meaning that every Class Member who remains in the case will receive a check, which was not true in *Jasper*).  Moreover, the Settlement of this Action provides an additional $15 million of Debt Forgiveness.  Because the Settlement in this case is superior to the one approved in *Jasper*, the Settlement amount is fair and reasonable.  Accordingly, the goal of this litigation has been met and the Settlement should be preliminarily approved.

7.     Plaintiff William H. Gradie attended Defendant's Premier Truck Driving School ("Premier") in August 2015.  He financed his Premier tuition through a loan from Defendant and entered into a Driver Education and Employment Contract with Defendant in which he agreed, among other things, to work as a truck driver exclusively for Defendant for nine months after obtaining his commercial driver's license ("CDL") and Defendant agreed, among other things, to pay any amounts owing on his tuition loan when he completed the nine-month term of the Driver Education and Employment Contract.  After Plaintiff Gradie graduated from Premier and obtained his CDL in August 2015, he was employed as a truck driver by Defendant for less than one month (i.e., from August 20, 2015 through September 2, 2015).  Plaintiff Milton Harper

attended Premier in November 2012. After Mr. Harper graduated from Premier and obtained his CDL in December 2012, he was employed as a truck driver by Defendant from December 6, 2012 through February 20, 2017. Plaintiff Ronnie Stevenson attended Premier in September 2013. After Plaintiff Stevenson graduated from Premier and obtained his CDL in October 2013, he was employed as a truck driver by Defendant from October 2, 2013 through November 2014. He resigned his employment with Defendant in November 2014, but was rehired in March 2015 and was employed as a truck driver by Defendant from March 26, 2015 through June 13, 2016. Plaintiff Jonathan Mitchell attended Premier in June 2013. After Plaintiff Mitchell graduated from Premier and obtained his CDL in July 2013, he was employed as a truck driver by Defendant from July 11, 2013 through September 1, 2017.

8.      On April 20, 2016, Plaintiff Gradie filed the original complaint in this case (i.e., the "Action") in the Superior Court of the State of California for the County of Los Angeles, in which he asserted a variety of wage-and-hour claims as well as several claims related to the Driver Education and Employment Contract on behalf of himself and a putative class. On May 20, 2016, Defendant removed the Action to the United States District Court for the Central District of California. On July 7, 2016, the Action was transferred to the District of Utah pursuant to a stipulation between Gradie and Defendant that was subsequently approved by the court. On September 29, 2016, Plaintiff Gradie filed an action for declaratory relief against Defendant in this court (the "Declaratory Relief Action"), which was subsequently deemed related to this Action.

9.      On February 1, 2016, Plaintiff Harper filed a lawsuit against Defendant in the Superior Court of the State of California for the County of San Bernardino on behalf of himself and a putative class ("the Harper Lawsuit"). On April 12, 2016, Plaintiff Harper filed an amended complaint in the Harper Lawsuit, adding Plaintiffs Stevenson and Mitchell as named

plaintiffs (together, Harper, Stevenson and Mitchell are the "Harper Plaintiffs").  On July 11, 2016, the Harper Plaintiffs filed a second amended complaint in the Harper Lawsuit, asserting numerous wage-and-hour claims under California law as well as several claims related to the Driver Education and Employment Contract.  On August 24, 2016, Defendant removed the Harper Lawsuit to the United States District Court for the Central District of California.  On August 26, 2016, the Harper Lawsuit was transferred to the District of Utah pursuant to a stipulation between the Harper Plaintiffs and Defendant, and assigned to Judge Dee Benson.

10.     In late 2016, the Harper Plaintiffs and C.R. England entered into an agreement to settle the Harper Lawsuit on a class-wide basis, which subsequently received final approval from Judge Benson.  Gradie, who was a member of the Harper Settlement Class and had objected to the Harper Settlement, appealed the order of final approval.  On August 14, 2018, the Tenth Circuit concluded it was unable to determine whether Judge Benson had properly certified the Harper Settlement Class because he had not sufficiently explained the bases for his certification ruling.  Accordingly, the Tenth Circuit "vacate[d] the district court's class certification" determination and "remand[ed] [the case] for the district court to more meaningfully explain its bases for class certification."  On remand, Judge Benson recused himself from the Harper Lawsuit and it was reassigned to Judge Shelby.  On March 27, 2019, Judge Shelby denied the Harper Plaintiffs' renewed motion for final approval on a technical standing ground. Specifically, Judge Shelby found that the Harper Plaintiffs lacked standing to assert certain claims related to Defendant's Driver Education and Employment Contract and the proposed settlement class therefore could not be certified.  While Defendant and counsel for the Harper Plaintiffs respectfully disagreed with that conclusion, that issue has now unquestionably been remedied given that Gradie is part of the current Settlement and clearly has standing to assert the contract-related claims alleged in this Action.

6

11.     After Judge Shelby issued his ruling regarding the renewed motion for final approval in the Harper Lawsuit, the Parties – i.e., the Harper Plaintiffs, Gradie and Defendant – participated in a good-faith, arms-length mediation presided over by Mediator Steve Pearl. Mediator Pearl negotiated with the Parties over the course of the entire day and was ultimately able to help the Parties reach a settlement through a mediator's proposal, the principal terms of which were memorialized by the Parties in a binding Memorandum of Understanding that became effective July 15, 2019.  Based on those negotiations and arms-length settlement discussions between the Parties, the Parties agreed to settle the Action, the claims asserted in the Declaratory Relief Action and the claims asserted in the Harper Lawsuit on the terms and conditions set forth in the Stipulation.

12.     As part of the Settlement, Gradie filed a First Amended Complaint ("FAC") in this Action, adding the Harper Plaintiffs as named Plaintiffs and all claims asserted in the Harper Lawsuit, and the Harper Plaintiffs dismissed the Harper Lawsuit without prejudice.  In their consolidated FAC, Plaintiffs assert, among other things, the following claims against Defendant: (1) unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (2) failure to pay minimum wages under the California Labor Code, applicable Wage Orders, and all other corresponding laws and regulations; (3) failure to pay regular wages, straight time wages, and overtime wages under the California Labor Code, applicable Wage Orders, and all other corresponding laws and regulations; (4) failure to provide accurate itemized wage statements; (5) failure to maintain copies of accurate itemized wage statements; (6) failure to reimburse for all business-related expenses under the California Labor Code; (7) unlawful deductions in violation of the California Labor Code; (8) failure to provide meal periods under the California Labor Code, applicable Wage Orders, and all other corresponding laws and regulations; (9) failure to provide rest periods as required under the California Labor Code, applicable Wage

Orders, and all other corresponding laws and regulations; (10) failure to timely pay wages due in violation of California Labor Code §§ 201-203 *et seq.*; (11) failure to pay all wages owed on regularly scheduled paydays in violation of California Labor Code §§ 204 *et seq.*; (12) misrepresentation in violation of California Labor Code §§ 970 through 972 *et seq.*; (13) usury, and; (14) failure to comply with the Private Attorneys' General Act of 2004 (i.e., California Labor Code § 2698 *et seq.*).  Plaintiffs' FAC seeks, *inter alia*, unpaid wages of all types, damages, penalties, civil penalties, liquidated damages, statutory damages, punitive damages, restitution, reimbursement, interest, attorney fees, litigation costs, injunctive relief, declaratory relief, and any other equitable or legal relief allegedly due and owing to Plaintiffs and the other Class Members by virtue of the foregoing claims.

13.     In the course of litigating this Action, Defendant provided payroll and employment data along with other information regarding the Class Members to Plaintiffs and Class Counsel.  The information provided to Class Counsel by Defendant consisted of gigabytes of data and many thousands of pages of materials.  Defendant also provided Plaintiffs with their entire personnel files, various employee policies, procedures, and manuals, exemplar wage statements, earnings and other compensation materials, information about the Premier Truck Driving School and third party schools, the settlement agreements in two prior wage-and-hour class actions involving Defendant, multiple arbitration agreements containing class action waivers, various employment contracts, and numerous other documents and information.

14.     Based on this information, and their own independent investigation and evaluation, Class Counsel has thoroughly analyzed the value of the Class Members' claims during the prosecution of this Action.  This discovery, investigation, and prosecution has included, among other things: (a) multiple conferences with Plaintiffs' counsel; (b) inspection and analysis of the documents and materials produced by Defendant; (c) analysis of the various

legal positions taken and defenses raised by Defendant; (d) investigation into the viability of class treatment of the claims asserted in this Action, including, but not limited to, recent federal court case law denying class certification in a case involving a trucking company; (e) analysis of potential class-wide damages; (f) research of the applicable law with respect to the claims asserted in the Complaints (and in the complaints filed in the Harper Lawsuit and Declaratory Relief Action) and the potential defenses thereto (including, but not limited to, the existence of arbitration agreements prohibiting class actions, preemption defenses that could eliminate multiple claims, merit-based defenses, etc.); (g) the exchange of information through informal discovery; and (h) assembling data for calculating damages.

15.     Class Counsel has conducted a thorough investigation into the facts of this putative class Action.  Class Counsel has diligently evaluated the Class Members' claims against Defendant.  At the time of the Settlement, the investigation was sufficiently advanced to give the Class Representatives and Class Counsel a sound understanding of the merits of their positions and to evaluate the worth of the claims of the Class Members in light of Defendant's many defenses to them.  Prior to the Parties settling the case, counsel for Defendant provided Class Counsel with access to necessary data for the Class Members.  Based on the foregoing data and their own independent investigation and evaluation, Class Counsel believes that the Settlement with Defendant for the consideration and on the terms set forth in the Stipulation is fair, reasonable, and adequate and is in the best interest of the Class in light of all known facts and circumstances, including the risk of significant delay, the fact that almost all Class Members executed individual arbitration agreements containing class action waivers, the uncertainty in obtaining class certification, the difficulty in proving class-wide liability, damages and penalties in light of defenses asserted by Defendant (e.g., preemption and merit-based defenses), and numerous potential appellate issues.

16.     Under the Settlement, Defendant agrees to provide the Total Settlement Value
(which exceeds $18,600,000), consisting of the non-reversionary Cash Settlement Payment by
Defendant of Three Million Six Hundred Thousand Dollars and No Cents ($3,600,000) to fund
the Qualified Settlement Fund ("QSF") and release of the Forgiven Debt (totaling in excess of
Fifteen Million Dollars ($15,000,0000) and consisting of (i) all liquidated damages that
Defendant claims it is owed by Participating Class Members under any contractual provision
establishing liquidated damages in the exact amount of $2,500 and (ii) all unpaid interest that
Defendant claims it is owed by Participating Class Members under any Driver Education and
Employment Contract, related tuition agreement, or related promissory note). (Stipulation at ¶¶
II(HH), II(LL) and II(MM).) This is not a "claims made" or "reversionary" Settlement, meaning
no amount of the QSF shall revert to Defendant for any reason so long as the Settlement is
approved and it becomes completely final and no longer capable of being appealed.  In addition,
Participating Class Members will not need to submit a claim form to recover under this
Settlement.  The QSF shall include all payments involved in effectuating the Settlement,
including but not limited to: all Service Payments to the four named Plaintiffs, all attorneys' fees,
costs and expenses of Class Counsel awarded by the Court, including all such fees and costs
incurred in documenting the Settlement, and obtaining a dismissal of both the Action and
Declaratory Relief Action with prejudice; all employee and employer tax withholdings; all
payments allocated to the LWDA in connection with PAGA; and all costs of settlement
administration, in the amounts approved by the Court.  (Stipulation at ¶ II(HH).)

17.     The Net QSF shall be divided and distributed to Participating Class Members.
(Stipulation at ¶ XIX(A)(2).)  A Participating Class Member's Cash Settlement Share will be
calculated as follows:  (1) calculating the total number of weeks worked by all Participating
Class Members based on the Class Data (the "Total Work Weeks"); (2) dividing each

Participating Class Member's number of work weeks based on the Class Data by the Total Work Weeks to determine his or her proportionate share of the Net QSF (for each Participating Class Member, the "Cash Settlement Share Proportion"); and (3) multiplying each Participating Class Member's Cash Settlement Share Proportion by the Net QSF.  (Stipulation at ¶ XIX(A)(2)(b).)

18.     The scope of the release by all Participating Class Members (i.e., all Class Members other than those who elect not to participate in the Settlement) tracks the scope of Plaintiffs' allegations and claims that could have been asserted arising out of those allegations:

> Upon the Effective Date of the Settlement, each and every Participating Class Member hereby releases, discharges, and agrees to hold harmless Defendant and all of the other Released Parties, and each of them, from any and all Claims [as that term is defined in Section II.G of the Stipulation] that have been asserted, or could have been asserted, up through and including the last day of the Class Period based upon the facts or allegations pled in any of the Complaints filed in the Lawsuits ("Claims Released By Participating Class Members").

(Stipulation at ¶ XXII(B).)  The full text of the release for Participating Class Members is set forth in Section XXII(B) of the Stipulation along with its incorporation by reference of Section II.G of the Stipulation.

19.     Any Class Member who so wishes may object to or comment on the Settlement; or elect not to participate in the Settlement.  Class Members who wish to exclude themselves from the Settlement must mail to the Settlement Administrator, not later than 60 days after the Settlement Administrator mails the Notice, a request to be excluded from the Settlement. (Stipulation at ¶ XI(B).)  Class Members who wish to object to the Settlement must file with the District Court and serve on counsel for the Parties and the settlement administrator, not later than 60 days after the Settlement Administrator mails the Notice, a written comment on or objection

to the Settlement, setting forth the grounds for the comment or objection.  (Stipulation at ¶ XI(C).)  Defendant reserves the right to void the Settlement if 10% or more of the Class Members elect not to participate in the Settlement.  (Stipulation at ¶ XII.)

20.     By a separate motion, Plaintiffs and their counsel will seek, and Defendant has agreed not to oppose, Class Representative enhancements for the four Plaintiffs in amounts not to exceed $12,000.00 each in compensation for their services as the Class Representatives. (Stipulation at ¶ VI.)  In addition, the motion will request approval of attorney's fees in an amount not to exceed One Million Four Hundred Forty Thousand Dollars ($1,440,000), which will be at most approximately 40% of the Cash Settlement Payment and 7.75% of the Total Settlement Value, and an award of litigation costs and expenses not to exceed Ninety Thousand Dollars ($90,000).  (Stipulation at ¶ VI.)

21.     Defendant shall pay the Cash Settlement Payment to the Settlement Administrator within thirty (30) days of the Effective Date of the Settlement.  (Stipulation at ¶ XVIII.)  The Settlement Administrator will distribute the Cash Payment Amount within thirty (30) days after receiving it.  (Stipulation at ¶ XIX(B).)

22.     The Parties scheduled a private mediation to take place before Steve Pearl, a highly respected and experienced mediator of employment class actions in California.  Prior to mediation, the Plaintiffs engaged in extensive investigation, and Class Counsel received, among numerous other items, time records and payroll information for the members of the Class.  Class Counsel analyzed the data with the assistance of damages expert DM&A and prepared and submitted a mediation brief to Mediator Pearl.  As a result, the Parties reached an agreement based upon the experience of the Parties' attorneys as counsel in other wage and hour cases and also in light of the uncertainties of protracted and expensive litigation.  Most importantly, Plaintiffs and Class Counsel believe that this Settlement is fair, reasonable and adequate.

23.     Class Counsel has conducted a thorough investigation into the facts of the class action, including an extensive review of relevant documents and data, and has diligently pursued an investigation of the Class Members' claims against Defendant.  Based on the foregoing documents and data and their own independent investigation and evaluation, Class Counsel is of the opinion that the Settlement with Defendant for the consideration and on the terms set forth in the Stipulation is fair, reasonable, and adequate and is in the best interest of the Class in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by Defendant, and numerous potential arbitration, certification, trial, and appellate issues.

24.     Plaintiffs and Class Counsel recognize the expense and length of continuing to litigate and trying this Action against Defendant through possible appeals which could take several years or more to resolve.  Class Counsel has also taken into account the uncertain outcome and risk of protracted litigation, especially in complex actions such as this Action. Class Counsel is also mindful of and recognizes the inherent problems of proof under, and alleged defenses to, the claims asserted in the Action.  Based upon their evaluation, Plaintiffs and Class Counsel have determined that the class action Settlement set forth in the Stipulation is in the best interest of the Class Members.

25.     Here, a number of defenses asserted by Defendant presented serious threats to the claims of Plaintiffs and the other Class Members.  For example, Defendant contended that the FLSA settlement in Campbell v. C.R. England, Inc. extinguished the claims of many Class Members.  Defendant also asserted the existence of arbitration agreements containing class action waivers for approximately 98% of the Class (and in fact produced orders from other lawsuits where individual arbitration was compelled).  While Defendant strenuously asserted that it would have been able to compel all of the Plaintiffs' claims to individual arbitration, it also made it clear it would have appealed any ruling by the District Court denying individual

arbitration.  Thus, this Action could have been delayed for years even if Plaintiffs were somehow

able to overcome the fact that they agreed to individually arbitrate their claims.  Furthermore,

there is a significant risk that, if this Action was not settled, Plaintiffs would be unable to obtain

class certification and thereby not recover on behalf of any employees other than themselves.  At

the time of the mediation, Defendant forcefully opposed the propriety of class certification,

arguing that individual issues precluded class certification.  Defendant cited many cases which

found certification inappropriate under analogous facts.   The existence of arbitration agreements

for the vast majority of the absent class members also made class certification problematic.  As

such, class certification in this action would have been hotly disputed and was by no means a

foregone conclusion.

   26. Putting aside the arbitration and certification issues, Plaintiffs also faced

significant challenges on the merits.  Recent Federal regulations by the Secretary of

Transportation, 83 Fed. Reg. 67470 (2018), now provide that the meal and rest break claims

asserted in this Action are preempted under 49 U.S.C. § 31141(c), and numerous courts have so

held, including in other cases litigated by Class Counsel.  *See, e.g., Henry v. Cent. Freight Lines,*

*Inc.*, 2019 WL 2465330, *4(E.D. Cal. June 13, 2019); *Ayala v. U.S. Xpress Enters.*, 2019 WL

1986760, *2-*3(C.D. Cal. May 2, 2019); *Robinson v. Chefs' Warehouse, Inc.*, 2019 WL

4278926, *3-*4 (N.D.Cal. September 10, 2019).  Defendant also argued that Plaintiffs' state law

claims are preempted by the Federal Aviation Administration Authorization Act of 1994

("FAAAA").  With respect to Plaintiffs' Contract-related claims, Defendant maintained that the

driving school tuition expenses its Contract imposed under certain circumstances were lawful

education charges under California law.  *See USS-Posco Industries v. Case*, 244 Cal. App. 4th

197 (Cal. App. 2016) (concluding that training program and expenses nearly identical to those at

issue here did not violate California statutes prohibiting employers from passing on operating

expenses to employees); *Hendrickson v. Octagon Inc.*, 225 F. Supp. 3d 1013, 1027 (N.D. Cal. 2016) (under California law, employer may "recoup the cost of training a former employee if the employee leaves within a specified period of time.")

27.     The stage of the proceedings at which this Settlement was reached also militates in favor of preliminary approval and ultimately, final approval of the Settlement.  Class Counsel has conducted a thorough investigation into the facts of the class action.  Class Counsel began investigating the Class Members' claims well before this Action was filed in early 2016.  Class Counsel also obtained production of extensive employment and payroll records along with other documentation.  Class Counsel engaged in an extensive review and analysis of the relevant documents and data with the assistance of experts.  Class Counsel is experienced in handling wage and hour class actions on behalf of truck drivers.  In fact, one of the firms involved as Class Counsel was also lead counsel in the *Jasper* action referenced above (which settlement the Central District of California had no reservations approving).  Class Counsel have also collectively litigated at least twelve other wage and hour class actions on behalf of drivers against trucking companies.  Accordingly, Class Counsel is very familiar with the trucking industry in general and Defendant in particular, and the agreement to settle did not occur until Class Counsel possessed sufficient information to make an informed judgment regarding the likelihood of success on the merits and the results that could be obtained through further litigation.

28.     Based on the foregoing data and their own independent investigation and evaluation, Class Counsel is of the opinion that the Settlement with Defendant for the consideration and on the terms set forth in the Stipulation is fair, reasonable, and adequate and is in the best interest of the Class in light of all known facts and circumstances, including the risk of significant delay, many defenses asserted by Defendant, and numerous potential liability and

appellate issues.  Defendant and Defendant's counsel also agree that the Settlement is fair and

reasonable.  There can be no doubt that Counsel for both Parties, but most importantly counsel

for Plaintiffs, possessed sufficient information to make an informed judgment regarding the

likelihood of success on the merits and the results that could be obtained through further

litigation.  Class Counsel also conducted significant investigation and due diligence to confirm

the accuracy of the information supplied by Defendant.  The stage of the proceedings factor thus

weighs in favor of granting preliminary approval.

    29.    This Court should conditionally certify a class for settlement purposes that

consists of "all current and former truck drivers employed by Defendant in the State of

California during the Class Period […].  The Class thus includes employee truck drivers of every

kind who worked for Defendant in the State of California during the Class Period, including, but

not limited to, drivers, truck drivers, truck workers, industrial truck workers, industrial truck

drivers, Phase I drivers, Phase II drivers, driver trainees, student drivers, and/or any other similar

job designation or description that involved driving a truck for Defendant."  (Stipulation at ¶

II(H).)  The Class Period is March 12, 2014 and continuing up through sixty (60) days after the

Stipulation was signed by all Parties or the Preliminary Approval Date, whichever date is earlier.

(Stipulation at ¶ II(L).)

    A.    **Numerosity:**  Here, the Settlement Class is composed of more than

12,600 Class Members, which is sufficiently numerous for settlement purposes.

    B.    **Commonality:**  Here, common questions of law and fact, as alleged by

Plaintiffs, are present, including, among other things, the following issues: (a) Whether

Defendant failed to pay Class Members minimum wages; (b) Whether Defendant failed to pay

Class Members any overtime wages; (c) Whether Defendant failed to provide accurate, itemized

wage statements to the Class Members; (d) Whether Defendant failed to maintain accurate,

itemized wage statements for the Class Members; (e) Whether Defendant failed to reimburse

Class Members for required business expenses; (f) Whether Defendant took any unlawful

deductions from Class Members; (g) Whether Defendant failed to provide off-duty meal and rest periods; (h) Whether Defendant failed to timely pay all wages owed to Class Members upon termination of their employment; (i) Whether Defendant failed to timely pay all wages owed to Class Members each pay period; (j) Whether Defendant followed a consistent policy and practice of allegedly imposing unlawful wage deductions and payment of expenses by, *inter alia*: requiring Class Members to pay out of their own pockets for the Premier Truck Driving School; requiring Class Members to purportedly patronize Defendant's own for-profit training and finance program; and deducting from wages for training costs, alleged "liquidated damages," usurious interest rates, and other sums supposedly owed to Defendant; (k) Whether Defendant made false representations to Class Members that the actual out-of-pocket cost to Defendant for its training was in excess of $5,000, that full-time work would be "guaranteed" by Defendant for at least the mandated nine-month term of employment, that during this "guaranteed" employment period their employment would not be terminable "at will" on the same basis as other Defendant employees, but rather would be terminable only for demonstrated "good cause", and that Defendant would fully pay the cost of training on their behalf and thereby cause the Promissory Note to be satisfied and discharged upon completion of their nine-month term of employment; (l) Whether Defendant violated California's unfair competition law; (m) Whether Defendant charged usury interest rates in excess of 18% to Class Members pursuant to the terms of Promissory Notes which were allegedly required to obtain employment with Defendant.

      C.    **Typicality:**  In the instant case, there can be little doubt that the typicality requirement is fully satisfied.  Here, Plaintiffs are members of the proposed Settlement Class; i.e., each was employed by Defendant as a truck driver in California at some time during the Class Period.  (Declaration of Gradie ¶ 3; Declaration of Harper at ¶ 2; Declaration of Mitchell at ¶ 2; Declaration of Stevenson at ¶ 2.)  Plaintiffs, like all other class members, were subject to Defendant's compensation system and other wage and hour practices, which they allege deprived them of legally-required meal and rest breaks and of legally-required minimum, regular and overtime wages.  (Declaration of Gradie ¶ 3; Declaration of Harper at ¶¶ 3, 5; Declaration of

Mitchell at ¶¶ 3, 5; Declaration of Stevenson at ¶¶ 3, 5.)  Finally, Plaintiffs attended the Premier driving school, entered into Driver Education and Employment Contracts (or similar tuition-related agreements) with Defendant, and Plaintiff Gradie was assessed the allegedly improper liquidated damages and interest upon termination of his Contract.  (Declaration of Gradie at ¶¶ 2-4.)  Thus, the claims of both Plaintiffs and the members of the Class arise from the same course of conduct by Defendant, involve the same issues, and are based on the same legal theories.

          D.    **Adequacy**:  Plaintiffs have provided adequate representation of the interests of the Class, including with respect to ensuring that: (1) they and their counsel do not have any conflicts of interest with other Class Members and (2) they and their counsel will vigorously prosecute this Action on behalf of the class.  *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187-88 (10th Cir. 2002).  These requirements are met here for the following reasons.  First, neither Plaintiffs nor their counsel have any conflicts of interests with other Class Members.  Both Plaintiffs and putative class members seek monetary relief under the same set of facts and legal theories.  They have a shared interest in ensuring that they are provided with legally-required meal and rest periods, that they are paid all wages they are owed for all hours they have worked and that any Contracts they signed were lawful.  They also have a shared interest in ensuring that they do not bear any expenses that are legally required to be borne by their employer or that they are forced to pay allegedly improper liquidated damages or interest to Defendant. Second, Plaintiffs and their counsel vigorously prosecuted this Action on behalf of the Settlement Class.  Plaintiffs are well aware of their duties as the representatives of the Class and have actively participated in the prosecution of this case to date.  Plaintiffs effectively communicated with Class Counsel, providing documents to Class Counsel, and participated extensively in the investigation of the Action.  The personal involvement of the Plaintiffs was essential to the prosecution of the Action and the Settlement reached.  Plaintiffs also retained competent counsel with extensive experience in class actions.  Third, there is no antagonism between the interests of Plaintiffs and those of the Class.  Both Plaintiffs and the Class Members seek monetary relief under the same set of facts and legal theories.

E.    **Predominance**:  Here, the adjudication of the common issues surrounding Defendant's uniform and systematic employment policies and other alleged misconduct could establish Defendant's liability on a class-wide basis.  For example, Plaintiffs contend that Defendant engaged in a uniform course of failing to pay legally required wages and failed to properly provide meal and rest periods as required by California law, which resulted in a systematic failure to provide compensation as required by California law and that Defendant's policies with respect to these issues are uniform.  (Declaration of Gradie at ¶ 3; Harper at ¶ 4; Declaration of Mitchell at ¶ 4; Declaration of Stevenson at ¶ 4.)  The only question is whether Defendant's conduct supports a meritorious claim for liability.  Such suits challenging the legality of a standardized course of conduct are generally appropriate for resolution by means of a class action.  *See, e.g., Menocal v. GEO Grp., Inc*., 882 F.3d 905, 925 (10th Cir. 2018).  In *Menocal*, the Tenth Circuit reiterated that certification "requires only a single question of law of fact common to the entire class."  *Id*., at 914.  Accordingly, Plaintiffs maintain that the common issues of law and fact present in this case predominate.

F.    **Superiority:**  Here, a class action is the superior mechanism for the settlement of the claims as pled by Plaintiffs and the distribution of the funds to the Class.

30.    Over the course of the litigation, a number of attorneys in my firm have worked on this matter.  Their credentials are reflected in the Blumenthal Nordrehaug Bhowmik De Blouw LLP firm resume, a true and correct copy of which is attached hereto as Exhibit #2.  Some of the major cases our firm has undertaken are also set forth in Exhibit #2.  The bulk of the attorneys involved in this matter at Blumenthal Nordrehaug Bhowmik De Blouw LLP have had extensive litigation experience, much of it in the area of wage and hour class actions, unfair business practices and other complex litigation.  The attorneys at my firm also have extensive experience in cases involving Labor Code violations and other wage and hour claims.  My firm has been approved as qualified class counsel in state and federal courts throughout California.  We have litigated similar cases against other employers, including several class actions on behalf of truck driver employees alleging claims similar to the claims in this case.  It is this level of

experience which enabled me and my firm to undertake the instant matter and to successfully combat the resources of the Defendant and their capable and experienced counsel.

31.     The Parties have agreed upon procedures by which the Class will be provided with written notice of the Settlement similar to that approved and utilized in hundreds of other class action settlements.  The Parties have agreed to a Class Notice, attached to the Stipulation as Exhibit "A", which is hereby submitted to the District Court for review and approval.  The Class Notice includes information regarding the nature of the litigation; a summary of the substance of the Settlement, including Defendant's denial of liability; the definition of the Class; the procedure and time period for objecting to the Settlement and participating in the Final Approval hearing; a statement that the District Court has preliminarily approved the Settlement; and information regarding the settlement procedures.  This notice program was designed to meaningfully reach the largest possible number of potential Class Members.  The mailing and distribution of the Class Notice satisfies the requirements of due process and is the best notice practicable under the circumstances and constitutes due and sufficient notice to all persons entitled thereto.

I declare under penalty of perjury under the laws of the United States and the State of Utah that the foregoing is true and correct.  Executed this 24th day of February, 2020, at San Diego, California.

 /s/ Kyle Nordrehaug
Kyle Nordrehaug

**<u>EXHIBIT #1</u>**

1  **THE VAN VLECK LAW FIRM**
BRIAN VAN VLECK
2  (admitted *pro hac vice*)
5757 Wilshire Blvd, Ste. 535
3  Los Angeles, California 90036
Telephone: 323-920-0250
4  Facsimile: 858-551-1232

5  **BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
6  KYLE R. NORDREHAUG
(admitted *pro hac vice*)
7  kyle@bamlawca.com
2255 Calle Clara
8  La Jolla, California 92037
Telephone: 858-551-1223
9  Facsimile: 858-551-1232

10  Attorneys for Plaintiffs and the Class

11  **NOSSAMAN LLP**
DREW R. HANSEN
12  (admitted *pro hac vice*)
13  dhansen@nossaman.com
18101 Von Karman Ave. Suite 1800
14  Irvine, California 92612
Telephone: (949) 833-7800
15

16  Attorneys for Defendant
C.R. ENGLAND, INC.

17

18  **UNITED STATES DISTRICT COURT**

19  **FOR THE DISTRICT OF UTAH**

20  WILLIAM H. GRADIE, MILTON
HARPER, RONNIE STEVENSON,
21  AND JONATHAN MITCHELL,
individuals, on behalf of themselves,
22  and on behalf of all persons similarly
situated,
23
         Plaintiffs,
24
         vs.
25
C.R. ENGLAND, INC., a
26  Corporation; and DOES 1-50,
inclusive,
27
         Defendant.
28

**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS**

Lead Case No. 2:16-cv-00768-DN
Member Case No. 2:16-cv-01015-DN

1                                  Case No. 2:16-cv-00786

1    Subject to its terms and conditions and the approval of the Court, this Joint

2  Stipulation of Class Settlement and Release of Claims (the "Stipulation" or

3  "Settlement") is made and entered into by and among Plaintiffs William H. Gradie,

4  Milton Harper, Ronnie Stevenson, and Jonathan Mitchell ("Plaintiffs" or "Class

5  Representatives"), in their individual capacities and on behalf of the putative class

6  as defined below, on the one hand, and Defendant C.R. England, Inc.

7  ("Defendant"), on the other hand.  Plaintiffs and Defendant are jointly referred to

8  in this Stipulation as the "Parties."  This Stipulation is subject to the approval of

9  the Court and is made for the sole purpose of consummating the settlement of this

10  Action on a class-wide basis subject to the following terms and conditions.[1]  As

11  detailed below, in the event the Court does not enter an order granting final

12  approval of the Settlement or the conditions precedent are not met for any reason,

13  this Stipulation shall be null and void and shall be of no force or effect whatsoever

14  in any proceeding of any kind.

15  **I.        TERMS OF STIPULATION AND AGREEMENT OF**

16  **           SETTLEMENT**

17    NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by

18  and among the proposed Class Representatives William H. Gradie, Milton Harper,

19  Ronnie Stevenson, and Jonathan Mitchell (for themselves individually and on

20  behalf of all of the Participating Class Members), and Defendant, with the

21  assistance of their respective counsel, that, as among the Settling Parties, the

22  Action, the Plaintiffs' Released Claims, the Claims Released By Participating Class

23  Members, and Class Counsel's Released Claims (as these capitalized terms are

24  defined below) shall be finally and fully compromised, settled, and released, and

25  the Action shall be dismissed with prejudice, as to all Settling Parties (including

26  the Plaintiffs and Participating Class Members), upon and subject to the terms and

27  _____

[1] The settlement of this Action shall also dispose of the Harper Lawsuit and
28  Declaratory Relief Action as discussed in more detail below.

1  conditions of this Stipulation.

2  **II.          DEFINITIONS**

3        As used in this Stipulation, the following terms shall have the meanings

4  specified below.  To the extent terms or phrases used in this Stipulation are not

5  specifically defined below, but are defined elsewhere in this Stipulation, they are

6  incorporated by reference into this definition section.

7        A.      "Action" means the putative class action captioned *William H. Gradie*

8  *et al. vs. C.R. England, Inc.,* Case No. 2:12-cv-00786-DN, now pending in the

9  United States District Court for the District of Utah.  The Action was originally

10  filed in the Superior Court of the State of California for the County of Los Angeles

11  as Case No. BC617647 on April 20, 2016, timely removed to the United States

12  District Court for the Central District of California by Defendant on May 20, 2016,

13  and transferred to United States District Court for the District of Utah on July 7,

14  2016 pursuant to a mandatory forum selection clause agreed to by the named

15  plaintiff.  On November 25, 2019, a First Amended Complaint was filed in the

16  Action.

17        B.      "Harper Lawsuit" means the putative class action captioned *Milton*

18  *Harper, Ronnie Stevenson, and Jonathan Mitchell v. C.R. England, Inc*., Case No.

19  2:16-cv-906-RJS-CMR (D. Utah).  The Harper Lawsuit was originally filed in San

20  Bernardino County Superior Court as Case No. CIVDS1401299, timely removed to

21  the Central District of California by Defendant, and promptly transferred to United

22  States District Court for the District of Utah pursuant to mandatory forum selection

23  clauses agreed to by the named plaintiffs.

24        C.      "Declaratory Relief Action" means the declaratory relief action

25  captioned *William Gradie v. C.R. England, Inc.*, Case No. 2:16-cv-001015-DN (D.

26  Utah).

27        D.      "Lawsuits" refers to the following three cases: (1) the Action, (2) the

28  Harper Lawsuit, and (3) the Declaratory Relief Action.

E.     "Settlement Administrator" means the third-party claims administration firm jointly selected by the Parties (e.g., KCC Class Action Services) and approved by the Court.

F.     "CAFA Notice" shall mean the notice of this Stipulation required to be sent by Defendant to the appropriate federal and state agencies as required by 28 U.S.C. § 1715(b).

G.     "Claims" means all state and federal claims, causes of action, and forms of relief that have been asserted, or that could have been asserted, based on or arising from the facts or allegations alleged in any of the Complaints in the Lawsuits, whether in an individual, class, collective, or representative capacity, including, but not necessarily limited to, all claims, causes of action, and relief alleged or that could have been alleged based on or arising out of the facts or allegations set forth in the operative First Amended Complaint in the Action.  The Claims thus include, but are not limited to, all claims, causes of action, and associated relief regarding minimum wages, regular and straight time wages, overtime wages, hourly wages, piece-rate wages, wages for all time worked, wages for all miles driven, wages for both driving and non-driving time, wages for rest and recovery periods and all other non-productive time, and all other forms of wages and compensation of any kind whatsoever, off-the-clock work, payment of all wages owed each pay period, payment of all wages owed upon termination or cessation of employment, meal periods, rest periods, wage statements, pay records, employment and personnel records, business expenses of every kind (e.g., cell phones), deductions of every kind (e.g., charges associated with any Class Members' attendance at the Premier Truck Driving School or third party school), waiting time penalties, civil penalties, any other penalties, premium compensation, misrepresentation, misclassification (i.e., exempt v. non-exempt), fraud, usury, interest, damages, liquidated damages, statutory damages, punitive damages, restitution, disgorgement, injunctive and declaratory relief, and attorneys' fees and

costs, as well as claims under the California Private Attorneys General Act of 2004 ("PAGA") and under the California Business & Professions Code §§ 16600 and 17200 *et seq.*, and any other claims, causes of action, relief or remedies that were asserted or that could have been asserted, based upon or arising out of the facts and allegations actually pleaded in the First Amended Complaint in the Action. Without in any way limiting the nature of the foregoing, the Claims include all claims not known or suspected to exist, against Defendant under state, federal or local wage and hour laws or regulations, including all of the statutes, regulations, rules, and wage orders expressly referenced in the First Amended Complaint in the Action along with any additional statutes, regulations, rules, and Industrial Welfare Commission wage orders that could have been asserted arising out of the facts and allegations actually pleaded in any of the Complaints in the Lawsuits, including, but not limited to, claims based, in whole or in part, on California Labor Code §§ 200 through 204, 204b, 204.2, 206, 206.5, 208, 210, 212, 216, 218, 218.5, 218.6, 221 through 224, 225.5, 226, 226.2, 226.3, 226.6, 226.7, 229, 256, 432, 432.5, 450, 451, 510, 512, 551, 552, 558, 970, 971, 972, 1174, 1174.5, 1175, 1182.11, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199, 2800, 2802 through 2804, 2810.5, 2698 *et seq.*, and 2699, Wage Order No. 9-2001 as well as any prior iteration or version of that wage order, California Civil Code §§ 1912 *et. seq.*, 3287, and 3289, California Code of Civil Procedure § 1021.5, California Business & Professions Code Sections §§ 16600 and 17200 *et seq.*, title 8 of the California Code of Regulations § 11090, and claims arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.

   H.    "Class" means all truck drivers employed by Defendant in the State of California during the Class Period (defined in Paragraph L below).  The Class thus includes employee truck drivers of every kind who worked for Defendant in the State of California during the Class Period, including, but not limited to, drivers, truck drivers, truck workers, industrial truck workers, industrial truck drivers,

1   Phase I drivers, Phase II drivers, driver trainees, student drivers, and/or any other

2   similar job designation or description that involved driving a truck for Defendant.

3       I.      "Class Counsel" means the law firms of Blumenthal Nordrehaug

4   Bhowmik De Blouw LLP and The Van Vleck Law Firm.

5       J.      "Class Member" means a member of the Class, including Plaintiffs

6   and all absent class members.

7       K.      "Class Notice" means the notice of the settlement contemplated by

8   this Stipulation of the Fairness Hearing that is to be sent to Class Members after

9   the Court grants preliminary approval of the Settlement, substantially in the form

10  attached to this Stipulation as Exhibit A.

11      L.      "Class Period" means the period of time beginning on and including

12  March 12, 2014 and continuing up through sixty (60) days after this Stipulation is

13  signed by all Parties or the Preliminary Approval Date, whichever date is earlier.[2]

14      M.      "Class Representatives" means William H. Gradie, Milton Harper,

15  Ronnie Stevenson, and Jonathan Mitchell, who are the named Plaintiffs and

16  proposed Class Representatives in this Action.

17      N.      "Complaints" shall collectively mean all of complaints filed in the

18  three Lawsuits, which includes the following: (1) the original Complaint filed in

19  the Action on April 20, 2016, (2) the operative First Amended Complaint filed in

20  the Action on November 25, 2019, (3) the original complaint filed in the Harper

21  Lawsuit on February 1, 2016, (4) the first amended complaint filed in the Harper

22  Lawsuit on April 12, 2016, (5) the second amended complaint filed in the Harper

23  Lawsuit on July 11, 2016, and (6) the original complaint filed in the Declaratory

24  Relief Action on September 29, 2016.

25      O.      "Counsel for Defendant" means the law firms of Nossaman LLP and

26  _____

27  [2] The Class Period only goes back to March 12, 2014 because the claims of Class
    Members prior to that date are barred by a previous class action settlement that
    Defendant entered into with its California truck driver employees in a case entitled

28  *Jasper et al. v. C.R. England, Inc. et al.*, Central District of California Case
    No. 2:08-CV-05266 GW-CW.

Ray, Quinney & Nebeker PC.

P.    "Court" means the United States District Court for the District of Utah.

Q.    "Day" or "days" means calendar days unless specifically stated otherwise in this Stipulation.

R.    "Defendant" shall mean C.R. England, Inc.

S.    "Effective Date of the Settlement" shall be when the Settlement is considered Final.  For purposes of the Settlement, "Final" means (i) in the event there are no objectors to the Settlement, sixty-five (65) days after the Court issues an order finally approving the Settlement; or, (ii) in the event that one or more timely objections has/have been filed and not withdrawn, then upon the passage of the applicable date for an objector to seek appellate review of the District Court's order of final approval of the Settlement, without a timely appeal having been filed; or, (iii) in the event that a timely appeal of the Court's order of final approval has been filed, then the Settlement shall be final when the applicable court has rendered a final decision or opinion affirming the Court's final approval without material modification, and the applicable date for seeking further appellate review has passed, or the date that any such appeal has been either dismissed or withdrawn by the appellant.  Defendant will fund the settlement within thirty (30) days of the Final date.

T.    "Election Not to Participate in Settlement" means the written and signed request by a Class Member through which a Class Member may elect to exclude himself or herself from the Settlement.

U.    "Fairness Hearing" means the hearing to be scheduled by the Court in the Action to consider the Parties' joint motion for entry of the Final Approval Order, Plaintiffs' motion for the Plaintiffs' Service Payment, Class Counsel's motion for attorneys' fees and costs, and any timely-filed objections by Class Members to any of the foregoing.

V.     "Final Approval Order" means the Court's order granting final approval of the Settlement in the Action, which will constitute a "judgment" within the meaning of Federal Rule of Civil Procedure 58(a), substantially in the form attached to this Stipulation as <u>Exhibit C</u>.

W.     "Notice Materials" means the Class Notice substantially in the form attached to this Stipulation as <u>Exhibit A</u>.

X.     "Participating Class Member" means a Class Member who does not timely submit a valid Election Not to Participate in Settlement.

Y.     "Parties" shall mean Plaintiffs and Defendant.

Z.     "Plaintiffs" mean William H. Gradie, Milton Harper, Ronnie Stevenson, and Jonathan Mitchell, who are the named Plaintiffs in the Action and the Class Representatives.

AA.   "Plaintiffs' Service Payment" means the service payment to be requested from the Court in the Action and, if awarded, paid to the Plaintiffs out of the QSF as compensation for their service to the Class, the risks incurred and their execution of a general release.

BB.   "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order in the Action.

CC.   "Preliminary Approval Order" means the Court's order granting preliminary approval of the Settlement, ordering the mailing of the Notice Materials and scheduling the Fairness Hearing, substantially in the form attached to this Stipulation as <u>Exhibit B</u>.

DD.   "Qualified Settlement Fund" or "QSF" means the qualified settlement fund set up by the Settlement Administrator for the Cash Settlement Payment.

EE.   "Claims Released By Participating Class Members" shall mean the Claims and all rights under the California Civil Code section 1542 ("Section 1542") related to those Claims from the beginning date of the Class Period up through the end date of the Class Period, as discussed in more detail in Section

XXII.B below.  The Claims Released By Participating Class Members covers the period of time during the Class Period, including the first date and last date thereof and every date in between.

FF.  "Released Parties" shall mean C.R. England, Inc. and its parent companies, subsidiaries, divisions and other affiliated or related entities, past and present, as well as all of the aforementioned entities' (including, but not limited to Defendant's) employees, officers, directors, agents, attorneys, insurers, partners, shareholders, owners, representatives, joint venturers, and successors and assigns of each.

GG.  "Settlement" shall mean the Settlement between the Parties, which is memorialized in this Stipulation.

HH.  "Cash Settlement Payment" means the all in non-reversionary payment by Defendant of Three Million Six Hundred Thousand Dollars and No Cents ($3,600,000.00) to fund the QSF pursuant to this Stipulation.  Aside from the Debt Forgiveness described in Section II.LL below, the Cash Settlement Payment will be the sole source and total payment by Defendant, under this Stipulation, to resolve all Claims asserted in this Action and other Lawsuits, as well as any claims arising out of the same facts, allegations, transactions or occurrence occurring during the Class Period, including employee tax withholdings and the employer's share of payroll taxes on that portion of the Cash Settlement Payment designated as wages.  This is not a "claims made" or "reversionary" Settlement, meaning no amount of the QSF shall revert to Defendant for any reason so long as the Settlement is approved and it becomes completely Final.  In addition, Participating Class Members will not need to submit a claim form to recover under this Settlement.  The QSF shall include all payments involved in effectuating the Settlement, including but not limited to: all Service Payments to the four named Plaintiffs, all attorneys' fees, costs and expenses of Class Counsel awarded by the Court, including all such fees and costs incurred in documenting the Settlement,

and obtaining a dismissal of both the Action and Declaratory Relief Action with prejudice (and a dismissal of the Harper Lawsuit without prejudice); all employee and employer tax withholdings; all payments allocated to the Labor and Workforce Development Agency ("LWDA") in connection with PAGA; and all costs of settlement administration, in the amounts approved by the Court. The remaining amount, which is all payments to Participating Class Members, is the "Net QSF."

II. "Cash Settlement Share" means each Participating Class Member's allocated share of the Net QSF as described in Section XIX below.

JJ. "Settling Parties" means the Released Parties (as defined above in Section II.FF) and the Class Representatives on behalf of themselves and all other Participating Class Members.

KK. "Stipulation" shall mean this Joint Stipulation of Class Action Settlement and Release of Claims, including Exhibits A, B, and C.

LL. "Forgiven Debt" or "Debt Forgiveness" means the amounts claimed to be owed to Defendant by Participating Class Members on account of liquidated damages (set at exactly $2,500) and interest under a Driver Education and Employment Contract, related tuition agreement, or related promissory note. The value of the Debt Forgiveness equals at least Fifteen Million Dollars and No Cents ($15,000,000.00) as set forth in Section XX below.

MM. "Total Settlement Value" means the combined value of the Cash Settlement Payment and the Forgiven Debt. The Total Settlement Value equals in excess of Eighteen Million Six Hundred Thousand Dollars and No Cents ($18,600,000.00) in cash and non-cash consideration.

**III.      RECITALS**

A. Plaintiff William H. Gradie attended Defendant's Premier Truck Driving School ("Premier") in August 2015. He financed his Premier tuition through a loan from Defendant and entered into a Driver Education and Employment Contract with Defendant in which he agreed, among other things, to

1  work as a truck driver exclusively for Defendant for nine months after obtaining

2  his commercial driver's license ("CDL") and Defendant agreed, among other

3  things, to pay any amounts owing on his tuition loan when he completed the nine-

4  month term of the Driver Education and Employment Contract.  After Plaintiff

5  Gradie graduated from Premier and obtained his CDL in August 2015, he was

6  employed as a truck driver by Defendant for less than one month (i.e., from August

7  20, 2015 through September 2, 2015).

8       B.    On April 20, 2016, Plaintiff Gradie filed the original complaint in this

9  Action in the Superior Court of the State of California for the County of Los

10  Angeles, on behalf of himself and a putative class.  On May 20, 2016, Defendant

11  removed the Action to the United States District Court for the Central District of

12  California. On July 7, 2016, the Action was transferred to the District of Utah

13  pursuant to a stipulation approved by the court that was entered into between

14  Plaintiff Gradie and Defendant.

15       C.    Plaintiff Milton Harper attended Premier in November 2012.  He

16  financed his Premier tuition through a loan from a lender and entered into a loan

17  addendum providing that the lender would undertake no efforts to collect the

18  amounts he owed to the lender during the first six months after he obtained his

19  CDL provided that he was employed by Defendant during that period and that

20  Defendant would pay the lender the full amount of what he owed to the lender

21  upon his completion of six months of employment with Defendant.  After Mr.

22  Harper graduated from Premier and obtained his CDL in December 2012, he was

23  employed as a truck driver by Defendant from December 6, 2012 through February

24  20, 2017.

25       D.    Plaintiff Ronnie Stevenson attended Premier in September 2013.  He

26  financed his Premier tuition through a loan from a lender and entered into a loan

27  addendum providing that the lender would undertake no efforts to collect the

28  amounts he owed to the lender during the first nine months after he obtained his

1   CDL provided that he was employed by Defendant during that period and that

2   Defendant would pay the lender the full amount of what he owed to the lender

3   upon his completion of nine months of employment with Defendant.  After

4   Plaintiff Stevenson graduated from Premier and obtained his CDL in October 2013,

5   he was employed as a truck driver by Defendant from October 2, 2013 through

6   November 2014.  He resigned his employment with Defendant in November 2014,

7   but was rehired in March 2015 and was employed as a truck driver by Defendant

8   from March 26, 2015 through June 13, 2016.

9        E.     Plaintiff Jonathan Mitchell attended Premier in June 2013.  He

10  financed his Premier tuition through a loan from a lender and entered into a loan

11  addendum providing that the lender would undertake no efforts to collect the

12  amounts he owed to the lender during the first nine months after he obtained his

13  CDL provided that he was employed by Defendant during that period and that

14  Defendant would pay the lender the full amount of what he owed to the lender

15  upon his completion of nine months of employment with Defendant.  After

16  Plaintiff Mitchell graduated from Premier and obtained his CDL in July 2013, he

17  was employed as a truck driver by Defendant from July 11, 2013 through

18  September 1, 2017.

19       F.     On February 1, 2016, Plaintiff Harper filed a lawsuit against

20  Defendant in the Superior Court of the State of California for the County of San

21  Bernardino on behalf of himself and a putative class (i.e., the Harper Lawsuit).  On

22  April 12, 2016, Harper filed an amended complaint in the Harper Lawsuit, adding

23  Plaintiffs Stevenson and Mitchell as named plaintiffs.  On July 11, 2016, Plaintiffs

24  Harper, Stevenson and Mitchell filed a second amended complaint in the Harper

25  Lawsuit.  On August 24, 2016, Defendant removed the Harper Lawsuit to the

26  United States District Court for the Central District of California.  On August 26,

27  2016, the Harper Lawsuit was transferred to the District of Utah pursuant to a

28  stipulation approved by the court that was entered into between the three named

1   plaintiffs and Defendant.  On December 20, 2019, as a material condition of this

2   Settlement, Plaintiffs Harper, Stevenson and Mitchell dismissed the Harper

3   Lawsuit without prejudice.

4       G.     On September 29, 2016, Plaintiff Gradie filed the Declaratory Relief

5   Action against Defendant. The Declaratory Relief Action was subsequently

6   deemed related to this Action.

7       H.     On November 25, 2019, Plaintiffs filed a First Amended Complaint in

8   this Action, adding Plaintiffs Harper, Stevenson and Mitchell as named Plaintiffs

9   and all claims asserted in the Harper Lawsuit.  In their First Amended Complaint in

10  this Action, Plaintiffs assert, among other things, the following claims against

11  Defendant: (1) unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200

12  *et seq.*; (2) failure to pay minimum wages under the California Labor Code,

13  applicable Wage Orders, and corresponding regulations; (3) failure to pay regular

14  wages, straight time wages, and overtime wages under the California Labor Code,

15  applicable Wage Orders, and corresponding regulations; (4) failure to provide

16  accurate itemized wage statements; (5) failure to maintain copies of accurate

17  itemized wage statements; (6) failure to reimburse for all business-related expenses

18  under the California Labor Code; (7) unlawful deductions in violation of the

19  California Labor Code; (8) failure to provide meal periods as required under the

20  California Labor Code, applicable Wage Orders, and corresponding regulations;

21  (9) failure to provide rest periods as required under the California Labor Code,

22  applicable Wage Orders, and corresponding regulations; (10) failure to timely pay

23  wages due in violation of California Labor Code §§ 201-203 *et seq.*; (11) failure to

24  pay all wages owed on regularly scheduled paydays in violation of California

25  Labor Code §§ 204 *et seq.*; (12) misrepresentation in violation of California Labor

26  Code §§ 970 through  972 *et seq.*; (13) usury, and; (14) failure to comply with the

27  Private Attorneys' General Act of 2004 (i.e., California Labor Code § 2698 *et*

28  *seq.*).  Plaintiffs' First Amended Complaint seeks, *inter alia*, unpaid wages of all

types, damages, penalties, civil penalties, liquidated damages, statutory damages, punitive damages, restitution, reimbursement, interest, attorney fees, litigation costs, injunctive relief, declaratory relief, and any other equitable or legal relief allegedly due and owing to Plaintiffs and the other Class Members by virtue of the foregoing claims.

I.      Plaintiffs purport to assert the claims alleged in the First Amended Complaint in this Action on behalf of a class consisting of all current and former truck drivers employed by Defendant in the State of California from March 12, 2014 up through and including sixty (60) days after the effective date of this Stipulation or the Preliminary Approval Date, whichever date is earlier ("Class Period").

J.      On June 13, 2019, the Parties participated in a good-faith, arms-length mediation presided over by Mediator Steve Pearl.  Mediator Pearl continued to negotiate with the parties over the entire day and was ultimately able to reach a settlement between the Parties, the principal terms of which were memorialized by the Parties in a binding Memorandum of Understanding agreed to in principle on June 13, 2019 and fully executed by all Parties on July 15, 2019.  Based on those negotiations and arms-length settlement discussions between the Parties, the Parties agreed to settle the Action and other Lawsuits on the terms and conditions set forth in this Stipulation.

K.      In the course of litigating the Action and other Lawsuits, Defendant provided payroll and employment data and other information regarding the Class Members to Plaintiffs and Class Counsel.  The information provided to Class Counsel by Defendant consisted of gigabytes of data and many thousands of pages of materials.  Defendant also provided Plaintiffs with their entire personnel files, various employee policies, procedures, and manuals, exemplar wage statements, earnings and other compensation materials, information about the Premier Truck Driving School and third party schools, the settlement agreements in two prior

1   wage and hour class actions, multiple arbitration agreements containing class

2   action waivers, various employment contracts, and numerous other documents and

3   information.

4   　　　L.　　Based on that data, and their own independent investigation and

5   evaluation, Class Counsel has thoroughly analyzed the value of the Class

6   Members' claims during the prosecution of this Action and the other Lawsuits.

7   This discovery, investigation, and prosecution has included, among other things:

8   (a) multiple conferences with Plaintiffs' counsel; (b) inspection and analysis of the

9   documents and materials produced by Defendant; (c) analysis of the various legal

10  positions taken and defenses raised by Defendant; (d) investigation into the

11  viability of class treatment of the claims asserted in the Action, including, but not

12  limited to, recent federal court case law denying class certification in a case

13  involving a trucking company; (e) analysis of potential class-wide damages;

14  (f) research of the applicable law with respect to the claims asserted in the

15  Complaints (and in the complaints filed in the Harper Lawsuit and Declaratory

16  Relief Action) and the potential defenses thereto (including, but not limited to, the

17  existence of arbitration agreements prohibiting class actions, preemption defenses,

18  merit-based defenses, etc.); (g) the exchange of information through informal

19  discovery; and (h) assembling data for calculating damages.

20  　　　M.　　The discovery conducted in this matter, as well as discussions between

21  counsel, have been adequate to give the Class Representatives and Class Counsel a

22  sound understanding of the merits of their positions and to evaluate the worth of

23  the claims of the Class Members in light of Defendant's many defenses to them.

24  The discovery conducted in this Action and the Harper Lawsuit and the

25  information exchanged by the Parties through discovery and mediation are

26  sufficient to reliably assess the merits of the respective Parties' positions and to

27  compromise the issues on a fair and equitable basis.  As a result, the Parties hereto

28  agree and represent to the Court that the Settlement is fair and reasonable.

1    N.    Throughout the course of this Action and the Harper Lawsuit, the

2  Parties have engaged in formal and informal settlement discussions.  Specifically,

3  the Parties engaged in mediation before Steve Pearl.  After a full day of

4  negotiations and extensive arms-length bargaining, the Parties reached an

5  agreement in principle to settle the Action and other Lawsuits.

6    O.    The Class Representatives and Class Counsel believe that the claims,

7  causes of action, allegations and contentions asserted in the Action have merit.

8  However, the Class Representatives and Class Counsel recognize and acknowledge

9  the many risks, expense and delay of continued lengthy proceedings necessary to

10 prosecute the Action against Defendant through trial and through appeals.  Class

11 Counsel has taken into account the uncertain outcome and the risk of any litigation,

12 the risk of continued litigation in complex actions such as this, as well as the

13 difficulties and delays inherent in such litigation, and the potential difficulty of

14 maintaining the Action as a class action.  Class Counsel is mindful of the inherent

15 problems of proof under, and possible defenses to, the claims alleged in the Action.

16 Class Counsel believes that the Settlement set forth in this Stipulation confers

17 substantial benefits upon Plaintiffs and the Participating Class Members and that

18 an independent review of this Stipulation by the Court in the approval process will

19 confirm this conclusion.  Based on their own independent investigation and

20 evaluation, Class Counsel have determined that the Settlement set forth in the

21 Stipulation is in the best interests of the Class Representatives and the Class

22 Members.

23    P.    Defendant has denied and continues to deny each and all of the claims

24 and contentions alleged by Plaintiffs and all putative class members in the Action

25 and other Lawsuits.  Defendant has expressly denied and continues to deny all

26 charges of wrongdoing or liability against it arising out of any of the conduct,

27 statements, acts or omissions alleged, or that could have been alleged, in the Action

28 or other Lawsuits.  Defendant contends that it complied in good faith with

California wage and hour employment laws, did not misrepresent anything, and never charged anyone a usurious interest rate. Defendant further denies that, for any purpose other than settling this Action and other Lawsuits, these claims are appropriate for class, collective, or representative treatment of any kind. Nonetheless, Defendant has concluded that further conduct of the Action or other Lawsuits would be protracted and expensive and that it is desirable for economic reasons that the Action and other Lawsuits be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation in order to limit further expense, inconvenience and distraction, to dispose of burdensome and protracted litigation, and to permit the operation of Defendant's business without further expensive litigation and the distraction and diversion of its personnel with respect to matters at issue in the Action and other Lawsuits. Defendant has also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as the Action. Defendant has, therefore, determined that it is desirable and beneficial to it that the Action and other Lawsuits be settled in the manner and upon the terms and conditions set forth in this Stipulation. The Parties have agreed to the terms set forth herein without in any way acknowledging fault or liability. Therefore, nothing in this Settlement Agreement shall be deemed or used as an admission of liability, fault or wrongdoing by Defendant or as an admission that a class, representative, or collective action should be certified or allowed to go forward, and shall not be used for any purpose other than for settlement purposes and to enforce its terms.

Q.    The Settlement set forth herein intends to achieve the following: (a) entry of an order approving the Settlement and granting the monetary and other relief set forth in this Stipulation to the Plaintiffs and Participating Class Members; (b) entry of judgment and dismissal with prejudice of the Action; (c) entry of judgment and dismissal with prejudice of the Declaratory Relief Action captioned *William Gradie v. C.R. England, Inc.*, Case No. 2:16-cv-001015-DN (D. Utah),

which was consolidated with the Action on or about January 23, 2017; and (d) the release and discharge of Defendant and all other Released Parties, and each of them, from liability for any and all of the released Claims as set forth in more detail in Section XXII below.[3]

R.     Class Counsel and Plaintiffs are of the opinion that the Stipulation is fair, reasonable, and adequate and is in the best interest of the Class in light of, among other things, all known facts and circumstances, including the risk of significant delay, the size of the class, the substantial monetary benefits provided by the Settlement to Plaintiffs and the Participating Class Members, the defenses asserted by Defendant as to both class action certification and the merits of the claims, and potential appellate issues.

S.     It is therefore the mutual desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims raised in the Lawsuits or that could have been asserted in the Lawsuits as more fully set forth herein.  In order to achieve a full and complete release of the Released Parties, the Participating Class Members, by and through the Class Representatives, acknowledge that this Stipulation is intended to include and resolve all Claims that were pled in the Lawsuits as well as those Claims that could have been pled in the Lawsuits based upon the factual allegations of any of the Complaints in the Lawsuits (including, but not limited to, the operative First Amended Complaint in the Action), and as more fully set forth in Section XXII below.

T.     This Stipulation represents a compromise of highly disputed claims. Nothing in this Stipulation is intended to, or may be construed as, an admission by Defendant or any of the other Released Parties that the claims in the Action or other Lawsuits have merit or that any of them has any liability to Plaintiffs or any

_____

[3] In the event it has not been dismissed prior to the execution of this Stipulation, this Settlement also requires the immediate dismissal of the Harper Lawsuit without prejudice.

1   Class Member on those claims or any other claim, which Defendant and the

2   Released Parties deny.  By entering into this Settlement, Defendant and the

3   Released Parties make no admission that they have engaged, or are now engaging,

4   in any unlawful conduct.  The Parties understand and acknowledge that this

5   Stipulation is not an admission of liability and shall not be used or construed as

6   such in any legal or administrative proceeding of any kind.  This Stipulation shall

7   further never be treated as an admission of liability by Defendant or any Released

8   Party for any purpose whatsoever.

9   **IV.      CONDITIONAL CLASS CERTIFICATION AND**

10  **APPOINTMENT OF CLASS COUNSEL AND CLASS**

11  **REPRESENTATIVES**

12      A.     For purposes of this Stipulation and subject to the Court's approval,

13  the Parties hereby stipulate that a Class defined as all truck drivers employed by

14  Defendant in the State of California at any point from March 12, 2014 up through

15  sixty (60) days after this Stipulation is signed by all Parties or the Preliminary

16  Approval Date, whichever date is earlier, may be conditionally certified for

17  settlement purposes only.  If the Court grants preliminary approval of this

18  Settlement, Defendant will prepare a list identifying all Class Members and provide

19  the names and contact information of the individuals to the Settlement

20  Administrator within forty-five (45) days from the Preliminary Approval Date.

21      B.     For purposes of this Stipulation and subject to the Court's approval,

22  the Parties hereby stipulate to the appointment of Class Counsel as counsel for the

23  Class and the effectuation of the Settlement pursuant to this Stipulation.

24      C.     For purposes of this Stipulation and subject to the Court's approval,

25  the Parties hereby stipulate to the appointment of Plaintiffs as the Class

26  Representatives for the Class.

27  **V.       SETTLEMENT CONSIDERATION**

28      A.     The Cash Settlement Payment and the Forgiven Debt shall constitute

adequate consideration for the Settlement and will be made in full and final

settlement of: (a) all claims released by Plaintiffs and the Participating Class

Members as described herein; (b) Class Counsel's claims for attorney fees and

expenses; (c) the Settlement Administrator's expenses; (d) the LWDA payment;

and, (e) any other obligation of Defendant under this Stipulation.

B.      Each Participating Class Member, including Plaintiffs, shall receive a

payment based on a formula calculated in accordance with Section XIX below.

C.      For the purpose of calculating applicable taxes for the payment of the

individual Cash Settlement Shares to each Participating Class Member (including

any payment made to Plaintiffs but excluding Plaintiffs' Service Payment), the

Parties agree for settlement purposes only that the Cash Settlement Shares will be

characterized as 20% alleged wages and 80% alleged non-wages (e.g., interest,

penalties, and reimbursements).  Defendant shall not be separately responsible for

payroll tax payments on any portion of the 1099 aspects of the Cash Settlement

Payment relating to penalties and interest.

D.      Neither the Settlement nor any amounts paid under it will modify any

previously credited hours, days, or weeks of service under any employee benefit

plan, policy or bonus program sponsored by Defendant.  Such amounts will not

form the basis for additional contributions to, benefits under, or any other monetary

entitlement under Defendant's sponsored benefit plans, policies or bonus

programs.  The payments made under the terms of this Stipulation shall not be

applied retroactively, currently, or on a going forward basis, as salary, earnings,

wages, or any other form of compensation for the purposes of any of Defendant's

benefit plan, policy or bonus program.  Defendant retains the right to modify the

language of its benefits plans, policies and bonus programs to effect this intent and

to make clear that any amounts paid pursuant to this Stipulation are not for "weeks

worked," "weeks paid," "weeks of service," or any similar measuring term as

defined by applicable plans, policies and bonus programs for purpose of eligibility,

1   vesting, benefit accrual, or any other purpose, and that additional contributions or

2   benefits are not required by this Stipulation.  Defendant does not consider the Cash

3   Settlement Payment or Debt Forgiveness to be "compensation" for purposes of

4   determining eligibility for, or benefit accrual within, any benefit plans, policies, or

5   bonus programs, or any other plan sponsored by Defendant.

6   **VI.       ATTORNEY FEES, COSTS, AND EXPENSES OF CLASS**

7                    **COUNSEL; PLAINTIFFS' SERVICE PAYMENT**

8          As part of the motion for final approval of the Settlement, Class Counsel

9   may submit an application for an award of attorney fees in an amount not to exceed

10   One Million Four Hundred Forty Thousand Dollars ($1,440,000.00), which will be

11   at most approximately 40% of the Cash Settlement Payment and 7.75% of the Total

12   Settlement Value.  Class Counsel may also submit an application for an award of

13   litigation costs and expenses not to exceed Ninety Thousand Dollars ($90,000.00)

14   as per Class Counsel's billing statement, and Class Representatives' enhancements

15   not to exceed Twelve Thousand Dollars ($12,000.00) for each Class

16   Representative, which shall all be paid out of the Cash Settlement Payment.  As a

17   condition of this Settlement, Class Counsel have agreed to pursue their fees, costs,

18   and expenses only in the manner reflected by this Stipulation, and Defendant

19   agrees that the requested amounts for attorney fees, costs, expenses, and Plaintiffs'

20   Service Payments are reasonable and that it will not oppose such requests in

21   connection with the Settlement.  Any fees, costs, and expenses awarded by the

22   Court to Class Counsel shall be paid to Class Counsel from the QSF and shall not

23   constitute payment to any Participating Class Member, and any amount awarded by

24   the Court to Plaintiffs as a service award shall be paid to the Class Representatives

25   from the QSF.  For purposes of this Settlement, Defendant and its counsel will not

26   oppose an award of attorneys' fees in the amount of no more than One Million

27   Four Hundred Forty Thousand Dollars ($1,440,000.00), and actual costs of up to

28   Ninety Thousand Dollars ($90,000.00) according to proof, in amounts approved by

the Court. The Settlement Administrator will issue to Class Counsel an IRS Form 1099 for their award of attorneys' fees and costs. The awarded attorneys' fees shall be allocated 50% to The Van Vleck Law Firm, LLP and 50% to Blumenthal Nordrehaug Bhowmik De Blouw LLP. The awarded attorney's costs shall be allocated based on the amount incurred by each firm. Any court order awarding less than the amounts set forth in this paragraph to Class Counsel shall not be grounds to cancel the Settlement. Unapproved amounts shall be reallocated among the Class Members who did not timely and validly opt out of this Settlement. Subject to Court approval, the Class Representatives will each receive up to $12,000 in addition to any payment they are otherwise entitled to as Participating Class Members. This Service Payment recognizes the role the Class Representatives have served in creating the QSF and is in exchange for a general release of their individual claims against Defendant, excepting claims for workers compensation benefits, unemployment, insurance, and accrued benefit such as vacation, paid time off, 401k, ERISA, and SDI. Any court order awarding the Class Representatives less than the full amount of the Service Payment shall not be grounds to cancel the Settlement Agreement. Unapproved amounts shall be reallocated among the Class Members who did not timely and validly opt out of this Settlement.

**VII.       SETTLEMENT ADMINISTRATION COSTS AND EXPENSES**

All costs and expenses due the Settlement Administrator in connection with its administration of the Settlement, including, but not limited to, providing the Class Notice and other Notice Materials, locating Class Members, processing Elections Not to Participate in Settlement, and administering and distributing cash settlement payments to the Participating Class Members shall be paid from the QSF.

**VIII.      DUTIES OF THE PARTIES TO SEEK COURT APPROVAL**

A.       As soon as possible after the execution of this Stipulation, and after

first providing a draft to Counsel for Defendant at least seven (7) days before filing, Plaintiffs will file a stipulated or unopposed motion with the Court requesting entry of the Preliminary Approval Order, including the following terms:

1. For settlement purposes only, and without reaching any determination as to the manageability at trial of the Action, conditionally certifying the Class as an opt-out class.

2. Preliminarily approving the settlement as set forth in the Stipulation.

3. Scheduling the Fairness Hearing to consider: (1) whether the settlement as set forth in the Stipulation should be finally approved as fair, reasonable, and adequate as to the Participating Class Members; (2) whether the Court should grant Plaintiffs' unopposed request for the Plaintiffs' Service Payments; (3) whether the Court should grant Class Counsel's unopposed request for attorneys' fees and costs; (4) whether the Court should grant the unopposed request to pay the LWDA $54,000.00 for its 75% portion of the PAGA payment; and (5) whether the Court should grant the request to pay the Settlement Administrator the amount requested.

4. Approving as to form and content the Notice Materials and setting deadlines for submission of Election Not to Participate in Settlement and for the service and filing of objections to the Settlement, and/or the motions for the Plaintiffs' Service Payments as well as attorneys' fees and costs.

5. Appointing a Settlement Administrator to exercise the duties allocated to the Settlement Administrator below.

6. Directing the Settlement Administrator to mail the Notice Materials to the Class Members by first-class mail by the

1    deadline set forth below.

2    B.    Any disagreement among the Parties concerning the final forms of the

3    Notice Materials, or other documents necessary to implement the Stipulation, as

4    well as all other disputes regarding the Stipulation and its implementation, will first

5    be referred to the mediator, Steve Pearl, for resolution if the Parties' good faith

6    efforts to resolve the disagreement have failed.  In the event, the Parties are unable

7    to resolve any disagreements regarding the implementation of the Stipulation with

8    Mr. Pearl, the dispute will be submitted to the Court for resolution.

9    **IX.    CERTIFICATION OF THE CLASS FOR PURPOSES OF**

10    **SETTLEMENT ONLY**

11    A.    The Parties stipulate that the First Amended Complaint that Plaintiffs

12    filed in the Action on November 25, 2019, shall be considered the operative

13    complaint for purposes of this Settlement.  The Parties further stipulate, for

14    settlement purposes only, that the Court may conditionally certify the Class, as

15    defined in this Stipulation, as an opt-out class (the "Class Stipulation").  More

16    specifically, the Parties agree as part of the Class Stipulation that, for settlement

17    purposes only, the requirements of Federal Rule of Civil Procedure 23(b)(3) are

18    satisfied, with the exception of the manageability requirement of Federal Rule of

19    Civil Procedure 23(b)(3), which the Court need not address for purposes of the

20    Settlement.

21    B.    The Class Stipulation is made solely for purposes of the Settlement.

22    The Class Stipulation is in no way an admission that class action certification is

23    proper under the more stringent litigation certification standard that requires a

24    showing of, *inter alia*, manageability or that certification requirements would be

25    established by further discovery, and neither this Stipulation nor the Class

26    Stipulation will be admissible in this or any other action or proceeding as evidence

27    that (i) the claims advanced in the Action or other Lawsuits, or any other class,

28    collective, or representative action claims, should be certified or not decertified, or

(ii) Defendant or any of the Released Parties are liable to Plaintiffs, the Class Members, or any other putative class, representative, or collective action members.

**X.      APPOINTMENT AND DUTIES OF SETTLEMENT ADMINISTRATOR**

A.      Subject to the approval of the Court, the Parties have agreed to the appointment of a Settlement Administrator to perform the following duties in connection with administration of their settlement:  (i) using data provided by Defendant to prepare the Notice Materials; (ii) obtaining forwarding addresses for Class Members using appropriate methods, as described in Section XI.A.3 below; (iii) mailing the Notice Materials to Class Members; (iv) tracking non-delivered Notice Materials and taking reasonable steps to re-send them to Class Members' current addresses; (v) tracking and timely reporting to Class Counsel and Counsel for Defendant returned Election Not to Participate in Settlement forms; (vi) establishing the QSF; (vii) disbursing all amounts payable from the QSF to all Participating Class Members without the need for them to file a claim form and handling all tax reporting; (viii) calculating the Cash Settlement Shares; (ix) notifying Class Counsel and Counsel for Defendant of any Participating Class Members who have not cashed their Cash Settlement Share checks by the deadline set forth below; and (x) handling the disbursement and tax reporting, if any, of amounts associated with uncashed checks.

B.      All disputes relating to the Settlement Administrator's performance of its duties, after good faith efforts by the Parties to first resolve such disputes, will be referred to the Court, if necessary, which will have continuing jurisdiction over this Stipulation until all payments and obligations contemplated by this Stipulation have been fully carried out.

**XI.      NOTICE OF THE SETTLEMENT**

A.      Mailing the Notice Materials to the Class

1.      Within forty-five (45) days after the Court enters the

1    Preliminary Approval Order, Defendant will provide to the

2    Settlement Administrator a list of each Class Member's first

3    name, last name, and middle initial, Social Security number, last

4    known address, and the dates they were employed by Defendant

5    in California during the Class Period (the "Class Data"). This

6    list will be drawn from Defendant's payroll and human

7    resources records and in a format acceptable to the Settlement

8    Administrator. The Class Data provided to the Settlement

9    Administrator will remain confidential and will not be used or

10   disclosed to anyone, except as required to applicable tax

11   authorities, pursuant to Defendant's express written consent, or

12   by order of the Court.

13   2.   Within thirty (30) days after Defendant provides the Class Data

14   to the Settlement Administrator, the Settlement Administrator

15   will mail, by first-class mail, the Notice Materials to all Class

16   Members at their last known addresses, unless modified by any

17   updated address information that the Settlement Administrator

18   obtains.

19   3.   The Settlement Administrator will use standard devices,

20   including the National Change of Address database or

21   equivalent, to obtain forwarding addresses prior to mailing and

22   will use appropriate skip tracing for undeliverable Notice

23   Materials to take appropriate steps to maximize the probability

24   that the Notice Materials will be received by Class Members.

25   4.   If an individual not included in the Class Data provided to the

26   Settlement Administrator later claims to be a Class Member, the

27   Settlement Administrator shall obtain from said individual

28   evidence of his or her claimed eligibility, which information

1    will be provided to the Parties.  Defendant will verify the

2    information provided by said individual, and make a good faith

3    effort to resolve the issue with Class Counsel.  If the parties

4    cannot agree, the Settlement Administrator shall decide whether

5    the claimant shall be included in the Settlement, which decision

6    shall be final but subject to review by the Court if requested by

7    any Party.

8    B.    Election Not to Participate in Settlement

9        1.    Each Class Member will have sixty (60) days after the date on

10            which the Settlement Administrator mails the Notice Materials

11            to submit to the Settlement Administrator an Election Not to

12            Participate in Settlement if they wish to be excluded from the

13            Settlement.  An Election Not to Participate in Settlement will be

14            deemed timely submitted to the Settlement Administrator if it is

15            (i) mailed to the Settlement Administrator by first-class mail

16            and postmarked by not later than the deadline for submission

17            stated above; or (ii) delivered to and received by the Settlement

18            Administrator by the deadline for submission stated above,

19            whether by mail, facsimile transmission, professional delivery,

20            or personal delivery.  To be valid, the Election Not to

21            Participate in Settlement must comply with the procedure set

22            forth in the Notice and must (1) be in writing and signed by the

23            Class Member, (2) include the name and address of the Class

24            Member, and (3) indicate the Class Member's request to be

25            excluded from the Settlement Class in *Gradie et al. v. C.R.*

26            *England, Inc*.

27        2.    A Class Member who does not properly complete and timely

28            submit a written Election Not to Participate in Settlement in the

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

manner and by the deadline specified above will automatically become a Participating Class Member and be bound by all terms and conditions of the Settlement, including the release of all Participating Class Members' Released Claims (defined below), if the Settlement is approved by the Court, and be bound by the Final Approval Order, regardless of whether he or she has objected to the Settlement, and shall receive a Cash Settlement Share payout.  Any Settlement Class Member who accepts any payments pursuant to the Settlement will be deemed to have opted in for purposes of the FLSA.

3.      A Class Member who properly and timely submits an Election Not to Participate in Settlement will not be bound by the Settlement, will not receive a Cash Settlement Share, and will not have standing to object to: (i) the Settlement; (ii) the Class Representatives' motion for Plaintiffs' Service Payment; or (iii) Class Counsel's motion for attorneys' fees and costs; and Defendant will retain all of their defenses to such Class Member's claims.

4.      No Election Not to Participate in Settlement will be honored if submitted late under the deadlines set forth above, unless Defendant consents to accepting the late submission.

C.      Objection to Settlement

1.      Each Class Member who does not timely submit an Election Not to Participate in Settlement will have sixty (60) days after the date on which the Settlement Administrator mails the Notice Materials to object to the Settlement by serving on the Settlement Administrator, Class Counsel, and Counsel for Defendant, and filing with the Court, a written objection to the

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

1    Settlement, Plaintiffs' Service Payment, and/or Class Counsel's

2    attorneys' fees and costs.  A Class Member who does not serve

3    a written objection in the manner and by the deadline specified

4    above will be deemed to have waived any objection and will be

5    precluded from making any objection to the Settlement, the

6    Plaintiffs' motion for the Plaintiffs' Service Payment, or Class

7    Counsel's motion for attorneys' fees and costs (whether by

8    appeal or otherwise).

9    D.    Reports and Declaration by Settlement Administrator

10         1.    By no later than ten (10) days after expiration of the 60-day

11               deadline for submission of Election Not to Participate in

12               Settlement and objections to the Settlement, the Settlement

13               Administrator will prepare and submit for filing in support of

14               the Parties' motion for entry of the Final Approval Order a

15               declaration attesting to its mailing of the Notice Materials, its

16               receipt of valid Election Not to Participate in Settlement and its

17               inability to deliver the Notice Materials to Class Members due

18               to invalid addresses, both of which shall be indicated by number

19               of Class Members only.  Prior to the Fairness Hearing, the

20               Settlement Administrator will prepare and submit for filing in

21               support of the motion a supplemental declaration to provide

22               updated and final figures.

23   **XII.    RIGHT TO RESCIND**

24        If 10% or more of the Class Members opt out of the Settlement, Defendant

25   may, at its election, rescind the Settlement.  All actions taken in furtherance of the

26   Settlement will be therefore null and void.  Defendant must exercise the right of

27   rescission within fourteen (14) calendar days after the Settlement Administrator

28   notifies the Parties of the total number of opt outs following the end of the notice

1  period.

2  **XIII.     NOTICE OF SETTLEMENT TO STATE AND FEDERAL**

3  **OFFICIALS (CAFA AND PAGA NOTICES).**

4  Within ten (10) days of receiving notice of filing of a motion for preliminary

5  approval of this Stipulation, Defendant shall serve the CAFA Notice of this

6  Stipulation on the appropriate federal and state officials, as required by 28 U.S.C.

7  § 1715(b).  In addition, Class Counsel shall timely and promptly serve any and all

8  documents required to be provided in connection with a PAGA claim (*see, e.g.,*

9  California Labor Code § 2699(l)) on the appropriate agent, division, or department

10  of the State of California.

11  **XIV.     FINAL APPROVAL OF THE SETTLEMENT**

12  A.     Plaintiffs will file a motion with the Court requesting final approval of

13  the Settlement and entry of the Final Approval Order by the deadline set by the

14  Court, which, unless otherwise ordered by the Court, will be filed at least twenty-

15  eight (28) days prior to the Fairness Hearing.  Class Counsel will provide a draft of

16  that motion to Counsel for Defendant for their review at least seven (7) days before

17  the filing deadline.

18  B.     No later than the date set by the Court or in the alternative other

19  timeframe required by the Federal Rules of Civil Procedure, the Class

20  Representatives, acting through Class Counsel, will file a motion requesting the

21  Plaintiffs' Service Payments in an amount not to exceed Twelve Thousand Dollars

22  ($12,000.00) to each Plaintiff for their service as a named plaintiff and provision of

23  a general release.  Defendant will not oppose the motion, which shall be set for

24  hearing on the same date and time as the Fairness Hearing.  Any Plaintiffs' Service

25  Payments awarded by the Court will be paid out of the QSF; provided, however,

26  that no sums shall be due to any Plaintiff unless and until the Settlement has

27  become completely Final and the Effective Date of the Settlement has been

28  realized.  The Settlement Administrator will issue to the Class Representatives an

1    IRS Form 1099 for any service payment awarded by the Court.  A denial by the
2    Court of the Class Representatives' motion for service payments, in whole or in
3    part, or an award of a lesser amount than requested will not constitute a material
4    modification of this Stipulation or the Settlement.  Unapproved amounts shall be
5    reallocated among the Class Members who did not timely and validly opt out of
6    this Settlement.

7           C.      No later than the date set by the Court or in the alternative other
8    timeframe required by the Federal Rules of Civil Procedure, Class Counsel will file
9    a motion for attorneys' fees in an amount not to exceed One Million Four Hundred
10   Forty Thousand Dollars ($1,440,000.00) and costs in an amount not to exceed
11   Ninety Thousand Dollars ($90,000.00).  Unless otherwise ordered by the Court,
12   Class Counsel's motion for attorneys' fees and costs shall be set for hearing on the
13   same date and time as the Fairness Hearing.  Defendant will not oppose the motion.
14   Any award of fees and costs by the Court will be paid out of the QSF; provided,
15   however, that no sums shall be due to Class Counsel unless and until the
16   Settlement has become completely Final and the Effective Date of the Settlement
17   has been realized.  A denial by the Court of Class Counsel's motion, in whole or in
18   part, or an award of a lesser amount will not constitute a material modification of
19   this Stipulation or the Settlement.  For purposes of the Settlement, Defendant and
20   its counsel will not oppose an award of attorneys' fees in the amount of no more
21   than One Million Four Hundred Forty Thousand Dollars ($1,440,000.00) and costs
22   in an amount not to exceed Ninety Thousand Dollars ($90,000.00), according to
23   proof, in amounts approved by the Court.  The Settlement Administrator will issue
24   to Class Counsel an IRS Form 1099 for their award of attorneys' fees and costs.
25   Any court order awarding less than the amounts set forth in this paragraph to Class
26   Counsel shall not be grounds to cancel the Settlement.  Unapproved amounts shall
27   be reallocated among the Class Members who did not timely and validly opt out of
28   this Settlement.

D.      The Parties will submit for entry by the Court, with their motion for final approval of the Settlement, a proposed Final Approval Order that includes the provisions set forth in <u>Exhibit C</u> hereto.  Any modifications to the attached proposed Final Approval Order may be made only by mutual agreement of the Parties.

## XV.      NULLIFICATION OF THIS STIPULATION

A.      If (a) Defendant rescinds the Settlement pursuant to Section XII of this Stipulation, (b) the Court should for any reason decline to approve this Stipulation in the form agreed to by the Parties, or (c) the Court should for any reason fail to enter a judgment and dismissal with prejudice of the Action and Declaratory Relief Action, then the Stipulation, Settlement, and conditional class certification will automatically become null and void (other than Sections XXIII and XXIV below relating to confidentiality and the return of documents/data) without any act or deed by any Party and the terms and fact of this Stipulation (and of any act performed or document executed pursuant to or in furtherance of the Stipulation), the fact that the Parties stipulated to a Class for settlement purposes, and the fact that the Court granted certification of the Class for settlement purposes, will be inadmissible evidence in any subsequent proceeding in the Action, other Lawsuits, or elsewhere.  Put another way, neither the Settlement, class certification, nor any of the related negotiations or proceedings, shall be of any force or effect, and all parties to the Settlement shall stand in the same position, without prejudice, as if the Settlement had been neither entered into nor filed with the Court. Notwithstanding the foregoing, the Parties may attempt in good faith to cure any perceived defects in the Stipulation to facilitate approval.

B.      A modification by the Court of Plaintiffs' Service Payments or of any award of attorneys' fees or costs to Class Counsel shall not constitute a nullification or invalidation of any material portion of the Settlement.

C.      In the event the Court declines to approve this Stipulation in the form

1   agreed to by the Parties, the Parties will be equally responsible for all charges

2   incurred by the Settlement Administrator as of the time the Settlement is

3   disapproved or invalidated.  This paragraph shall not apply to the circumstance

4   where the Settlement does not become effective because Defendant exercised its

5   right to rescind.

6       D.    In the event Defendant exercises its right to rescind pursuant to

7   Section XII, Defendant will be responsible for all charges incurred by the

8   Settlement Administrator up to $10,000.00 as of the time the right to rescind is

9   exercised.

10  **XVI.    WAIVER OF RIGHT TO APPEAL**

11      Provided that the Final Approval Order is consistent with the terms and

12  conditions of this Settlement in all material respects (i.e. without modifications

13  other than those declared above to not be "material"), Plaintiffs and all other

14  Participating Class Members who did not timely submit an objection to the

15  Settlement, Plaintiffs' Service Payment, and/or Class Counsel's attorneys' fees and

16  costs, hereby waive any and all rights to appeal from the Final Approval Order,

17  including all rights to any post-judgment proceeding and/or appellate proceeding,

18  such as a motion to vacate or set-aside judgment, a motion for new trial, or any

19  extraordinary writ, and the Final Approval Order therefore will become final and

20  non-appealable at the time it is entered.  This waiver does not include any waiver

21  of the right to oppose any appeal, appellate proceedings or post-judgment

22  proceedings.

23  **XVII.    REVERSAL OR MATERIAL MODIFICATION OF**

24  **JUDGMENT ON APPEAL**

25      A.    In the event of a timely appeal from the judgment and dismissal, the

26  judgment shall be stayed, and the QSF shall not be distributed to Participating

27  Class Members, Plaintiffs, or Class Counsel, and the actions required by this

28  Stipulation shall not take place until all appeal rights have been exhausted by

1    operation of law.

2         B.    If, after a notice of appeal or a petition for writ of *certiorari*, or any

3    other motion, petition, or application, the reviewing court vacates, reverses, or

4    modifies the Final Approval Order such that there is a material modification to the

5    Settlement as set forth in this Stipulation, and that court's decision is not

6    completely reversed and the Final Approval Order is not fully affirmed on review

7    by a higher court, then the Parties will each have the right to void the Stipulation,

8    which a Party must do by giving written notice to the other Parties, the reviewing

9    court, and the Court no later than twenty-one (21) days after the reviewing court's

10   decision vacating, reversing, or materially modifying the Final Approval Order

11   becomes Final.  A vacation, reversal, or modification of any Plaintiffs' Service

12   Payment or of any award of attorneys' fees or costs to Class Counsel will not

13   constitute a vacation, reversal, or material modification of the Final Approval

14   Order.

15   **XVIII.    CREATION OF THE QUALIFIED SETTLEMENT FUND**

16        Within thirty (30) days of the Effective Date of the Settlement, Defendant

17   will cause the Cash Settlement Payment to be wired to the QSF.  The combination

18   of this payment thirty (30) days after the Effective Date of the Settlement shall

19   constitute the full amount of the Cash Settlement Payment (i.e., Three Million Six

20   Hundred Thousand Dollars ($3,600,000.00) and nothing more).  Put another way,

21   the Cash Settlement Payment is the maximum amount Defendant is obligated to

22   pay under this Stipulation (or otherwise in connection with this Action or the other

23   Lawsuits) and is inclusive of any Plaintiffs' Service Payments, Class Counsel's

24   attorneys' fees and costs, the Cash Settlement Shares, all employee and employer

25   tax withholdings, the payment to the LWDA in the amount of $54,000.00 for the

26   LWDA's 75% share of Participating Class Members' PAGA penalty claims (the

27   remaining 25% share shall be distributed as part of the Net QSF), and the

28   Settlement Administrator's reasonable fees and expenses in administering the

1   Settlement.

2   **XIX.        DISTRIBUTION OF THE QUALIFIED SETTLEMENT FUND**

3          A.      After the Final Approval Order becomes Final (i.e., on the Effective

4   Date of the Settlement), the Settlement Administrator will distribute the proceeds

5   of the QSF as follows:

6                  1.      Within thirty (30) days after it receives the amount of the Cash

7                          Settlement Payment, the Settlement Administrator will make the

8                          following payments from the QSF:

9                          a.      The Settlement Administrator may pay to itself its portion

10                                 of the QSF for all services through the closing of the

11                                 administration.

12                         b.      To every Participating Class Member (which includes,

13                                 but is not limited to, Plaintiffs) their Cash Settlement

14                                 Share, as calculated based on the formula in this Section

15                                 XIX, that remains unpaid.

16                         c.      To the appropriate state and federal tax agencies, all

17                                 employee and employer taxes.

18                         d.      To Class Counsel, any attorneys' fees and costs awarded

19                                 by the Court, for which the Settlement Administrator will

20                                 issue a Form 1099.  Class Counsel is responsible for all

21                                 federal, state, and local tax filings and liabilities that may

22                                 result from such payment and the Defendant shall bear no

23                                 responsibility for such filings or liabilities.

24                         e.      To the Plaintiffs, any Plaintiffs' Service Payments

25                                 awarded by the Court, for which the Settlement

26                                 Administrator will issue a Form 1099.  The Plaintiffs will

27                                 be responsible for all federal, state, and local tax filings

28                                 and liabilities that may result from such payment and the

1    Defendant shall bear no responsibility for such filings or

2    liabilities.

3         f.    To the LWDA, a payment of $54,000.00 for the LWDA's

4    75% of the Participating Class Members' PAGA penalty

5    claims from a PAGA allocation of $72,000.00 of which

6    the remaining $18,000.00 shall be paid proportionally to

7    Participating Class Members out of the Net QSF.

8    2.    Each Participating Class Member's Cash Settlement Share will

9    be calculated as follows:

10        a.    The "Net QSF" will equal the balance of the QSF after

11    deducting for the amount of all amounts necessary to

12    effectuate the Settlement, including, but not necessarily

13    limited to, attorneys' fees, costs and expenses, the

14    incentive/bonus or service award payments to the Class

15    Representatives, all employee and employer tax

16    withholdings, the payment allocated to the LWDA, and

17    the estimated costs of settlement administration, in the

18    amounts approved by the Court.  The Net QSF will be

19    available for distribution to Participating Class Members.

20        b.    A Participating Class Member's Cash Settlement Share

21    will be calculated as follows:  (1) calculating the total

22    weeks worked by all Participating Class Members based

23    on the Class Data (the "Total Work Weeks"); (2) dividing

24    each Participating Class Member's work weeks based on

25    the Class Data by the Total Work Weeks to determine his

26    or her proportionate share of the Net QSF (for each

27    Participating Class Member, the "Cash Settlement Share

28    Proportion"); and (3) multiplying each Participating Class

Member's Cash Settlement Share Proportion by the Net
QSF.

3.    The Settlement Administrator will issue both a Form W-2 and
Form 1099 to each Participating Class Member, with 20% of
each Cash Settlement Share reported on the Form W-2 as
claimed wages and the remaining 80% reported on the Form
1099 as claimed non-wages (e.g., penalties, reimbursements,
and interest, etc.).  The Participating Class Members are
responsible for all federal, state, and local tax filings and
liabilities that may result from such Cash Settlement Share
payments subject to reporting on a Form 1099, and the
Defendant shall bear no responsibility for such filings or
liabilities.

4.    Defendant makes no representations with respect to the
taxability of any payments pursuant to this Settlement, and the
Class Notice will advise Class Members to seek their own tax
advice as necessary.

5.    Participating Class Members shall have 180 days to cash their
settlement checks.  In the event that any checks mailed to
Participating Class Members remain uncashed after the
expiration of 180 days, or an envelope mailed to a Participating
Class Members is returned and no forwarding address can be
located for the Participating Class Member after reasonable
efforts have been made, then any such unclaimed funds shall be
paid to the California Controller's Unclaimed Property Fund in
the name of the Participating Class Member.  The receipt of
funds under this Settlement will not entitle any Participating
Class Member to additional compensation or benefits of any

1                  kind under any of Defendant's compensation or benefits plans,

2                  nor will it entitle any class member to any increased retirement

3                  or 401k plan benefits of any kind.  Class Members will

4                  participate in the Settlement and will be bound by its terms and

5                  release if they do not opt-out as described more fully herein

6                  within sixty (60) days of the Settlement Administrator's mailing

7                  out of notices.  As a no-claims-made settlement, Class Members

8                  will not need to submit a claim form to participate in the

9                  Settlement.

10          6.      Should the Settlement Administrator need more time than is

11                  provided under this Stipulation to complete any of its

12                  obligations, the Settlement Administrator may request, in

13                  writing, such additional time (including an explanation of the

14                  need for additional time) from Counsel for Defendant and Class

15                  Counsel.  If Counsel for Defendant and/or Class Counsel do not

16                  agree, in writing, to the Settlement Administrator's request for

17                  additional time, the Settlement Administrator, Class Counsel or

18                  Counsel for Defendant may seek such additional time from the

19                  Court.

20  **XX.**         **FORGIVENESS OF CERTAIN DEBT**

21        A.     When the Final Approval Order becomes Final (i.e., on the Effective

22  Date of the Settlement), Defendant shall release and discharge any and all

23  outstanding amounts claimed to be owed by Participating Class Members to

24  Defendant pursuant to a Driver Education and Employment Contract, related

25  tuition agreement, or related promissory note for: (a) Liquidated damages (set at

26  exactly $2,500 under the Driver Education and Employment Contract); and (b)

27  interest allegedly owed to Defendant.   Defendant has confirmed and verified that

28  the total amount of Debt Forgiveness is in excess of $15,000,000, representing in

excess of at least Four Million Dollars and No Cents ($4,000,000.00) in liquidated damages and at least Eleven Million Dollars and No Cents ($11,000,000.00) in accrued interest.

B.    It is agreed and understood that the principal amounts of tuition claimed to be owed by Defendant in connection with its Driver Education and Employment Contracts, related tuition agreements, or related promissory notes are not being forgiven by virtue of this Settlement.  Put another way, by releasing the aforementioned interest and liquidated damages, Defendant is not releasing any principal amounts of tuition owed to it by any Participating Class Member.    By releasing the claims set forth in Section XXII, below, Participating Class Members are not releasing or waiving any applicable defense to the enforcement or collection of the principal amount of tuition claimed by Defendant to be owed.

C.    It is further agreed and understood that the amounts of any debt not owned by Defendant are excluded from the Stipulation.  By releasing the aforementioned interest and liquidated damages, Defendant is not purporting to release any amounts claimed to be owed by third party owner of debt allegedly owed by Participating Class Members.  By releasing the claims set forth in Section XXII below, Participating Class Members are not releasing or waiving any claims against third party owners of any debt.

**XXI.        DISMISSAL WITH PREJUDICE OF THE ACTION**

As part of the consideration for this Settlement, this Action and the Declaratory Relief Action (captioned *William Gradie v. C.R. England, Inc.*, Case No. 2:16-cv-001015-DN (D. Utah), which was consolidated with the Action on or about January 23, 2017) shall be dismissed with prejudice as of the Effective Date of the Settlement.  Notwithstanding the dismissal of the Action with prejudice, the Court shall retain jurisdiction to interpret and enforce this Stipulation.

**XXII.      RELEASE OF CLAIMS BY PLAINTIFFS, ALL OTHER PARTICIPATING CLASS MEMBERS, AND CLASS COUNSEL.**

A.      **Plaintiffs' General Release of All Claims Against Defendant and all other Released Parties**:  In consideration of the unopposed motion for the Plaintiffs' Service Payment, payment of each Plaintiffs' Cash Settlement Share, Plaintiffs' agreement not to opt out, and any other benefits provided to each Plaintiff as part of the Settlement, Plaintiffs, on behalf of themselves and their estates, executors, administrators, heirs and assigns, hereby release, discharge, and agree to hold harmless Defendant and any of its parent companies, subsidiaries, divisions and other affiliated or related entities, past and present, as well as all of the aforementioned entities' (including, but not limited to, Defendant's) employees, officers, directors, agents, attorneys, insurers, partners, shareholders, owners, representatives, joint venturers and successors and assigns of each (i.e., the Released Parties), from any and all claims, damages, costs, obligations, causes of action, actions, demands, rights, and liabilities of every kind, nature and description whatsoever, whether known or unknown, whether anticipated or unanticipated, arising on or before the end of the Class Period ("Plaintiffs' Released Claims").  Without limiting the generality of the foregoing in any way, Plaintiffs' Released Claims include, but are not limited to, any and all claims, charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, penalties, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses (including attorney fees and costs), known or unknown, at law or in equity, which they may now have against Defendant or any of the other Released Parties, and each of them, as well as those claims that were or could have been asserted in the Action or other Lawsuits, including, but not limited to, any and all claims arising under the California Labor Code, Wage Order No. 9-2001, the Fair Labor Standards Act, the California Private Attorneys' General Act, the California Business & Professions Code, the claims alleged in any of the

Complaints in the Lawsuits, and any and all other transactions, occurrences or matters between any of the Plaintiffs and Defendant (or between any of the Plaintiffs and the other Released Parties) occurring up through and including the end date of the Class Period.

Plaintiffs' Released Claims shall also include any and all claims against Defendant or any of the other Released Parties, and each of them, that occurred up through and including the end date of the Class Period under the (a) Americans With Disabilities Act, as amended; (b) Title VII of the Civil Rights Act of 1964, as amended; (c) the Civil Rights Act of 1991; (d) 42 U.S.C. § 1981, as amended; (e) the Age Discrimination in Employment Act, as amended; (f) the Fair Labor Standards Act, as amended; (g) the Equal Pay Act; (h) the Employee Retirement Income Security Act, as amended; (i) the Consolidated Omnibus Budget Reconciliation Act; (j) the Rehabilitation Act of 1973; (k) the Family and Medical Leave Act; (l) the Civil Rights Act of 1966; (m) the California Fair Employment and Housing Act; (n) the California Constitution; (o) the California Labor Code; (p) the California Government Code; (q) the California Civil Code; (r) the Utah Anti-discrimination Act; (s) the Sherman Act, (t) the Cartwright Act, and (u) any and all other federal, state and local statutes, ordinances, regulations, rules and other laws, and any and all claims based on constitutional, statutory, common law or regulatory grounds as well as any other claims based on theories of wrongful or constructive discharge, breach of contract or implied contract, fraud, misrepresentation, promissory estoppel or intentional and/or negligent infliction of emotional distress, or damages under any other federal, state or local statutes, ordinances, regulations, rules, or laws.  This release is for any and all relief, no matter how denominated, including, but not limited to, back pay, front pay, bonuses, compensatory damages, overtime pay, minimum wages, straight time wages, regular wages, hourly pay, piece-rate pay, all miles driven, compensation for rest period and other non-productive time, premium pay, penalties, civil

penalties, waiting time penalties, restitution, disgorgement, damages, tortious damages, liquidated damages, statutory damages, punitive damages, damages for pain and suffering, and attorney fees and costs, and the Plaintiffs hereby forever release, discharge and agree to hold harmless Defendant and the other Released Parties from any and all claims for attorney fees and costs arising out of the matters released in this Stipulation.

Plaintiffs' Released Claims include all claims described above, whether known or unknown, by the releasing party.  Thus, even if Plaintiffs discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of Plaintiffs' Released Claims, those claims will remain released and forever barred.  Therefore, Plaintiffs expressly waive and relinquish the provisions, rights and benefits of Section 1542 of the California Civil Code and any analogous law, statute, or rule.  Section 1542 states:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, must have materially affected his or her settlement with the debtor or released party.**

Plaintiffs specifically acknowledge that they are aware of and familiar with the provisions of Section 1542 of the California Civil Code, and being aware of Section 1542, hereby expressly waive and relinquish all rights and benefits they may have under Section 1542 as well as any other statute or common law principle of a similar effect.  Upon entry of final judgment, Defendant shall be entitled to a general release of all claims from the four named Plaintiffs up through and including the end date of the Class Period.

Plaintiffs further agree that, to the extent permitted by law, if a claim is prosecuted in their name against any of the Released Parties, including Defendant,

before any court, arbitrator, or administrative agency, they waive, and agree not to take, any award of money or other damages from such proceeding.  Plaintiffs agree that, unless otherwise compelled by law, if a claim is prosecuted in their name against Defendant or any of the other Released Parties that, upon a written request by Defendant's counsel, they will immediately request in writing that the claim on their behalf be withdrawn.

B.    **Participating Class Members' Release of Claims**:  Upon the Effective Date of the Settlement, each and every Participating Class Member hereby releases, discharges, and agrees to hold harmless Defendant and all of the other Released Parties, and each of them, from any and all Claims (as that term is defined in Section II.G above) that have been asserted, or could have been asserted, up through and including the last day of the Class Period based upon the facts or allegations pled in any of the Complaints filed in the Lawsuits ("Claims Released By Participating Class Members").

It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all Claims Released By Participating Class Members as described in the preceding paragraph and Section II.EE above.  Each Participating Class Member waives, as to the released Claims only, all rights and benefits afforded by Section 1542 and does so understanding the significance of that waiver.  Section 1542 provides as follows:

> A general release does not extend to claims that the
> creditor or releasing party does not know or suspect to
> exist in his or her favor at the time of executing the
> release and that, if known by him or her, must have
> materially affected his or her settlement with the debtor
> or released party.

As such, the Participating Class Members understand and agree that they are providing Defendant and all of the other Released Parties, and each of them, with a

full and complete release with respect to the Claims Released By Participating Class Members.

Without limiting any of the foregoing, it is hereby stipulated that the Claims Released By Participating Class Members is intended to include, and does include, any and all claims and remedies asserted or sought or that could have been asserted or sought based on the facts or allegations pled in any of the Complaints in the Lawsuits that occurred or arose during the Class Period, including the first date and last date thereof and every date in between.  Subject to the terms and conditions of this Stipulation and upon Final Approval of this Stipulation, all such claims and causes of action, damages, and other remedies (including but not limited to any wages of any kind, premium compensation, bonuses, penalties, civil penalties, waiting time penalties, damages, liquidated damages, statutory damages, restitution, disgorgement, reimbursement, interest, attorney fees, litigation costs, injunctive relief, declaratory relief, or any other equitable or legal relief of any kind or nature whatsoever) allegedly due and owing Participating Class Members by virtue of or related to any of the facts or allegations pled in any of the Complaints in the Lawsuits are deemed to be fully and finally resolved and are to be dismissed, with prejudice, as to each and every Participating Class Member.

C.      **Class Counsel's Released Claims**.  In consideration of the unopposed motion for an award of attorneys' fees and costs to Class Counsel, Class Counsel hereby releases all claims, causes of action, demands, damages, costs, rights, and liabilities of every nature and description for reasonable attorneys' fees, costs, and expenses against Defendant and all of the other Released Parties arising from or related to the Lawsuits, the Plaintiffs' Released Claims, or the Claims Released By Participating Class Members except as awarded pursuant to this stipulation (the "Class Counsel's Released Claims").

# XXIII.      CONFIDENTIALITY

Other than necessary disclosures made to the Court, Plaintiffs and Class

1    Counsel shall not directly or indirectly disclose the fact, terms, or amount of the

2    Settlement to, or discuss the allegations of the Lawsuits with, the media, the press,

3    and/or on any website.  If Plaintiffs or Class Counsel are legally required to

4    communicate about the Settlement with governmental authorities, they shall give

5    Counsel for Defendant notice before any such communication occurs as early as is

6    reasonably possible.

7    **XXIV.      USE AND RETURN OF DOCUMENTS**

8         All originals, copies, and summaries of documents, presentations, and data

9    provided to Plaintiffs and Class Counsel by Defendant in connection with the

10   mediation or other settlement negotiations in this matter, including e-mail

11   attachments containing such materials, may be used only with respect to this

12   Stipulation, or any dispute between Class Members and Class Counsel regarding

13   the Stipulation, and for no other purpose, and may not be used in any way that

14   violates any existing agreement, statute, or rule.  Within twenty (20) days after the

15   Final Approval Order becomes Final, Class Counsel will return or destroy all such

16   materials and the return and destruction, as applicable, of all such materials shall

17   include those that have been shared with experts and any other counsel

18   representing Plaintiffs and any other Class Members.

19   **XXV.      FULL COOPERATION**

20        The Parties will fully cooperate and use reasonable efforts, including all

21   efforts contemplated by this Stipulation and any other efforts that may become

22   necessary or be ordered by the Court, or otherwise, to accomplish the terms of this

23   Stipulation, including, but not limited to, executing such documents and taking

24   such other action as may reasonably be necessary to obtain preliminary and final

25   approval of this Stipulation without material modifications and to implement its

26   terms.

27        The Parties hereto agree to abide by all of the terms of the Settlement in

28   good faith and to support the Settlement fully and to use their best efforts to defend

this Settlement from any legal challenge, whether by appeal or collateral attack.

## XXVI.        DIFFERENT FACTS

The Parties hereto, and each of them, acknowledge that, except for matters expressly represented herein, the facts in relation to the dispute and all claims released by the terms of this Stipulation may turn out to be other than or different from the facts now known by each party and/or its counsel, or believed by such party or counsel to be true, and each party therefore expressly assumes the risk of the existence of different or presently unknown facts, and agrees that this Stipulation shall be in all respects effective and binding despite such difference.

## XXVII.       NON-ADMISSION

Nothing in this Stipulation shall be construed to be or deemed an admission by Defendant or of any of the other Released Parties of any liability, culpability, negligence, or wrongdoing toward the Class Representatives, the Class Members, or any other person, and Defendant specifically disclaims any liability, culpability, negligence, or wrongdoing toward the Class Representatives, the Class Members, or any other person.  Each of the Parties has entered into this Stipulation with the intention to avoid further disputes and litigation with the attendant inconvenience, expenses, and contingencies.  Nothing herein shall constitute any admission by Defendant or any of the other Released Parties of wrongdoing or liability, or of the truth of any factual allegations in the Action or other Lawsuits.  Nothing herein shall constitute an admission by Defendant that the Action or other Lawsuits were properly brought as a class, collective or representative action other than for settlement purposes.  To the contrary, Defendant has denied and continues to deny each and every material factual allegation and alleged claim asserted in the Action and other Lawsuits.  To this end, the Settlement of the Action and other Lawsuits, the negotiation and execution of this Stipulation, and all acts performed or documents executed pursuant to or in furtherance of this Stipulation or the Settlement are not, shall not be deemed to be, and may not be used as, an admission

1    or evidence of any wrongdoing or liability on the part of Defendant or of the truth

2    of any of the factual allegations in the Complaints in the Lawsuits, and are not,

3    shall not be deemed to be, and may not be used as, an admission or evidence of any

4    fault or omission on the part of Defendant in any civil, criminal or administrative

5    proceeding in any court, administrative agency, arbitration proceeding, or other

6    tribunal of any kind.

7    **XXVIII.    NO PRIOR ASSIGNMENTS**

8         The Parties represent, covenant, and warrant that they have not directly or

9    indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or

10   encumber to any person or entity any portion of any claims, causes of action,

11   demands, rights, and liabilities of every nature and description released under this

12   Stipulation.

13   **XXIX.      NON-RETALIATION**

14        Defendant understands and acknowledges that it has a legal obligation not to

15   retaliate against any member of the Class who elects to participate in the

16   Settlement or elects to opt-out of the Settlement.  Defendant will refer any inquiries

17   regarding this Settlement to the Settlement Administrator or Class Counsel and will

18   not discourage Class Members who are current employees, directly or indirectly,

19   from opting out or objecting to the Settlement.

20   **XXX.       ATTORNEY FEES, COSTS, AND EXPENSES.**

21        Except as otherwise specifically provided for herein, each Party shall bear

22   his or its own attorney fees, costs and expenses, taxable or otherwise, incurred by

23   them in, or arising out of, the Lawsuits and shall not seek reimbursement thereof

24   from any other party to this Stipulation.

25   **XXXI.     NOTICES**

26        Unless otherwise specifically provided by this Stipulation, all notices,

27   demands or other communications given under this Stipulation will be in writing

28   and be deemed to have been duly given as of the fifth business day after mailing by

United States registered or certified mail, return-receipt requested, or as of the first business day after deposit with an overnight delivery service, addressed as follows:

**To the Class Representatives and the Class:**

Kyle Nordrehaug

Blumenthal Nordrehaug Bhowmik De Blouw LLP

2255 Calle Clara

La Jolla, CA 92037


Brian Van Vleck

The Van Vleck Law Firm, LLP

5757 Wilshire Boulevard, Ste. 535

Los Angeles, CA 90036

**To Defendant:**

Drew R. Hansen, Esq.

Nossaman LLP

18101 Von Karman Avenue, Suite 1800

Irvine, CA  92612

## XXXII.    CONSTRUCTION

This Stipulation is the result of lengthy, arms-length negotiations between the Parties.  This Stipulation will not be construed in favor of or against any Party by reason of the extent to which any Party or his, her or its counsel participated in the drafting of this Stipulation.

## XXXIII.    CAPTIONS AND INTERPRETATIONS

Paragraph and section titles, headings or captions contained in this Stipulation are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation or any of its provisions.  Each term of this Stipulation is contractual and not merely a recital, except for those denominated as Recitals in Section III above.

## XXXIV.    MODIFICATION

This Stipulation may not be changed, altered or modified, except in writing and signed by the Parties or their representatives and approved by the Court.  This Stipulation may not be discharged except by performance in accordance with its

1  terms as approved by the Court or by a writing signed by the Parties.

2  **XXXV.      APPLICABLE LAW**

3        All terms and conditions of this Stipulation and its Exhibits will be governed

4  by and interpreted according to the laws of the State of California, without giving

5  effect to any conflict of law or choice of law principles.

6  **XXXVI.     INTEGRATION CLAUSE**

7        This Stipulation and its Exhibits constitute the entire agreement between the

8  Parties and their respective counsel relating to the Settlement, this Stipulation and

9  the transactions contemplated thereby.  All prior or contemporaneous agreements,

10  understandings, representations, and statements, whether oral or written and

11  whether by a Party or a Party's counsel, are merged into and superseded by this

12  Stipulation.  No rights under this Stipulation may be waived except in writing.

13  **XXXVII.    BINDING ON ASSIGNS**

14        This Stipulation will be binding upon and will inure to the benefit of the

15  Parties and their respective heirs, trustees, executors, administrators, successors

16  and assigns.

17  **XXXVIII.  COUNTERPARTS**

18        This Stipulation may be executed in counterparts, by facsimile or electronic

19  signature, and when each Party has signed and delivered at least one such

20  counterpart, each counterpart will be deemed an original, and, when taken together

21  with other signed counterparts, will constitute one Stipulation, which will be

22  binding upon and effective as to all Parties, subject to Court approval.

23  **XXXIX.     PARTICIPATING CLASS MEMBERS BOUND BY**

24  **                       SETTLEMENT**

25        Because there are a sizeable number of Class Members, it is impossible or

26  impractical to have each Participating Class Member execute this Stipulation.  The

27  Notice Materials will inform all Class Members of the binding nature of the Claims

28  Released By Participating Class Members and it will have the same force and

1   effect as if this Stipulation were executed by each Participating Class Member.

2   **XL.          PARTIES' AUTHORITY TO SIGN**

3          Each of the undersigned represents that he or she has the advice of counsel,

4   has authority to sign on behalf of his or her client, and understands that this

5   Settlement Agreement is final and binding, and subject only to the settlement

6   process and other terms set forth above.  In addition, the Parties agree that any

7   disputes regarding the terms of the Settlement shall be referred to Mediator Steve

8   Pearl for resolution.

9                    **EXECUTION BY PARTIES AND COUNSEL**

10         The Parties and their counsel hereby execute this document to evidence their

11   acceptance of an agreement to the Stipulation.

12   Dated: 01/02/2020              By: _Milton Harper_
                                    Milton Harper (Jan 6, 2020)
13                                  MILTON HARPER
                                    Plaintiff
14

15   Dated: _____         By: _____
16                                  RONNIE STEVENSON
                                    Plaintiff
17

18   Dated: _____         By: _____
                                    Jonathan Mitchell
19                                  Plaintiff

20   Dated: _____         By: _____
21                                  WILLIAM H. GRADIE
                                    Plaintiff
22

23   Dated: _____         C.R. ENGLAND, INC.
24

25

26                                  By: _____
                                    T.J. ENGLAND
27

28

1  effect as if this Stipulation were executed by each Participating Class Member.

2  **XL.          PARTIES' AUTHORITY TO SIGN**

3       Each of the undersigned represents that he or she has the advice of counsel,

4  has authority to sign on behalf of his or her client, and understands that this

5  Settlement Agreement is final and binding, and subject only to the settlement

6  process and other terms set forth above.  In addition, the Parties agree that any

7  disputes regarding the terms of the Settlement shall be referred to Mediator Steve

8  Pearl for resolution.

9  <u>**EXECUTION BY PARTIES AND COUNSEL**</u>

10      The Parties and their counsel hereby execute this document to evidence their

11  acceptance of an agreement to the Stipulation.

12

13  Dated: _____        By:_____
                   MILTON HARPER

14                     Plaintiff

15  Dated: Jan 8, 2020          By: *Ronnie stevenson*
                  Ronnie stevenson (Jan 8, 2020)

16                     RONNIE STEVENSON
                   Plaintiff

17

18  Dated: _____        By:_____
                   Jonathan Mitchell

19                     Plaintiff

20

21  Dated: _____        By:_____
                   WILLIAM H. GRADIE

22                     Plaintiff

23

24  Dated: _____        C.R. ENGLAND, INC.

25

26                  By:_____
                   T.J. ENGLAND

27

28

1   effect as if this Stipulation were executed by each Participating Class Member.

2   **XL.**       **PARTIES' AUTHORITY TO SIGN**

3       Each of the undersigned represents that he or she has the advice of counsel,

4   has authority to sign on behalf of his or her client, and understands that this

5   Settlement Agreement is final and binding, and subject only to the settlement

6   process and other terms set forth above.  In addition, the Parties agree that any

7   disputes regarding the terms of the Settlement shall be referred to Mediator Steve

8   Pearl for resolution.

9             **EXECUTION BY PARTIES AND COUNSEL**

10       The Parties and their counsel hereby execute this document to evidence their

11   acceptance of an agreement to the Stipulation.

12

13   Dated: _____   By: _____

                                    MILTON HARPER

14                                     Plaintiff

15   Dated: _____   By: _____

16                                     RONNIE STEVENSON

                                    Plaintiff

17

18   Dated: 1/2/2020   By: _____

                                  *Jonathan Mitchell (Jan 2, 2020)*

19                                     Jonathan Mitchell

                                    Plaintiff

20

21   Dated: _____   By: _____

                                    WILLIAM H. GRADIE

22                                     Plaintiff

23

24   Dated: _____   C.R. ENGLAND, INC.

25

26                       By: _____

                                    T.J. ENGLAND

27

28

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

1  effect as if this Stipulation were executed by each Participating Class Member.

2  ## XL.        PARTIES' AUTHORITY TO SIGN

3        Each of the undersigned represents that he or she has the advice of counsel,

4  has authority to sign on behalf of his or her client, and understands that this

5  Settlement Agreement is final and binding, and subject only to the settlement

6  process and other terms set forth above.  In addition, the Parties agree that any

7  disputes regarding the terms of the Settlement shall be referred to Mediator Steve

8  Pearl for resolution.

9                    ## EXECUTION BY PARTIES AND COUNSEL

10        The Parties and their counsel hereby execute this document to evidence their

11  acceptance of an agreement to the Stipulation.

12
13  Dated: _____    By:_____
                                      MILTON HARPER
14                                    Plaintiff

15  Dated: _____    By:_____
16                                    RONNIE STEVENSON
                                      Plaintiff
17
18  Dated: _____    By:_____
                                      Jonathan Mitchell
19                                    Plaintiff

20  Dated: _February 4, 2020___    By:_____
21                                    WILLIAM H. GRADIE
                                      Plaintiff
22

23  Dated: _____    C.R. ENGLAND, INC.
24

25
                                  By:_____
26                                    T.J. ENGLAND

27

28

1 effect as if this Stipulation were executed by each Participating Class Member.

2 **XL.      PARTIES' AUTHORITY TO SIGN**

3      Each of the undersigned represents that he or she has the advice of counsel,

4 has authority to sign on behalf of his or her client, and understands that this

5 Settlement Agreement is final and binding, and subject only to the settlement

6 process and other terms set forth above.  In addition, the Parties agree that any

7 disputes regarding the terms of the Settlement shall be referred to Mediator Steve

8 Pearl for resolution.

9                    **EXECUTION BY PARTIES AND COUNSEL**

10      The Parties and their counsel hereby execute this document to evidence their

11 acceptance of an agreement to the Stipulation.

12

13 Dated: _____          By:_____
                                       MILTON HARPER
14                                     Plaintiff

15 Dated: _____          By:_____
                                       RONNIE STEVENSON
16                                     Plaintiff

17

18 Dated: _____          By:_____
                                       Jonathan Mitchell
19                                     Plaintiff

20

21 Dated: _____          By:_____
                                       WILLIAM H. GRADIE
22                                     Plaintiff

23

24 Dated:  1/24/20 _____          C.R. ENGLAND, INC.

25

26                                  By:_____
                                       T.J. ENGLAND
27

28

1

Dated:   February 4, 2020          THE VAN VLECK LAW FIRM

2

3
                                   By:_____
4                                     BRIAN VAN VLECK
                                      Attorneys for Plaintiffs and the Class
5

6
Dated:   _____          BLUMENTHAL NORDREHAUG BHOWMIK
                                   DE BLOUW LLP
7

8
                                   By:_____
9                                     KYLE R. NORDREHAUG
                                      Attorneys for Plaintiffs and the Class
10

11
Dated:   _____          NOSSAMAN LLP
12

13
                                   By:_____
14                                    DREW R. HANSEN
                                      Attorneys for Defendant
15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

1

2    Dated: _____          THE VAN VLECK LAW FIRM

3

4    By:_____
        BRIAN VAN VLECK
        Attorneys for Plaintiffs and the Class

5

6    Dated: _1/14/20_          BLUMENTHAL NORDREHAUG BHOWMIK
                                DE BLOUW LLP

7

8    By:_____
        KYLE R. NORDREHAUG
        Attorneys for Plaintiffs and the Class

9

10

11   Dated: _____          NOSSAMAN LLP

12

13   By:_____
        DREW R. HANSEN
        Attorneys for Defendant

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2     Dated: _____        THE VAN VLECK LAW FIRM

3

4                                        By: _____
                                              BRIAN VAN VLECK
5                                             Attorneys for Plaintiffs and the Class

6     Dated: _____        BLUMENTHAL NORDREHAUG BHOWMIK
                                         DE BLOUW LLP
7

8
                                         By: _____
9                                             KYLE R. NORDREHAUG
                                              Attorneys for Plaintiffs and the Class
10

11    Dated:  February 4, 2020           NOSSAMAN LLP

12

13                                       By: _____
                                              DREW R. HANSEN
14                                            Attorneys for Defendant

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT "A"**

**UNITED STATES DISTRICT COURT
DISTRICT OF UTAH**

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT AND HEARING
DATE FOR COURT APPROVAL**

| | |
|---|---|
| WILLIAM H. GRADIE, MILTON HARPER, RONNIE STEVENSON, AND JONATHAN MITCHELL, individuals, on behalf of themselves, and on behalf of all persons similarly situated, | |
| Plaintiffs, | |
| vs. | |
| C.R. ENGLAND, INC., a Corporation; and DOES 1-50, inclusive, | Case No. 2:16-cv-00768-DN |
| Defendants. | |

**TO:   ALL CURRENT AND FORMER TRUCK DRIVERS EMPLOYED BY C.R. ENGLAND, INC. IN CALIFORNIA AT ANY TIME DURING THE PERIOD FROM MARCH 12, 2014 THROUGH [_____, 2020]**

**PLEASE READ THIS NOTICE CAREFULLY.  THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH AUTHORIZED THIS NOTICE.   THIS IS NOT A SOLICITATION FROM A LAWYER.**

## INTRODUCTION

This Notice describes a proposed settlement (the "Settlement") of the class action lawsuit *William H. Gradie et al. vs. C.R. England, Inc.*, Case No. 2:16-cv-00768-DN ("Action"), now pending in the United States District Court for the District of Utah (the "Court"), and is being sent to you by Order of the Court, which has preliminarily approved the Settlement.  The Settlement will provide money to pay claims of truck drivers who were employed by C.R. England, Inc. ("Defendant") in California during the class period.  The Settlement will resolve all claims that were, or which could have been, asserted in the Action by William H. Gradie, Milton Harper, Ronnie Stevenson, and Jonathan Mitchell (the "Plaintiffs") on an individual, class, collective, or representative basis, including, but not limited to, claims under the California Labor Code, Wage Order No. 9-2001, the California Business & Professions Code, the California Code of Regulations, the California Civil Code, and the California Private Attorneys General Act.[1]

---

[1] The settlement of the Action also disposes of the related declaratory relief action captioned *William H. Gradie et al. vs. C.R. England, Inc.*, Case No. 2:16-cv-01015-DN ("Declaratory Relief Action").  The Settlement likewise required that Plaintiffs Harper, Stevenson and Mitchell dismiss without prejudice the putative class action captioned *Milton Harper, Ronnie Stevenson, and Jonathan Mitchell v. C.R. England, Inc.*, Case No. 2:16-cv-906-RJS-CMR (D. Utah) ("Harper Lawsuit"). The Harper Lawsuit was dismissed without prejudice in accordance with the Settlement on December 20, 2019.  The Action, Declaratory Relief Action, and Harper Lawsuit are referred to collectively as the "Lawsuits".

57150425.v4

You have received this notice because records indicate that you worked as a truck driver for Defendant in California at some point during the period of March 12, 2014 through _____, 2020. This Notice informs you of your rights under the Settlement.

The following table summarizes your options in responding to this Notice and the result of you exercising each option. These options are described in more detail below.

| SUMMARY OF LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **OPTION** | **RESULT** |
| Do nothing | Accept the terms of the Settlement. Receive a monetary payment. |
| Submit a written request for exclusion from the Settlement | Request to be excluded from the Settlement and retain your rights to act individually, which could mean doing nothing, bringing your own claim, etc. If you exclude yourself, you will **not** receive your portion of the Settlement Payment and will not be allowed to comment on the Settlement in any way. |
| Object | Write to the Court and explain any concerns you have regarding the Settlement. |
| Attend hearing | Request to speak to the Court about the fairness of the Settlement. |

## CRITICAL DATES

**[EXCLUSION DATE]:**   The last date to submit a written request to opt out of the Settlement and retain your rights to bring your own claim.

**[DATE TO OBJECT]**:   The last date to mail any written objections to the Settlement.

**[HEARING DATE]**:   The date of the fairness hearing to determine whether the proposed Settlement is fair, reasonable and adequate and should be approved by the Court.

## BACKGROUND OF THE CASE

Plaintiff William H. Gradie filed a putative class action complaint against Defendant on behalf of himself and all other members of the class alleged to be similarly situated on April 20, 2016.[2]   On or about May 20, 2016, Defendant timely removed the Action to the United States District Court for the Central District of California pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). On or about July 7, 2016, the Action was transferred to the District of Utah and assigned Case No. 2:16-cv-00768-DN.

---

[2] Plaintiff Harper filed a separate proposed class action lawsuit (i.e., the Harper Lawsuit) against Defendant on February 1, 2016. The original complaint in the Harper Lawsuit was then amended on April 12, 2016 to add Plaintiffs Stevenson and Mitchell as named plaintiffs. The complaint in the Harper Lawsuit was then amended for a second time on July 11, 2016. On or about August 24, 2016, Defendant timely removed the Harper Lawsuit to the United States District Court for the Central District of California pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). On or about August 26, 2016, the Harper Lawsuit was transferred to the District of Utah and assigned Case No. 2:16-cv-00906.

On September 29, 2016, Plaintiff Gradie filed the Declaratory Relief Action against Defendant. The Declaratory Relief Action was subsequently deemed related to and consolidated with the Action.

On November 25, 2019, a First Amended Complaint was filed in the Action, which added Plaintiffs Harper, Stevenson, and Mitchell as named plaintiffs and incorporated all of the claims they had alleged in the Harper Lawsuit into the Action.

In the operative First Amended Complaint filed in the Action, Plaintiffs have alleged, among other things, the following claims and alleged violations against Defendant: (1) Unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 et seq.; (2) failure to pay minimum wages under the California Labor Code, applicable Wage Order, and corresponding regulations; (3) failure to pay regular wages, straight time wages, and overtime wages under the California Labor Code, applicable Wage Order, and corresponding regulations; (4) failure to provide accurate itemized wage statements; (5) failure to maintain copies of accurate itemized wage statements; (6) failure to reimburse for all business-related expenses under the California Labor Code; (7) unlawful deductions in violation of the California Labor Code; (8) failure to provide meal periods as required under the California Labor Code, applicable Wage Order, and corresponding regulations; (9) failure to provide rest periods as required under the California Labor Code, applicable Wage Order, and corresponding regulations; (10) failure to timely pay wages due in violation of California Labor Code §§ 201-203 et seq.; (11) failure to pay all wages owed on regularly scheduled paydays in violation of California Labor Code §§ 204 et seq.; (12) misrepresentation in violation of California Labor Code §§ 970 through  972 et seq.; (13) usury, and; (14) violation of the Private Attorneys' General Act of 2004 (i.e., California Labor Code §§ 2698 et seq.).

Defendant contends that the Action lacks merit and that they properly paid truck drivers for all hours worked, including all minimum wages and all other wages of every kind.  Defendant also contends that any meal and rest break claims are preempted by federal law (but even if that were not the case it satisfied its meal and rest break obligations to truck drivers), that it provided accurate itemized wage statements and any other required employment records, and that it paid employees whose employment terminated all wages due at the time of termination.  Defendant denies that Plaintiffs or the other Class Members are entitled to any relief whatsoever under the California Labor Code, Wage Order No. 9-2001, the California Business & Professions Code, the California Code of Regulations, the California Civil Code, PAGA, or any other law, regulation, or statute of any kind.

The Action has been actively litigated by Plaintiffs' counsel since it was filed in 2016, including obtaining vast amounts of informal discovery and other investigation by Plaintiffs' counsel.  The Parties also engaged in intensive fact review and voluntary document exchange prior to mediating this case before Mediator Steve Pearl, who is an experienced and respected mediator for wage and hour disputes. With the assistance of Mediator Pearl and related settlement discussions, the Parties ultimately agreed to the Settlement.  The Settlement has been preliminarily approved by the Court.

## SUMMARY OF THE PROPOSED SETTLEMENT

### Who is included in the Settlement?

As long as you do not timely opt out of the Settlement and it becomes completely final and no longer capable of being appealed, you are eligible to receive a payment under the Settlement if you were

employed by Defendant as a truck driver in California between March 12, 2014 and _____, 2020 (the "Class"). The Class thus includes employee truck drivers of any kind who worked for Defendant in the State of California during the Class Period, including, but not limited to, drivers, truck drivers, truck workers, industrial truck workers, industrial truck drivers, Phase I drivers, Phase II drivers, driver trainees, student drivers, and/or any other similar job designation or description that involved driving a truck for Defendant.

Participating Class Member means a Class Member who does **not** submit a valid Election Not to Participate in Settlement (i.e., an opt out form). The Settlement Administrator will provide a monetary payment to each Participating Class Member who is eligible for payment, based on the formula set forth below.

## What will I receive from the Settlement?

### A. All Participating Class Members will receive their portion of the Settlement Payment

The Settlement calls for a total Settlement Payment by Defendant of Three Million Six Hundred Thousand Dollars ($3,600,000.00). After deducting Court approved amounts for attorneys' fees, costs and expenses, the incentive/bonus or service award payments to the Class Representatives, all employee and employer tax withholdings, the payment allocated to the LWDA for its portion of the PAGA payment, and the estimated costs of settlement administration, the remaining amount is the Net QSF which will be paid to Participating Class Members, calculated as follows:

1. The Net QSF will be available for distribution to Participating Class Members.

2. A Participating Class Member's Settlement Share will be calculated as follows: (1) calculating the total weeks worked by all Participating Class Members based on the Class Data (the "Total Work Weeks"); (2) dividing each Participating Class Member's work weeks based on the Class Data by the Total Work Weeks to determine his or her proportionate share of the Net QSF (for each Participating Class Member, the "Settlement Share Proportion"); and (3) multiplying each Participating Class Member's Settlement Share Proportion by the Net QSF.

### B. When will I receive my potion of the Settlement Payment?

The portion of the Settlement Payment to be paid to Participating Class Members will be paid approximately 30 days after final court approval of the Settlement and after all rights to appeal or review are exhausted or any appeal or review has been resolved in favor of the Settlement. Please be patient.

### C. Certain Participating Class Members May Also Receive Debt Forgiveness

In addition to the Settlement Payment, Defendant will release and discharge any liquidated damages (which are set at exactly $2,500 under the Driver Education and Employment Contract) and interest for those Participating Class Members that Defendant contends are owed to Defendant by any Participating Class Member under a Driver Education and Employment Contract or related tuition agreement owned by Defendant as of [insert date]. By releasing the aforementioned interest and liquidated damages, it is understood that Defendant is not releasing any principal amounts of tuition owed to it by any

Participating Class Member.

**Service Award to Class Representatives:**  Subject to approval and order by the Court, and pursuant to applicable legal standards, there will be a payment to Plaintiffs of up to $12,000.00 each (but no more). This payment is to reimburse Plaintiffs for assisting in the investigation, participating in the case, providing a general release, and otherwise assisting Class Counsel.  Defendant will not oppose this request.

**Attorneys' Fees and Costs:**  Subject to approval and order by the Court, and pursuant to applicable legal standards, Class Counsel will seek an award of attorneys' fees in an amount up to One Million Four Hundred Forty Thousand Dollars ($1,440,000.00), which is 40% of the Settlement Payment.  In addition, Class Counsel may ask to be reimbursed for costs in an amount up to Ninety Thousand Dollars ($90,000.00) incurred in prosecuting this action.  The awarded attorneys' fees shall be allocated 50% to The Van Vleck Law Firm, LLP and 50% to Blumenthal Nordrehaug Bhowmik De Blouw LLP.  The awarded attorney's costs shall be allocated based on the amount incurred by Class Counsel.  Class Counsel believes that the amounts for costs and attorneys' fees requested is fair and reasonable and Defendant will not oppose Class Counsel's request for these amounts.

**Labor & Workforce Development Agency Payment of PAGA Penalties:**  Subject to approval and order by the Court, and pursuant to applicable legal standards, there will be a payment to the California Labor & Workforce Development Agency ("LWDA") of Fifty Four Thousand Dollars ($54,000.00) for the LWDA's portion (75%) of the purported penalties attributable to the PAGA claims asserted in the Action.

**Settlement Administrator:**  The Court has appointed _____ to act as an independent Settlement Administrator to process this Settlement, to resolve any dispute concerning a Class Member's eligibility to participate in the Settlement and his or her share of the Settlement proceeds and to make payments to the Participating Class Members.  Subject to approval and order by the Court, the independent Settlement Administrator will be reimbursed for administering this Settlement from the Settlement Payment.

## <u>YOUR LEGAL REPRESENTATION</u>

The Court has decided that the following attorneys are qualified to represent you and all other Settlement Class Members:

| | |
|---|---|
| Kyle R. Nordrehaug | Brian Van Vleck |
| Blumenthal Nordrehaug Bhowmik De Blouw LLP | The Van Vleck Law Firm, LLP |
| 2255 Calle Clara | 5757 Wilshire Blvd., Suite 535 |
| La Jolla, California 92037 | Los Angeles, CA 90036 |
| Tel: (858) 551-1223 | Telephone:  (323) 920-0250 |
| Email: Kyle@bamlawca.com | Email:  bvanvleck@vvlawgroup.com |

These attorneys are called "Class Counsel."  You do not need to hire your own attorney because Class Counsel is working on your behalf.  You do, however, have the right to have your own attorney, but you will be required to pay his or her fees.  If you have questions or desire additional details, you may call, email or correspond with Class Counsel.  You may also view any of the documents on file with the

Court in the Action at the United States District Court for the District of Utah, 351 South West Temple, Salt Lake City, Utah 84101, or through PACER at https://ecf.utd.uscourts.gov/.

## WHAT ARE YOUR RIGHTS AS A CLASS MEMBER?

**Receive a Settlement Share:**  To receive a monetary payment from the settlement administrator, you do not have to do anything.  A check for your Settlement Share will be automatically mailed to you at the same address as this Notice so long as the Settlement is approved.  If your address is incorrect or changes, you must notify the Settlement Administrator.

The Settlement Administrator is _____.

**Excluding Yourself from the Settlement:**  If you do not wish to be bound by the Settlement, you must submit a request for exclusion in writing to Class Counsel and Defendant's Counsel (an "Election Not to Participate in Settlement").  To be valid, the Election Not to Participate in Settlement document must (1) be in writing and signed by the Class Member, (2) include the name and address of the Class Member, and (3) indicate the Class Member's request to be excluded from the Settlement Class in *Gradie et al. v. C.R. England, Inc*.  The Election Not to Participate in Settlement document must be postmarked no later than **[EXCLUSION DEADLINE]** to the Settlement Administrator at the address listed on this Notice.  Any person who submits a complete and timely Election Not to Participate in Settlement document shall, upon receipt by the Settlement Administrator, no longer be a Participating Class Member, shall be barred from participating in any portion of the Settlement, and shall receive no benefits from the Settlement.  Any such person, at their own expense, may pursue any claims he or she may have against Defendant but is not required to do anything.  An incomplete, untimely or unsigned Election Not to Participate in Settlement document will be deemed invalid.

**Objection to Settlement:**  If you opt out of the Settlement, you do not have any right to object to it.  So long as you do not opt out and are a Participating Class Member, you can object to the terms of the Settlement before final approval.  However, if the Court rejects your objection, you will still be bound by the terms of the Settlement.  To object, you must file a written objection with the Clerk of the United States District Court for the District of Utah, 351 South West Temple, Salt Lake City, Utah 84101, and send copies to the Settlement Administrator and the following counsel:

|                      |                      |
|----------------------|----------------------|
| **CLASS COUNSEL**    | **DEFENDANT'S COUNSEL** |
| Kyle Nordrehaug      | Drew R. Hansen, Esq. |
| Blumenthal Nordrehaug Bhowmik | Nossaman LLP |
| De Blouw LLP         | 18101 Von Karman Ave., Suite 1800 |
| 2255 Calle Clara     | Irvine, California 92612 |
| La Jolla, California 92037 | |
| Tel: (858) 551-1223  | |
| kyle@bamlawca.com    | |
|                      | |
| Brian Van Vleck      | |
| The Van Vleck Law Firm, LLP | |
| 5757 Wilshire Blvd., Suite 535 | |
| Los Angeles, CA 90036 | |
| Telephone: (323) 920-0250 | |
| Email:  bvanvleck@vvlawgroup.com | |

57150425.v4

Any written objection shall state each specific reason in support of your objection and any legal support for the objection.  Your objection must also state your full name, address, and the dates of your employment with Defendant.  To be valid and effective, any objection to approval of the Settlement must be filed with the Clerk of the Court and served upon each of the above-listed attorneys no later than **[OBJECTION DEADLINE]**.  **DO NOT TELEPHONE THE COURT.**

If you choose to file an objection to the terms of this settlement, you will be solely responsible for the fees and costs of your own attorney.

<u>**EFFECT OF THE SETTLEMENT**</u>

The Settlement is intended to settle and resolve claims against Defendant as follows:  Upon the Effective Date of the Settlement, each and every Participating Class Member hereby releases, discharges, and agrees to hold harmless Defendant and all of the other Released Parties, and each of them, from any and all Claims that have been asserted, or could have been asserted, up through and including the last day of the Class Period based upon the facts or allegations pled in any of the Complaints filed in the Lawsuits ("Claims Released By Participating Class Members").

As used above, "Claims" means all state and federal claims, causes of action, and forms of relief that have been asserted, or that could have been asserted, based on or arising from the facts or allegations alleged in any of the Complaints in the Lawsuits, whether in an individual, class, collective, or representative capacity, including, but not necessarily limited to, all claims, causes of action, and relief alleged or that could have been alleged based on or arising out of the facts or allegations set forth in the operative First Amended Complaint in the Action.  The Claims thus include, but are not limited to, all claims, causes of action, and associated relief regarding minimum wages, regular and straight time wages, overtime wages, hourly wages, piece-rate wages, wages for all time worked, wages for all miles driven, wages for both driving and non-driving time, wages for rest and recovery periods and all other non-productive time, and all other forms of wages of any kind whatsoever, off-the-clock work, payment of all wages owed each pay period, payment of all wages owed upon termination or cessation of employment, meal periods, rest periods, wage statements, pay records, employment and personnel records, business expenses of every kind (e.g., cell phones), deductions of every kind (e.g., charges associated with any Class Members' attendance at the Premier Truck Driving School or third party school), waiting time penalties, civil penalties, any other penalties, premium compensation, misrepresentation, misclassification (i.e., exempt v. non-exempt), fraud, usury, interest, damages, liquidated damages, statutory damages, punitive damages, restitution, disgorgement, injunctive and declaratory relief, and attorneys' fees and costs, as well as claims under the California Private Attorneys General Act of 2004 ("PAGA") and under the California Business & Professions Code §§ 16600 and 17200 *et seq.*, and any other claims, causes of action, relief or remedies that were asserted or that could have been asserted, based upon or arising out of the facts and allegations actually pleaded in the First Amended Complaint in the Action.  Without in any way limiting the nature of the foregoing, the Claims include all claims not known or suspected to exist, against Defendant under state, federal or local wage and hour laws or regulations, including all of the statutes, regulations, rules, and wage orders expressly referenced in the First Amended Complaint in the Action along with any additional statutes, regulations, rules, and Industrial Welfare Commission wage orders that could have been asserted arising out of the facts and allegations actually pleaded in any of the Complaints in the Lawsuits, including, but not limited to, claims based, in whole or in part, on California Labor Code §§ 200 through 204, 204b, 204.2, 206, 206.5, 208, 210, 212, 216, 218, 218.5, 218.6, 221 through 224, 225.5, 226, 226.2, 226.3, 226.6,

226.7, 229, 256, 432, 432.5, 450, 451, 510, 512, 551, 552, 558, 970, 971, 972, 1174, 1174.5, 1175, 1182.11, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, 1199, 2800, 2802 through 2804, 2810.5, 2698 *et seq.*, and 2699, Wage Order No. 9-2001 as well as any prior iteration or version of that wage order, California Civil Code §§ 1912 *et. seq.*, 3287, and 3289, California Code of Civil Procedure § 1021.5, California Business & Professions Code Sections §§ 16600 and 17200 *et seq.*, title 8 of the California Code of Regulations § 11090, and claims arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

Each Participating Class Member waives all rights and benefits afforded by Section 1542 of the Civil Code of the State of California as to the Claims Released By Participating Class Members enumerated above only, and does so understanding the significance of that waiver. Section 1542 provides the following:

> *A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, must have materially affected his or her settlement with the debtor or released party.*

If you are a Class Member and do not elect to exclude yourself from the Settlement as provided for in this Notice, you will be deemed to have entered into this release and to have released the above-described claims. If the Settlement is approved by the Court and becomes final, the Settlement will be consummated. If the Settlement is not approved by the Court or does not become final for some other reason, the Action will continue.

## FINAL SETTLEMENT APPROVAL HEARING

The Court will hold a hearing in the United States District Court for the District of Utah, 351 South West Temple, Salt Lake City, Utah 84101, on [**FINAL APPROVAL HEARING DATE AND TIME**], to determine whether the Settlement should be finally approved as fair, reasonable and adequate. The Court also will be asked to approve Class Counsel's request for attorneys' fees and reimbursement of costs and expenses, Plaintiffs' service awards, the payment to the LWDA, and the payment to the Settlement Administrator. The hearing may be continued without further notice to the Class. It is not necessary for you to appear at this hearing unless you wish to be heard.

## ADDITIONAL INFORMATION

The above is a summary of the basic terms of the Settlement. For the precise terms and conditions of the Settlement, you should consult the detailed "Joint Stipulation of Class Action Settlement and Release of Claims," which is on file with the Clerk of the Court. The pleadings and other records in the Action, including the aforementioned Stipulation, may be examined at any time during regular business hours at the Office of the Clerk of the United States District Court for the District of Utah, 351 South West Temple, Salt Lake City, Utah 84101, or through PACER at https://ecf.utd.uscourts.gov/. You may also contact Class Counsel listed above to obtain settlement documents.

**PLEASE DO NOT TELEPHONE THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT. ANY QUESTIONS SHOULD BE DIRECTED TO CLASS COUNSEL OR THE SETTLEMENT ADMINISTRATOR, AND NOT DEFENDANT'S COUNSEL.**

**EXHIBIT "B"**

1

<u>**Exhibit "B"**</u>

2

3

4

5

6

7

8

9

10          UNITED STATES DISTRICT COURT

11    FOR THE DISTRICT OF UTAH – CENTRAL DIVISION

12

13   WILLIAM H. GRADIE, MILTON          | Lead Case No. 2:16-cv-00768-DN
     HARPER, RONNIE STEVENSON, and      | Member Case No. 2:16-cv-001015-DN
14   JONATHAN MITCHELL, individuals, on |
     behalf of themselves, and on behalf of all |
15   persons similarly situated,        | **[PROPOSED] ORDER GRANTING
                                         | PRELIMINARY APPROVAL OF
16              Plaintiffs,             | CLASS ACTION SETTLEMENT**

17        vs.                           | Judge:

18   C.R. ENGLAND, INC., a Corporation; |
     and Does 1 through 100, Inclusive, |
19                                       |
               Defendant.               |
20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING PRELIMINARY
                                                                       APPROVAL OF CLASS ACTION SETTLEMENT

1    On _____, 2019, the Court received an unopposed motion by Plaintiffs

2    William H. Gradie, Milton Harper, Ronnie Stevenson, and Jonathan Mitchell

3    ("Plaintiffs") requesting preliminary approval of a proposed class-wide settlement

4    of the above-captioned action.  Having considered the Joint Stipulation of Class

5    Action Settlement and Release of Claims (the "Stipulation" or "Settlement") and all

6    Exhibits thereto, including the proposed Class Notice (which is Exhibit A to the

7    Stipulation), it is hereby ORDERED as follows:

8        1.    This Order incorporates by reference the definitions in the Joint

9    Stipulation of Class Action Settlement and Release of Claims ("Settlement,"

10   "Agreement," or "Settlement Agreement"), which, together with the exhibits

11   thereto, sets forth the terms and conditions for a proposed settlement, and unless

12   otherwise provided herein, capitalized terms shall have the meanings set forth in the

13   Stipulation.

14       2.    The Court finds on a preliminary basis that the settlement

15   memorialized in the Stipulation falls within the range of reasonableness and,

16   therefore, meets the requirements for preliminary approval.  It appears to the Court

17   that counsel for the Parties have conducted extensive and costly investigation and

18   research such that they are able to reasonably evaluate their respective positions. It

19   further appears to the Court that the Settlement will avoid substantial additional

20   costs by all Parties and the delay and risks that would be presented by further

21   prosecution of the Action. It further appears that the Parties have reached this

22   Settlement as the result of intensive, serious and non-collusive, arms-length

23   negotiations before a neutral mediator, and entered into the Settlement in good

24   faith.

25       3.    The Court has reviewed the monetary recovery granted as part of the

26   Settlement and preliminarily finds that the monetary settlement awards and

27   forgiveness of debt made available to all Class Members are fair, adequate and

28

1   reasonable when balanced against the probable outcome of further litigation

2   relating to liability and damages issues.

3       4.    The Court conditionally certifies, for settlement purposes only, the

4   following settlement class described in more detail in the Stipulation:

5          All current and former truck drivers employed by

6          Defendant in the State of California during the Class

7          Period.  The Class Period is the period of time beginning
       on, and including, March 12, 2014, and continuing up

8          through sixty (60) days after the Stipulation was signed
       by all Parties or the date of this Order, whichever date is

9          earlier.

10      5.    The Court finds, for settlement purposes only, that the requirements of

11  Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied, with the

12  exception of the manageability requirement of Rule 23(b)(3), which the Court need

13  not address for purposes of settlement.

14      6.    The Court finds that the members of the Settlement Class are so

15  numerous as to make it impracticable to join all Class Members; the Class is

16  ascertainable; there are common questions of law and fact involving the claims

17  being settled by this Agreement; Plaintiffs' claims are typical of the claims of the

18  Class Members; Plaintiffs and Class Counsel are adequate representatives of the

19  Class; and the prosecution of separate actions by individual Class Members would

20  create the risk of inconsistent or varying adjudications which would establish

21  incompatible standards of conduct.

22      7.    The common questions of law and fact involving the claims being

23  settled by this Settlement Agreement, include, but are not limited to, the following:

24        a.  Whether Defendant failed to pay Class Members minimum wage

25            under California law.

26        b.  Whether Defendant failed to pay Class Members any overtime

27            wages under California law.

28

c. Whether Defendant failed to provide accurate, itemized wage statements to the Class Members under California law.

d. Whether Defendant failed to maintain accurate, itemized wage statements for the Class Members under California law.

e. Whether Defendant failed to reimburse Class Members for required business expenses under California law.

f. Whether Defendant took any unlawful deductions from Class Members in violation of California law.

g. Whether Defendant failed to provide off-duty meal and rest periods under California law.

h. Whether Defendant failed to timely pay all wages owed to Class Members upon termination of their employment.

i. Whether Defendant failed to timely pay all wages owed to Class Members each pay period.

j. Whether Defendant followed a consistent policy and practice of allegedly imposing unlawful wage deductions and payment of expenses by, *inter alia*: requiring Class Members to pay out of their own pockets for the Premier Truck Driving School; requiring Class Members to purportedly patronize Defendant's own for-profit training and finance program; and deducting from wages for training costs, alleged "liquidated damages," usurious interest rates, and other sums supposedly owed to Defendant.

k. Whether Defendant made false representations to Class Members that: (a) the actual out-of-pocket cost to Defendant for its training was in excess of $5,000; (b) full-time work would be "guaranteed" by Defendant for at least the mandated nine-month term of employment; (c) that during this "guaranteed" employment period

their employment would not be terminable "at will" on the same basis as other Defendant employees, but rather would be terminable only for demonstrated "good cause"; and (d) that Defendant would fully pay the cost of training on their behalf and thereby cause the Promissory Note to be satisfied and discharged upon completion of their nine-month term of employment.

l. Whether Defendant violated California's unfair competition law;

m. Whether Defendant charged usury interest rates in excess of 18% to Class Members pursuant to the terms of Promissory Notes which were allegedly required to obtain employment with Defendant.

8. This Order, which conditionally certifies a class action for settlement purposes only, shall not be cited in this or any matter for the purpose of seeking class certification, opposing decertification, or for any other purpose other than enforcing the terms of the Stipulation.

9. The Court appoints Plaintiffs as the Class Representatives for purposes of the Settlement.

10. The Court appoints the law firms of Blumenthal Nordrehaug Bhowmik De Blouw LLP and The Van Vleck Law Firm as Class Counsel for purposes of the Settlement and the releases and other obligations therein.

11. The Court appoints _____ as the Settlement Administrator.

12. The Class Notice, attached as Exhibit A to the Stipulation, is approved. The Settlement Administrator is ordered to mail the Class Notice to the Class Members as provided in the Stipulation.

13. Each Class Member will have sixty (60) days after the date on which the Settlement Administrator mails the Class Notice to submit a properly completed and executed Election Not to Participate in Settlement document in order to exclude

themselves from the Settlement.  A completed and executed Election Not to Participate in Settlement document will be deemed timely submitted to the Settlement Administrator if it is (i) mailed to the Settlement Administrator by first-class mail and postmarked by not later than the deadline for submission stated above; or (ii) delivered to and received by the Settlement Administrator by the deadline for submission stated above, whether by mail, facsimile transmission, professional delivery, or personal delivery.  To be valid, the Election Not to Participate in Settlement document must comply with the procedure set forth in the Notice and must (1) be in writing and signed by the Class Member, (2) include the name and address of the Class Member, and (3) indicate the Class Member's request to be excluded from the Settlement Class in *Gradie et al. v. C.R. England, Inc.*

14.    Each Class Member who does not timely submit an Election Not to Participate in the Settlement document will have sixty (60) days after the date on which the Settlement Administrator mails the Class Notice to object to the Settlement by serving on the Settlement Administrator, Class Counsel, and Counsel for Defendant, and filing with the Court, a written objection to the Settlement, Plaintiffs' Service Payments, and/or Class Counsel's attorneys' fees and costs.  A Class Member who does not serve a written objection in the manner and by the deadline specified above will be deemed to have waived any objection and will be precluded from making any objection to the Settlement.

15.    The Court will conduct a Fairness Hearing on _____, 2020 at _____ to determine whether the Settlement as set forth in the Stipulation should be finally approved as fair, reasonable, and adequate as to all Participating Class Members, whether the Court should grant Plaintiffs' request for the Plaintiffs' Service Payments, and whether the Court should grant Plaintiffs'

request for attorneys' fees and costs for Class Counsel.  The Fairness Hearing may be continued without further notice to the Class Members.

16.     Class Counsel shall file a motion with the Court requesting final approval of the Settlement at least twenty-eight (28) days prior to the Fairness Hearing.

17.     The Class Representatives and Class Counsel may file a motion requesting the Plaintiffs' Service Payment and attorneys' fees and costs no later than fourteen (14) days prior to the deadline for objections, which motion shall be accessible to the Class as directed in the Class Notice.

18.     As of the date this Order is signed, all dates and deadlines associated with the Action shall be vacated, other than those contemplated herein and in the Settlement Agreement, and pertaining to the administration of the Settlement of the Action.

**IT IS SO ORDERED**.


Dated: _____, 20__

_____
Hon. David Nuffer
United States District Judge
District of Utah

**EXHIBIT "C"**

1

**Exhibit "C"**

2

3

4

5

6

7

8

9

10                    UNITED STATES DISTRICT COURT

11          FOR THE DISTRICT OF UTAH – CENTRAL DIVISION

12

13   WILLIAM H. GRADIE, MILTON          | Lead Case No. 2:16-cv-00768-DN
     HARPER, RONNIE STEVENSON, and      | Member Case No. 2:16-cv-001015-DN
14   JONATHAN MITCHELL, individuals, on |
     behalf of themselves, and on behalf of all |
15   persons similarly situated,        | **[PROPOSED] ORDER**
                                        | **(1) CONFIRMING CERTIFICATION**
16              Plaintiffs,             | **OF CLASS ACTION FOR**
                                        | **SETTLEMENT PURPOSES;**
17        vs.                           | **(2) GRANTING FINAL APPROVAL**
                                        | **OF CLASS ACTION SETTLEMENT;**
18   C.R. ENGLAND, INC., a Corporation; | **AND (3) ENTERING FINAL**
     and Does 1 through 100, Inclusive, | **JUDGMENT**
19
                Defendant.
20

21

22

23

24

25

26

27

28

1    This matter came on for hearing upon the Court's Order of _____,

2    2019 (the "Preliminary Approval Order") and following Plaintiffs' unopposed

3    motion for final approval of the settlement in this action.  Due and adequate notice

4    having been given to the Class (as defined in footnote 1 below), and the Court

5    having considered all papers filed and proceedings had herein and all oral and

6    written comments received regarding the proposed Settlement, and having reviewed

7    the record in the above captioned matter, and good cause appearing,

8        IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS

9    FOLLOWS:

10       1.    The Court has jurisdiction over the subject matter of the above-

11   captioned action (the "Action"), the Plaintiffs William H. Gradie, Milton Harper,

12   Ronnie Stevenson, and Jonathan Mitchell ("Plaintiffs"), Defendant C.R. England,

13   Inc. ("Defendant") and all truck drivers employed in California by Defendant at any

14   time during the Class Period (collectively the Class[1] or "Class Members").  The

15   Class Period is March 12, 2014 through _____, 2020.

16       2.    All terms herein shall have the same meaning as terms defined in the

17   Joint Stipulation of Class Action Settlement and Release of Claims (the

18   "Stipulation" or "Settlement"), unless specifically provided otherwise herein.

19       3.    The Court grants final approval of the parties' Settlement on the terms

20   set forth in the Stipulation.

21   _____

22   [1] As set forth in the Stipulation, "Class" means all current and former truck drivers
     employed by Defendant in the State of California during the Class Period.  The
23   Class thus includes employee truck drivers of any kind who worked for Defendant
     in the State of California during the Class Period, including, but not limited to,
24   drivers, truck drivers, truck workers, industrial truck workers, industrial truck
     drivers, Phase I drivers, Phase II drivers, driver trainees, student drivers, and/or any
25   other similar job designation or description that involved driving a truck for
26   Defendant.

27

28   CASE NO. 2:16-cv-00768-DN

[PROPOSED] ORDER (1) CONFIRMING
CERTIFICATION OF CLASS ACTION FOR
SETTLEMENT PURPOSES; (2) GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT; AND
(3) ENTERING FINAL JUDGMENT

4.       The Court finds that the distribution by first-class mail of the Class Notice constituted the best notice practicable under the circumstances to all persons within the definition of the Class and fully met the requirements of due process under the United States Constitution and applicable state law.  Based on evidence and other material submitted in conjunction with the Fairness Hearing, the actual notice to the Class was adequate.  These papers informed Class Members of the terms of the Settlement, their right to a share of the Settlement Payment and to forgiveness of certain debts, their right to object to the Settlement, their right to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the Fairness Hearing and to be heard regarding approval of the Settlement.  Adequate periods of time were provided by each of these procedures, as set forth in the Court's preliminary approval order and the Stipulation.  [No Class Members objected to the Settlement, and only ___ individuals opted out of the Settlement.]

5.       The Court finds, for settlement purposes only, that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied, with the exception of the manageability requirement of Rule 23(b)(3), which the Court need not address for purposes of settlement.

6.       The Court finds that the members of the Settlement Class are so numerous as to make it impracticable to join all Class Members; the Class is ascertainable; there are questions of law and fact common to the Class with respect to the claims being settled by this Agreement; Plaintiffs' claims are typical of the claims of the Class Members; Plaintiffs and Class Counsel are adequate representatives of the Class; and the prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying adjudications which would establish incompatible standards of conduct.

CASE NO. 2:16-cv-00768-DN

3

[PROPOSED] ORDER (1) CONFIRMING
CERTIFICATION OF CLASS ACTION FOR
SETTLEMENT PURPOSES; (2) GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT; AND
(3) ENTERING FINAL JUDGMENT

7.     The questions of law and fact common to the Class, include, but are not limited to, the following:

   a. Whether Defendant failed to pay Class Members minimum wage under California law.

   b. Whether Defendant failed to pay Class Members any overtime wages under California law.

   c. Whether Defendant failed to provide accurate, itemized wage statements to the Class Members under California law.

   d. Whether Defendant failed to maintain accurate, itemized wage statements for the Class Members under California law.

   e. Whether Defendant failed to reimburse Class Members for required business expenses under California law.

   f. Whether Defendant took any unlawful deductions from Class Members in violation of California law.

   g. Whether Defendant failed to provide off-duty meal and rest periods under California law.

   h. Whether Defendant failed to timely pay all wages owed to Class Members upon termination of their employment.

   i. Whether Defendant failed to timely pay all wages owed to Class Members each pay period.

   j. Whether Defendant followed a consistent policy and practice of allegedly imposing unlawful wage deductions and payment of expenses by, *inter alia*: requiring Class Members to pay out of their own pockets for the Premier Truck Driving School; requiring Class Members to purportedly patronize Defendant's own for-profit training and finance program; and deducting from wages for

CASE NO. 2:16-cv-00768-DN

4

[PROPOSED] ORDER (1) CONFIRMING
CERTIFICATION OF CLASS ACTION FOR
SETTLEMENT PURPOSES; (2) GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT; AND
(3) ENTERING FINAL JUDGMENT

1   training costs, alleged "liquidated damages," usurious interest rates,

2   and other sums supposedly owed to Defendant.

3   k.  Whether Defendant made false representations to Class Members

4   that: (a) the actual out-of-pocket cost to Defendant for its training

5   was in excess of $5,000; (b) full-time work would be "guaranteed"

6   by Defendant for at least the mandated nine-month term of

7   employment; (c) that during this "guaranteed" employment period

8   their employment would not be terminable "at will" on the same

9   basis as other Defendant employees, but rather would be terminable

10   only for demonstrated "good cause"; and (d) that Defendant would

11   fully pay the cost of training on their behalf and thereby cause the

12   Promissory Note to be satisfied and discharged upon completion of

13   their nine-month term of employment.

14   l.  Whether Defendant violated California's unfair competition law;

15   m.  Whether Defendant charged usury interest rates in excess of 18% to

16   Class Members pursuant to the terms of Promissory Notes which

17   were allegedly required to obtain employment with Defendant.

18   8.     The Court further finds Plaintiffs' claims are typical of the claims of

19  the Class Members and that Plaintiffs are adequate representative of the Class.

20  Plaintiffs all underwent training at Defendant's training program in reliance on the

21  representations of Defendant. Plaintiffs were all subject to an employment

22  agreement together with terms for liquidated damages, and the allegedly usurious

23  interest rates. At least Plaintiff Gradie was terminated prior to the expiration of that

24  agreement and was obligated to pay the allegedly improper liquidated damages and

25  allegedly usurious interest rates. Plaintiffs were all employed by Defendant and

26  were all allegedly not paid for all time worked and missed meal and rest breaks

27

28  CASE NO. 2:16-cv-00768-DN

[PROPOSED] ORDER (1) CONFIRMING
CERTIFICATION OF CLASS ACTION FOR
SETTLEMENT PURPOSES; (2) GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT; AND
(3) ENTERING FINAL JUDGMENT

allegedly resulting in untimely wages and inaccurate wage statements. The prosecution of separate actions by individual Class Members against Defendant would create the risk of inconsistent or varying adjudications which would establish incompatible standards of conduct.

9. Accordingly, solely for purposes of effectuating this Settlement, this Court has certified a class of all Class Members. Because the Rule 23 class is being certified here for settlement purposes only, the Court need not (and does not) address the manageability requirement of Rule 23(b)(3). *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

10. The Court approves the Settlement of the Lawsuits, and each of the releases and other terms set forth in the Stipulation, as fair, just, reasonable and adequate as to the Class, the Plaintiffs, and Defendant. A court "may approve a settlement…that would bind class members only after a hearing and on finding that the settlement…is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(c). "In assessing whether the settlement is fair, reasonable and adequate the trial court should consider: (1) whether the proposed Settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the Settlement is fair and reasonable. *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984). Each of these factors is met here.

11. First, Plaintiffs and Defendant participated in arms-length negotiations, using an experienced mediator of class actions. (Dkt. No. XX at XX.) Although the parties did not engage in formal discovery, Plaintiffs had access to more than sufficient information to determine the potential value and associated risks of their

CASE NO. 2:16-cv-00768-DN

6

[PROPOSED] ORDER (1) CONFIRMING
CERTIFICATION OF CLASS ACTION FOR
SETTLEMENT PURPOSES; (2) GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT; AND
(3) ENTERING FINAL JUDGMENT

1    claims, including obtaining assistance from a valuation expert.  (Dkt. No. XX at

2    XX.)

3          12.    Second, the Court was presented, both in briefing and oral argument,

4    with serious questions of law and fact regarding the outcome of this matter,

5    including but not limited to, individual arbitration agreements which on their face

6    bar class litigation, a 2018 decision from the Federal Motor Carrier Safety

7    Administration that if upheld would eradicate Plaintiffs' meal and rest break claims,

8    numerous other substantive defenses to Plaintiffs' claims (including, but not limited

9    to, federal preemption as well as the fact that certain claims may be barred as a

10   matter of law) that could substantially impact the outcome of the litigation and

11   result in no recovery at all for the Class Members, class certification and other

12   representative action difficulties. (Dkt. No. XX at XX.), etc.  The outcome of

13   protracted litigation is thus far from certain, and Plaintiffs face substantial risks of

14   not prevailing on their claims and/or being able to proceed with a group-wide

15   claims.

16         13.    Third, the value of immediate recovery here is substantial, and the

17   possibility of future recovery for the class is tenuous. As discussed above, Plaintiffs

18   face serious hurdles in prosecuting their claims against Defendant. The proposed

19   Settlement provides for a non-reversionary net payment of approximately

20   $X,XXX,XXX to a class of XX,XXX truck drivers, or  approximately $XXX per

21   individual.  In addition, Class Members will receive debt forgiveness worth

22   millions of dollars.  This Settlement is thus at the very least substantially similar to,

23   and from the Court's perspective far superior to, two other previously approved

24   class action settlements against Defendant, which asserted (and released) similar

25   claims.  One of those actions was *Jasper et al. v. CR England, Inc.*, Case No. 2:08-

26   cv-05266 (C.D. Cal).  The other action, *Milton Harper et al. v. C.R. England, Inc.*,

27

28

Case No. 2:16-cv-906-RJS-CMR  (D. Utah) ("*Harper* Action"), involved all of the same claims alleged in this case as well as three of the four named plaintiffs from this action.  Specifically, in late 2016/early 2017, United States District Court Judge Dee Benson approved a class action settlement in the *Harper* Action that provided $2,350,000 of monetary compensation and no debt forgiveness.  While the settlement of the *Harper* Action was ultimately reversed on a technical standing ground that had nothing to do with the reasonableness of the settlement or monetary recovery provided in that case, the parties from that action and Plaintiff Gradie subsequently negotiated the present settlement that provides for $3,600,000 of monetary compensation for the Class and in excess of fifteen million dollars in debt forgiveness.  The Court acknowledges that the *Jasper* and *Harper* cases and settlements are not identical to this case or the proposed Settlement, but finds that the risks for Plaintiffs here are substantial, and the comparison of this Settlement to the *Jasper* and *Harper* settlements are indications of the reasonableness of the proposed Settlement.

14.     Finally, the parties have indicated, and the Court agrees, that the Settlement is fair, adequate, and reasonable under the circumstances. Experienced counsel for Plaintiffs (which include multiple law firms and numerous lawyers) and Defendant have affirmed that, given the substantial risk and uncertainty of the outcome of the case on liability, class-wide litigation, and certification issues, the proposed Settlement is fair and reasonable. Given the complexity of the litigation, and uncertain state of the law on a number of issues, the Court finds that the proposed Settlement should be finally approved.  More specifically, the Court finds that the parties reached this Settlement following meaningful discovery and investigation conducted by Class Counsel; that the Settlement is the result of serious, informed, adversarial, and arms-length negotiations between the parties;

CASE NO. 2:16-cv-00768-DN

8

[PROPOSED] ORDER (1) CONFIRMING
CERTIFICATION OF CLASS ACTION FOR
SETTLEMENT PURPOSES; (2) GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT; AND
(3) ENTERING FINAL JUDGMENT

and that the terms of the Settlement are in all respects fair, adequate, and reasonable. The Court has considered all of the evidence presented, including evidence regarding the strength of the Plaintiffs' case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in the Settlement; and the extent of investigation and discovery completed. [The Court has further considered that only ___ Class Members submitted objections to the Settlement and only ___ Class Members submitted valid and timely requests to be excluded from the Class and the Settlement to the Settlement Administrator.] Accordingly, the Parties and the Settlement Administrator are directed to perform their respective obligations in accordance with the terms set forth in the Stipulation and this Order.

15.     The Court has afforded full opportunity to the Class Members to participate in the Final Approval Hearing, and all Class Members and other persons wishing to be heard have been heard. The Class Members also have had a full and fair opportunity to exclude themselves from the Settlement and the Class. Accordingly, the Court determines that all Class Members who did not submit valid and timely requests to be excluded from the Class and the Settlement to the Settlement Administrator are bound by this Final Approval Order and Judgment.

16.     Except as to any individual claim of those persons who have validly and timely requested exclusion from the Class and the Settlement, all of the Claims asserted in the above-captioned Action are dismissed with prejudice as to the Plaintiffs and the Participating Class Members.  The Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Stipulation.

17.     By this Judgment, the Plaintiffs are hereby bound by and subject to the general release described in Section XXI.A of the Stipulation. Among other things, this means that Plaintiffs, on behalf of themselves and their estates, executors,

CASE NO. 2:16-cv-00768-DN

[PROPOSED] ORDER (1) CONFIRMING
CERTIFICATION OF CLASS ACTION FOR
SETTLEMENT PURPOSES; (2) GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT; AND
(3) ENTERING FINAL JUDGMENT

administrators, heirs and assigns, hereby release, discharge, and agree to hold harmless Defendant and any of its parent companies, subsidiaries, divisions and other affiliated or related entities, past and present, as well as all of the aforementioned entities' (including, but not limited to, Defendant's) employees, officers, directors, agents, attorneys, insurers, partners, shareholders, owners, representatives, joint venturers and successors and assigns of each (i.e., the Released Parties), from any and all claims, damages, costs, obligations, causes of action, actions, demands, rights, and liabilities of every kind, nature and description whatsoever, whether known or unknown, whether anticipated or unanticipated, arising on or before the end of the Class Period ("Plaintiffs' Released Claims").

18.     By this Judgment, Participating Class Members are hereby bound and subject to the release described in Section XXI.B of the Stipulation.  Among other things, this means that upon the Effective Date of the Settlement, each and every Participating Class Member hereby releases, discharges, and agrees to hold harmless Defendant and all of the other Released Parties, and each of them, from any and all Claims (as that term is defined in Section II.G of the Stipulation) that have been asserted, or could have been asserted, up through and including the last day of the Class Period based upon the facts or allegations pled in any of the Complaints filed in the Lawsuits ("Claims Released By Participating Class Members").

19.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:  (i) is or may be deemed to be or may be cited or used as an admission of, or evidence of, the validity of any of the released claims described above, any wrongdoing or liability of Defendant or any of the Released Parties, or whether class action certification or any other group-wide status of any kind is

CASE NO. 2:16-cv-00768-DN

10

1  warranted in this Action or any other proceeding or that decertification is not

2  warranted in this Action or any other proceeding; or (ii) is or may be deemed to be

3  or may be used as an admission of, or evidence of, any fault or omission of

4  Defendant or any of the Released Parties in any civil, criminal or administrative

5  proceeding in any court, administrative agency, arbitration, or other tribunal of any

6  kind, nature, or description whatsoever.  Defendant may file the Judgment from the

7  above-captioned matter in any other action that may be brought against it in order

8  to support a defense or counterclaim based on principles of *res judicata*, collateral

9  estoppel, release, good faith settlement, judgment bar or reduction or any theory of

10  claim preclusion or issue preclusion or similar defense or counterclaim.

11      20.    The Action is dismissed on the merits and with prejudice, permanently

12  barring the Plaintiffs and Participating Class Members from prosecuting any of

13  Claims Released By Participating Class Members against Defendant or any of the

14  other Released Parties.  Plaintiffs are further barred from prosecuting any of

15  Plaintiffs' Released Claims.

16      21.    The Court hereby confirms the appointment of Plaintiffs as Class

17  Representatives for the Class for purposes of the Settlement.  The Court hereby

18  confirms the appointment of the law firms of Blumenthal, Nordrehaug, & Bhowmik

19  and The Van Vleck Law Firm as Class Counsel for the Class for purposes of

20  Settlement and the releases and other obligations therein.

21      22.    Pursuant to the Stipulation, Defendant shall pay the Settlement

22  Payment in the amount of Three Million Six Hundred Thousand Dollars and No

23  Cents ($3,600,000.00) and shall forgive the Class Members' debts as specified in

24  Section XX of the Stipulation.  Defendant shall not be required to make any other

25  payments of any kind in connection with the Settlement.

CASE NO. 2:16-cv-00768-DN

11

[PROPOSED] ORDER (1) CONFIRMING
CERTIFICATION OF CLASS ACTION FOR
SETTLEMENT PURPOSES; (2) GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT; AND
(3) ENTERING FINAL JUDGMENT

23. The Court finds that the plan of allocation for the Settlement Payment set forth in the Stipulation is fair and reasonable and that distribution of the Settlement Payment shall be made in accordance with the terms outlined in the Stipulation, subject to the following:

    a. The Court hereby awards to Class Counsel attorney's fees of $1,440,000.00 and costs of $_____.

    b. The Court hereby approves the payment of settlement administration costs in the amount of $ _____ to the Settlement Administrator for services rendered in connection with the Settlement.

    c. The Court hereby awards to Plaintiffs the Service Payments in the amount of $12,000.00 each for their contributions to the Action, the risks they undertook to represent the Class, and for their execution of a general release.

    d. The Court hereby approves the payment in the amount of $54,000.00 to the California Labor and Workforce Development Agency ("LWDA") for its 75% portion of the Private Attorney General Act claims, with the remaining 25% portion (or $18,000.00) being paid to the Participating Class Members on a pro rata basis based on the number of workweeks worked by each individual.

    e. The Settlement Administrator is directed to make the foregoing payments to Class Counsel, the Settlement Administrator, the Plaintiff, and the LWDA in accordance with the terms of the Stipulation.  These payments shall come out of the Qualified Settlement Fund.  After deducting the foregoing, the remaining

CASE NO. 2:16-cv-00768-DN

12

[PROPOSED] ORDER (1) CONFIRMING
CERTIFICATION OF CLASS ACTION FOR
SETTLEMENT PURPOSES; (2) GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT; AND
(3) ENTERING FINAL JUDGMENT

1                                funds shall constitute the Net Qualified Settlement Fund ("Net

2                                QSF"), and the Settlement Administrator shall distribute the Net

3                                QSF to the Participating Class Members pursuant to the terms of

4                                the Stipulation.

5          24.     All checks sent to Participating Class Members that remain uncashed

6 after one hundred and eighty (180) days, will be paid forthwith to the California

7 Controller's Unclaimed Property Fund in the name of the Participating Class

8 Member.

9          25.     This Action is hereby dismissed with prejudice.  The Court reserves

10 and retains exclusive and continuing jurisdiction over the above-captioned Action,

11 the Class Representatives, the Class, Class Counsel, and Defendant for the purposes

12 of supervising the implementation, effectuation, enforcement, construction,

13 administration and interpretation of the Settlement and this Judgment.  This

14 document shall constitute a judgment for purposes of Rule 58 of the Federal Rules

15 of Civil Procedure.

16          26.     Pursuant to the Stipulation, the Court dismisses with prejudice the

17 Declaratory Relief Action captioned *William Gradie v. C.R. England, Inc.*, Case

18 No. 2:16-cv-001015-DN (D. Utah), which was consolidated with the Action.  This

19 document shall constitute a judgment for purposes of Rule 58 of the Federal Rules

20 of Civil Procedure with respect to the Declaratory Relief Action as well.

21          IT IS SO ORDERED.

22

23 Dated: _____, 2020

24 _____

25                     Hon. David Nuffer

                        United States District Judge

26                     District of Utah

27

28  CASE NO. 2:16-cv-00768-DN

                                     13

[PROPOSED] ORDER (1) CONFIRMING
CERTIFICATION OF CLASS ACTION FOR
SETTLEMENT PURPOSES; (2) GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT; AND
(3) ENTERING FINAL JUDGMENT

**<u>EXHIBIT #2</u>**

**Blumenthal Nordrehaug Bhowmik De Blouw LLP**
2255 Calle Clara, La Jolla, California 92037
Tel: (858) 551-1223
Fax: (885) 551-1232

## FIRM RESUME

Areas of Practice: Employee, Consumer and Securities Class Actions, Wage and Hour Class Actions, Civil Litigation, Business Litigation.

## ATTORNEY BIOGRAPHIES

**Norman B. Blumenthal**
Partner
Practice Areas: Consumer and Securities Class Action, Civil Litigation, Wage and Hour Class Actions, Transactional Law
Admitted: 1973, Illinois; 1976, California
Biography: Law Clerk to Justice Thomas J. Moran, Illinois Supreme Court, 1973-1975, while on Illinois Court of Appeals. Instructor, Oil and Gas Law: California Western School of Law, 1981; University of San Diego School of Law, 1983. President and Chairman of the Board, San Diego Petroleum Club Inc., 1985-1986. Chief Operating Officer and General Counsel, Brumark Corporation, 1980-1987. Partner, Blumenthal & Ostroff, 1988-1995. Partner, Blumenthal, Ostroff & Markham, 1995-2001. Partner, Blumenthal & Markham, 2001-2007. Partner, Blumenthal & Nordrehaug, 2007. Partner, Blumenthal, Nordrehaug & Bhowmik, 2008-present
Member: San Diego County, Illinois State and American Bar Associations; State Bar of California.
Educated: University of Wisconsin (B.A., 1970); Loyola University of Chicago (J.D., 1973)

**Kyle R. Nordrehaug**
Partner
Practice Areas: Consumer and Securities Class Actions, Wage and Hour Class Actions, Civil Litigation
Admitted: 1999, California
Biography: Associate, Blumenthal, Ostroff & Markham, 1999-2001. Associate, Blumenthal & Markham, 2001-2007. Partner, Blumenthal & Nordrehaug, 2007. Partner, Blumenthal, Nordrehaug & Bhowmik, 2008-present
Member: State Bar of California, Ninth Circuit Court of Appeals, Third Circuit Court of Appeals
Educated: University of California at Berkeley (B.A., 1994); University of San Diego School of Law (J.D. 1999)
Awards: Top Labor & Employment Attorney 2016; Top Appellate Reversal - Daily Journal 2015; Super Lawyer 2015-2018

**Aparajit Bhowmik**
Partner
Practice Areas: Civil Litigation; Consumer Class Actions, Wage and Hour Class Actions
Admitted: 2006, California
Educated: University of California at San Diego (B.A., 2002); University of San Diego School of Law (J.D. 2006)
Awards: Rising Star 2015

**Nicholas J. De Blouw**
Partner
Practice Areas:  Civil Litigation; Consumer Class Actions, Wage and Hour Class Actions
Admitted: 2011, California
Educated: Wayne State University (B.A. 2008); California Western School of Law (J.D. 2011)

**Piya Mukherjee**
Associate Attorney
Practice Areas:  Civil Litigation; Consumer Class Actions, Wage and Hour Class Actions
Admitted: 2010, California
Educated: University of California, San Diego (B.S. 2006); University of Southern California, Gould School of Law (J.D. 2010)

**Victoria Rivapalacio**
Associate Attorney
Practice Areas:  Civil Litigation; Consumer Class Actions, Wage and Hour Class Actions
Admitted: 2011, California
Educated: University of California at San Diego (B.A., 2003); George Washington University Law School (J.D. 2010)

**Ricardo Ehmann**
Associate Attorney
Practice Areas:  Civil Litigation; Wage and Hour Class Actions
Admitted: 2018, California; 2004, Nevada
Educated: University of California, San Diego (B.A. 1998); Loyola Law School (J.D. 2001)

**Jeffrey S. Herman**
Associate Attorney
Practice Areas:  Civil Litigation; Wage and Hour Class Actions
Admitted: 2011, California; 2016 Arizona
Educated: University of Michigan (B.A. 2008); California Western School of Law (J.D. 2011)

**Charlotte James**
Associate Attorney
Practice Areas:  Civil Litigation; Wage and Hour Class Actions
Admitted: 2016, California
Educated: San Diego State University; California Western School of Law

## REPORTED CASES

Sakkab v. Luxottica Retail N. Am., Inc., 803 F.3d 425 (9th Cir. 2015); Securitas Security Services USA, Inc. v. Superior Court, 234 Cal. App. 4th 1109 (Cal. Feb. 27, 2015); Sussex v. United States Dist. Court for the Dist. of Nev., 781 F.3d 1065 (9th Cir. 2015); In re Tobacco Cases II, 41 Cal. 4th 1257 (2007);  Washington Mutual Bank v. Superior Court, 24 Cal. 4th 906 (2001);  Rocker v. KPMG LLP, 148 P.3d 703; 122 Nev. 1185 (2006); PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP, 150 Cal. App. 4th 384 (2007); Hall v. County of Los Angeles, 148 Cal. App. 4th 318 (2007); Coshow v. City of Escondido, 132 Cal. App. 4th 687 (2005); Daniels v. Philip Morris, 18 F.Supp 2d 1110 (S.D. Cal.1998); Gibson v. World Savings & Loan Asso., 103 Cal. App. 4th 1291 (2003); Jordan v. Department of Motor Vehicles, 75 Cal. App. 4th 445 (1999); Jordan v. Department of Motor Vehicles, 100 Cal.App. 4th 431 (2002); Norwest Mortgage, Inc. v. Superior Court, 72 Cal.App.4th 214 (1999); Hildago v. Diversified Transp. Sya, 1998 U.S. App. LEXIS 3207

(9th Cir. 1998); <u>Kensington Capital Mgal. v. Oakley, Inc.</u>, 1999 U.S. Dist LEXIS 385; Fed.Sec.L.Rep. (CCH) P90, 411 (1999 C.D. Cal.); <u>Lister v. Oakley, Inc.</u>, 1999 U.S. Dist. LEXIS 384; Fed. Sec. L. Rep. (CCH) P90,409 (C.D Cal. 1999); <u>Olszewski v. Scripps Health</u>, 30 Cal. 4th 798 (2003); <u>Steroid Hormone Product Cases</u>, 181 Cal. App. 4th 145 (2010); <u>Owen v. Macy's, Inc.</u>, 175 Cal. App. 4th 462 (2009); <u>Taiheiyo Cement Corp. v. Superior Court</u>, 117 Cal. App. 4th 380 (2004); <u>Taiheiyo Cement Corp. v. Superior Court</u>, 105 Cal.App. 4th 398 (2003); <u>McMeans v. Scripps Health, Inc.</u>, 100 Cal. App. 4th 507 (2002); <u>Ramos v. Countrywide Home Loans</u>, 82 Cal.App. 4th 615 (2000); <u>Tevssier v. City of San Diego</u>, 81 Cal.App. 4th 685 (2000); <u>Washington Mutual Bank v. Superior Court</u>, 70 Cal. App. 4th 299 (1999); <u>Silvas v. E*Trade Mortg. Corp.</u>, 514 F.3d 1001 (9th Cir. 2008); <u>Silvas v. E*Trade Mortg. Corp.</u>, 421 F. Supp. 2d 1315 (S.D. Cal. 2006); <u>McPhail v. First Command Fin. Planning, Inc.</u>, 2009 U.S. Dist. LEXIS 26544 (S.D. Cal. 2009); <u>McPhail v. First Command Fin. Planning, Inc.</u>, 251 F.R.D. 514 (S.D. Cal. 2008); <u>McPhail v. First Command Fin. Planning, Inc.</u>, 247 F.R.D. 598 (S.D. Cal. 2007); <u>Barcia v. Contain-A-Way, Inc.</u>, 2009 U.S. Dist. LEXIS 17118 (S.D. Cal. 2009); <u>Barcia v. Contain-A-Way, Inc.</u>, 2008 U.S. Dist. LEXIS 27365 (S.D. Cal. 2008); <u>Wise v. Cubic Def. Applications, Inc.</u>, 2009 U.S. Dist. LEXIS 11225 (S.D. Cal. 2009); <u>Gabisan v. Pelican Prods.</u>, 2009 U.S. Dist. LEXIS 1391 (S.D. Cal. 2009); <u>La Jolla Friends of the Seals v. Nat'l Oceanic & Atmospheric Admin. Nat'l Marine Fisheries Serv.</u>, 630 F. Supp. 2d 1222 (S.D. Cal. 2009); <u>La Jolla Friends of the Seals v. Nat'l Oceanic & Atmospheric Admin. Nat'l Marine Fisheries Serv.</u>, 2008 U.S. Dist. LEXIS 102380 (S.D. Cal. 2008); <u>Louie v. Kaiser Found. Health Plan, Inc.</u>, 2008 U.S. Dist. LEXIS 78314 (S.D. Cal. 2008); <u>Weltman v. Ortho Mattress, Inc.</u>, 2010 U.S. Dist. LEXIS 20521 (S.D. Cal. 2010); <u>Weltman v. Ortho Mattress, Inc.</u>, 2008 U.S. Dist. LEXIS 60344 (S.D. Cal. 2008); <u>Curry v. CTB McGraw-Hill, LLC</u>, 2006 U.S. Dist. LEXIS 5920; 97 A.F.T.R.2d (RIA) 1888; 37 Employee Benefits Cas. (BNA) 2390 (N.D. Cal. 2006); <u>Reynov v. ADP Claims Servs. Group</u>, 2006 U.S. Dist. LEXIS 94332 (N.D. Cal. 2006); <u>Kennedy v. Natural Balance Pet Foods, Inc.</u>, 2010 U.S. App. LEXIS 248 (9th Cir. 2010); <u>Kennedy v. Natural Balance Pet Foods, Inc.</u>, 2008 U.S. Dist. LEXIS 38889 (S.D. Cal. 2008); <u>Kennedy v. Natural Balance Pet Foods, Inc.</u>, 2007 U.S. Dist. LEXIS 57766 (S.D. Cal. 2007); <u>Sussex v. Turnberry/MGM Grand Towers, LLC</u>, 2009 U.S. Dist. LEXIS 29503 (D. Nev. 2009); <u>Picus v. Wal-Mart Stores, Inc.</u>, 256 F.R.D. 651 (D. Nev. 2009); <u>Tull v. Stewart Title of Cal., Inc.</u>, 2009 U.S. Dist. LEXIS 14171 (S.D. Cal. 2009); <u>Keshishzadeh v. Gallagher</u>, 2010 U.S. Dist. LEXIS 46805 (S.D. Cal. 2010); <u>Keshishzadeh v. Arthur J. Gallagher Serv. Co.</u>, 2010 U.S. Dist. Lexis 116380 (S.D. Cal. 2010); <u>In re Pet Food Prods. Liab. Litig.</u>, MDL Docket No. 1850 (All Cases), 2008 U.S. Dist. LEXIS 94603 (D.N.J. 2008); <u>In re Pet Food Prods. Liab. Litig.</u>, 629 F.3d 333 (3rd. Cir. 2010); <u>Puentes v. Wells Fargo Home Mortgage, Inc.</u>, 160 Cal. App. 4th 638 (2008); <u>Rezec v. Sony Pictures Entertainment, Inc.</u>, 116 Cal. App. 4th 135 (2004); <u>Badillo v. Am. Tobacco Co.</u>, 202 F.R.D. 261 (D. Nev. 2001); <u>La Jolla Friends of the Seals v. Nat'l Oceanic & Atmospheric Admin.</u>, 2010 U.S. App. Lexis 23025 (9th Cir. 2010); <u>Dirienzo v. Dunbar Armored, Inc.</u>, 2011 U.S. Dist. Lexis 36650 (S.D. Cal. 2011); <u>Rix v. Lockheed Martin Corp.</u>, 2011 U.S. Dist Lexis 25422 (S.D. Cal. 2011); <u>Weitzke v. Costar Realty Info., Inc.</u>, 2011 U.S. Dist Lexis 20605 (S.D. Cal. 2011); <u>Goodman v. Platinum Condo. Dev., LLC</u>, 2011 U.S. Dist. LEXIS 36044 (D. Nev. 2011); <u>Sussex v. Turnberry/MGM Grand Towers, LLC</u>, 2011 U.S. Dist. LEXIS 14502 (D. Nev 2011); <u>Smith v. Kaiser Foundation Hospitals, Inc.</u>, 2010 U.S. Dist. Lexis 117869 (S.D. Cal. 2010).

## LEAD COUNSEL - CLASS ACTION & REPRESENTATIVE CASES

<u>Sakkab v. Luxxotica Retail North America</u> – In Litigation, On Appeal
United states District Court, Southern District of California; U.S. Court of Appeals 9th Circuit
**The panel reversed the district court's order granting Luxottica Retail North America, Inc.'s motion to compel arbitration of claims and dismissing plaintiff's first amended complaint, in a putative class action raising class employment-related claims and a non-class representative claim for civil penalties under the Private Attorney General Act.**

Sakkab v. Luxottica Retail N. Am., Inc., 803 F.3d 425, (9th Cir. 2015).
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations, Filed January 2012
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


Securitas Wage and Hour Cases - In Litigation, Court of Appeal Fourth Appellate District
California
**Court of Appeals concluded the trial court correctly ruled that *Iskanian* rendered the
PAGA waiver within the parties' dispute resolution agreement unenforceable. However,
the court then ruled the trial court erred by invalidating and severing the waiver provision,
including an enforceable class action waiver, from the agreement and sending Edwards's
entire complaint, including her class action and PAGA claims, to arbitration.**
Securitas Security Services USA, Inc. v. Superior Court, 234 Cal. App. 4th 1109,(Cal. Feb. 27,
2015).
Los Angeles County Superior Court, JCC Proceeding No. 4837
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations, Filed
December 2013
Plaintiff's Co-Counsel: Blumenthal, Nordrehaug & Bhowmik; Mark A. Osman & Associates


Sussex v. Turnberry / MGM Grand Towers - In Litigation, U.S. Court of Appeals 9th Circuit
**The panel determined that the district court clearly erred in holding that its decision to
intervene mid-arbitration was justified under *Aerojet-General*. Specifically, the panel held that
the district court erred in predicting that an award issued by the arbitrator would likely be
vacated because of his "evident partiality" under 9 U.S.C. § 10(a)(2).**


Sussex v. United States Dist. Court for the Dist. of Nev., 781 F.3d 1065 (9th Cir. 2015).
U.S. District Court, District of Nevada, Case No. 08-cv-00773
Nature of Case: Securities Violations, Fraud in the sale of Condo/Hotel Units, Filed in 2008
Plaintiffs' Counsel: Blumenthal, Nordrehaug & Bhowmik; Gerard & Associates


4G Wireless Wage Cases  - Settled
Orange County Superior Court, JCCP No. 4736
Nature of Case: Employee Wage and Hour Class Action; Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


Classic Party Rentals Wage & Hour Cases - Settled
Los Angeles Superior Court, Case No. JCCP No. 4672
Nature of Case: Off the Clock; Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Lavi & Ebrahimian


Abu-Arafeh v. Norco Delivery Service, Inc. – Settled
San Francisco County Superior Court, Case No. CGC-14-540601
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


Aburto v. Verizon - Settled
U.S. District Court, Southern District California, Case No. 11-cv-0088
Nature of Case: Employee Misclassification; Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


Adkins v. Washington Mutual Bank - Class Certification Granted, Settled
San Diego County Superior Court, Case No. GIC819546

Nature of Case: Unfair Competition - Bank Interest Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

Agah v. CompUSA - Settled
U.S. District Court, Central District of California, Case No. SA CV05-1087 DOC (Anx)
Nature of Case: Unfair Competition - Unfair Rebate Program
Plaintiff's Counsel: Blumenthal & Nordrehaug

Akers v. The San Diego Union Tribune - Settled
San Diego County Superior Court, Case No 37-2010-00088571
Nature of Case: Unfair Competition - Wage and Hour Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Allec v. Cross Country Bank - Settled
Orange County Superior Court
Nature of Case: Unfair Business Practices-Deceptive Advertising
Plaintiff's Counsel: Blumenthal & Nordrehaug

Altman v. SolarCity Corporation - In Litigation, On Appeal
San Diego County Superior Court, Case No. 37-2014-00023450-CU-OE-CTL
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Aquino v. Macy's West Stores  - Settled
Orange County Superior Court, Case No. 30-2010-00395420
Nature of Case: Unfair Competition - Wage and Hour Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Baker v. Advanced Disability Management, Inc. – In Litigation
Sacramento County Superior Court, Case No. 34-2014-00160711
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Barcia v. Contain-A-Way - Settled
U.S. District Court, Southern District California, Case No. 07 cv 0938
Nature of Case: ERISA and Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug; United Employees Law Group

Bates v. Verengo, Inc. – Settled
Orange County Superior Court, Case No. 30-2012-00619985-CU-OE-CXC
Nature of Case:  Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Battle v. Charming Charlie Inc. – In Litigation
San Diego County Superior Court, Case No. 37-2014-00005608
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Workman Law Firm P.C.

Behar v. Union Bank - Settled
Orange County Superior Court, Case No. 30-2009-00317275

Nature of Case: Misclassification, Overtime and Labor Code Violations for Priority Banking Officers
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Bell v. John Stweart Company - In Litigation
Alameda County Superior Court, Case No. RG14728792
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Bennett v. Custom Built Personal Training – In Litigation
Monterey County Superior Court, Case No. M127596
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Bermant v. Bank of America, Investment Services, Inc. - Settled
Los Angeles Superior Court, Civil Action No. BC342505
Nature of Case: Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug; Arias, Ozzello & Gignac;
United Employees Law Group

Bethley v. Raytheon Company  - Settled
United States District Court, Central District of California, Case No. SACV10-01741
Nature of Case: Employee Misclassification; Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Betorina v. Randstad US, L.P. - Settled
U.S. District Court Northern District of California, Case No. 3:15-cv-03646-MEJ
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Beverage v. Edcoa Inc. – In Litigation
Sacramento County Superior Court, Case No. 2013-00138279
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Bolger v. Dr. Martens - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Deceptive Advertising
Plaintiff's Counsel: Blumenthal & Nordrehaug

Bova v. Washington Mutual Bank / JP Morgan Chase - Settled
U.S. District Court, Southern District California, Case No. 07-cv-2410
Nature of Case: Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Bowden v. Sunset Parking Services, LLC & LAZ Parking California, LLC - Settled
San Diego County Superior Court, Case No. 37-2012-00101751-CU-OE-CTL
Nature of Case: Unfair Business Practices; Overtime and Labor Code Violations
Plaintiffs' Counsel: Blumenthal, Nordrehaug & Bhowmik; Mark A. Osman & Associates

Briseno v. American Savings Bank - Class Certification Granted, Settled

Orange County Superior Court, Case No. 774773
Nature of Case: Unfair Competition - Force Ordered Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug; Chavez & Gertler

Brueske v. Welk Resorts - Settled
San Diego Superior Court, Case No 37-2010-00086460
Nature of Case: Unfair Competition - Wage Hour Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Bueche v. Fidelity National Management Services - Settled
U.S. District Court, Eastern District of California, Case No. 13-cv-01114
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Bunch v. Pinnacle Travel Services, LLC - In Litigation
Los Angeles County Superior Court, Case No. BC552048
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Buonomo v. ValueVision - Settled
Minnesota District Court
Nature of Case: False Advertising, Breach of Warranty
Plaintiff's Counsel: Blumenthal & Nordrehaug; Mansfield, Tanick & Cohen, P.A.

Butler v. Stericycle, Inc & Appletree Answering Services of California, Inc. - Settled
Sacramento County Superior Court, Case No. 34-2015-00180282
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Cabral v. Creative Communication Tech. - Class Certification Granted, Settled
Los Angeles Superior Court, Case No. BC402239
Nature of Case: Labor Code Violations and Expense Reimbursement under Labor Code 2802
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Cardoza v. Wal-Mart Associates, Inc. - In Litigation
U.S. District Court Northern District of California, Case No. 4:15-cv-01634-DMR
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Castro v. Vivint Solar, Inc. - Settled
San Diego County Superior Court, Case No. 37-2014-00031385-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Cavazos v. Heartland Automotive Services, Inc. - Settled
Riverside County Superior Court, Case No. PSC 1401759
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Law Offices of Mauro Fiore, Jr.,
A.P.C.

Citizens for Fair Treatment v. Quest Communications - Settled
San Diego Superior Court
Nature of Case: Failure to Pay for Vacation Time
Plaintiff's Counsel: Blumenthal & Nordrehaug

Cohen v. Bosch Tool - Settled
San Diego Superior Court, Case No. GIC 853562
Nature of Case: Unfair Business Practices - Deceptive Advertising - Made in the USA violations
Plaintiff's Counsel: Blumenthal & Nordrehaug

Comstock v. Washington Mutual Bank - Class Certification Granted, Settled
San Diego County Superior Court, Case No. GIC820803
Nature of Case: Unfair Competition - Force Order Insurance
Plaintiff's Counsel: Blumenthal & Nordrehaug

Conley v. Norwest - Settled
San Diego County Superior Court, Case No. N73741
Nature of Case: Unfair Business Practices-Force Ordered Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

Connell v. Sun Microsystems - Settled
Alameda Superior Court, Case No. RG06252310
Nature of Case: Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug; United Employees Law Group; Chavez & Gertler

Corrente v. Luxe Valet, Inc. - In Litigation
San Francisco County Superior Court, Case No. CGC-15-545961
Nature of Case: Independent Contractor Misclassification, Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; The Law Office of Todd M. Friedman, P.C.

Cruz v. Redfin Corporation - In Litigation
U.S. District Court Northern District of California, Case No. 3:14-cv-05234-TEH
Nature of Case: Independent Contractor Misclassification, Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik

Culley  v. Lincare Inc. & Alpha Respiratory Inc. - In Litigation
Class Certification Granted
U.S. District Court eastern District of California, Case No. 2:15-cv-00081-GEB-CMK
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Cunningham v. Leslie's Poolmart, Inc. – In Litigation
U.S. District Court, Central District of California, Case No. 13-cv-02122-CAS
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Quintilone & Associates

Curry v. California Testing Bureau/McGraw Hill - Dismissal Affirmed on Appeal
United States Court of Appeals for the Ninth Circuit

U.S. District Court, Northern District of California, Case No. C-05-4003 JW
Nature of Case: ERISA Claim
Plaintiff's Counsel: Blumenthal & Nordrehaug; Chavez & Gertler

Danford v. Movo Media - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Unlawful Violation of Unruh Civil Rights Act
Plaintiff's Counsel: Blumenthal & Nordrehaug

Daniels, et al. v. Philip Morris,(In Re Tobacco Cases II) – Class Certification Granted, Review before the California Supreme Court Affirmed Preemption
San Diego Superior Court, Case No. JCCP 4042
Nature of Case: Unfair Business Practices-Unlawful, Deceptive and Unfair Marketing of Cigarettes to Children
Plaintiff's Counsel: Blumenthal & Nordrehaug; Thorsnes, Bartolotta & Mcguire; Chavez & Gertler

Davis v. Genex Holdings Inc. - Settled
Santa Clara County Superior Court, Case No. 1-13-cv-240830
Nature of Case: Employee Misclassification, Unfair Competition, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Davis v. Clear Connection, LLC - In Litigation
San Diego County Superior Court, Case No. 37-2014-00035173-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; JCL Law Firm

Day v. WDC Exploration - Settled
Orange County Superior Court, Case No. 30-2010-00433770
Nature of Case: Wage and Hour Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Dedrick v. Hollandia Diary - In Litigation
San Diego County Superior Court, Case No. 37-2014-00004311-Cu-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Mark A. Osman & Associates

Delmare v. Sungard Higher Education - Settled
U.S. District Court, Southern District of California, Case No. 07-cv-1801
Nature of Case: Misclassification, Overtime, Labor Code Violations, FLSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Del Rio v. Tumi Stores, Inc. - In Litigation
San Diego County Superior Court, Case No. 37-2015-00022008-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Dewane v. Prudential - Settled
U.S. District Court, Central District of California, Case No. SA CV 05-1031
Nature of Case: Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug; Wynne Law Firm; Thierman Law Firm P.C.

Diesel v. Wells Fargo Bank - Settled
Orange County Superior Court, Case No. 30-2011-00441368
Nature of Case: Misclassification, Overtime, Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Dirienzo v. Dunbar Armored - Settled
U.S. District Court, Southern District of California, Case No. 09-cv-2745
Nature of Case: Expense Reimbursement under Labor Code 2802, Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Dobrosky v.Arthur J. Gallagher Service Company, LLC –
Class certification Granted,  *Dobrosky v. Arthur J. Gallagher Serv. Co., LLC*, No. EDCV
13-0646 JGB (SPx), 2014 U.S. Dist. LEXIS 106345 (C.D. Cal. July 30, 2014);
Settled;
Nature of Case: Employee Misclassification;Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Dodds v. Zaven Tootikian – Settled
Lo Angeles County Superior Court, Case No. BC494402
Nature of Case:  Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Dorr v. PICO Enterprises, Inc. & Charles E. Phyle - In Litigation
Alameda County Superior Court, Case No. RG15772362
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Downtown Inns v. Pac Bell - Settled
California Public Utilities Commission
Nature of Case: Illegal Charge
Plaintiff's Counsel: Blumenthal & Nordrehaug; Sullivan Hill

Drumheller v. Radioshack Corporation - Settled
United States District Court, Central District of California, Case No. SACV11-355
Nature of Case: Wage and Hour Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Enger v. Kaiser Foundation Health Plan - Settled
U.S. District Court, Southern District of California, Case No. 09-cv-1670
Nature of Case: Employee Misclassification, Overtime, Labor Code Violations, FLSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Escobar v. Silicon Valley Security & Patrol, Inc. - In Litigation
Santa Clara County Superior Court, Case No. 1-14-cv272514
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Fallah v. Cingular Wireless - Settled
Orange County Superior Court / U.S. District Court, Central District of California
Nature of Case: Unfair Competition - Unfair Rebate Program
Plaintiff's Counsel: Blumenthal & Nordrehaug

Fierro v. Chase Manhattan - Class Certification Granted, Settled
San Diego Superior Court, Case No. GIN033490
Nature of Case: Unfair Competition - Bank Interest Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

Figueroa v. Circle K Stores, Inc. - Settled
San Diego County Superior Court, Case No. 37-2012-00101193-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Finch v. Lamps Plus, (Lamps Plus Credit Transaction Cases) - Settled
San Diego Superior Court, Case No. JCCP 4532
Nature of Case: Unfair Competition, Violation of Civil Code 1747.08
Plaintiff's Counsel: Blumenthal & Nordrehaug

Fletcher v. Verizon - Settled
U.S. District Court, Southern District of California, Case No.  09-cv-1736
Nature of Case: Employee Overtime, Labor Code Violations, FLSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Francisco v. Diebold- Settled
U.S. District Court, Southern District of California, Case No.  09-cv-1889
Nature of Case: Employee Overtime, Labor Code Violations, FLSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Friend v. Wellpoint - Settled
Los Angeles Superior Court, Case No. BC345147
Nature of Case: Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug; United Employees Law Group

Frudakis v. Merck Sharp & Dohme
U.S. District Court, Central District California, Case No. SACV 11-00146
Nature of Case: Pharmaceutical Sales Representative Misclassification, Overtime
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Fulcher v. Olan Mills, Inc. - Settled
U.S. District Court, Northern District of California, Case No.  11-cv-1821
Nature of Case: Employee Overtime, Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Gabisan v. Pelican Products - Settled
U.S. District Court, Southern District California, Case No. 08 cv 1361
Nature of Case: Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug; United Employees Law Group

Galindo v. Sunrun Installation Services Inc. - In Litigation
San Diego County Superior Court, Case No. 37-2015-00008350-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Gallagher v. Legacy Partners Commercial - Settled
Santa Clara County Superior Court, Case No. 112-cv-221688

Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Gallardo  v. AIG Domestic Claims, Inc.</u> – In Litigation, On Appeal
United states District Court, Central District of California; U.S. Court of Appeals 9th Circuit
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Gauthier v. Apple, Inc.</u> – In Litigation
Santa Clara County Superior Court, case No. 1-13-cv-254557
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Ghattas v. Footlocker Retail, Inc.</u> – Settled
U.S. District Court Central District of California, Case No. CV 13-0001678 PA
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Gibson v. World Savings</u> - Judgment for Class after Appeal - Settled
Orange County Superior Court, Case No. 762321
Nature of Case: Unfair Business Practices-Force Ordered Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

<u>Gill v. Parabody, Inc.</u> - Settled
San Diego Superior Court
Nature of Case: Product Defect
Plaintiff's Counsel: Blumenthal & Nordrehaug

<u>Goerzen v. Interstate Realty Management, Co.</u> - Settled
Stanislaus County Superior Court, Case No. 679545
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Gomez v. Enterprise Rent-A-Car</u> - Settled
U.S. District Court, Southern District of California, Case No. 3:10-cv-02373
Nature of Case: Wage and Hour Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Gordon v. Wells Fargo Bank</u> - Settled
U.S. District Court, Southern District of California, Case No. 3:11-cv-00090
Nature of Case: Wage and Hour Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Goodman v. Platinum</u> - In Litigation
U.S. District Court, District of Nevada, Case No. 09-cv-00957
Nature of Case: Violation of Nevada and Federal law in the sale of Condo/Hotel units, ILSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Gerard & Associates

<u>Grabowski v. CH Robinson</u> - Settled
U.S. District Court, Southern District of California, Case No. 10-cv-1658
Nature of Case: Employee Misclassification; Overtime, Labor Code Violations

Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Greer v. Fleet Mortgage</u> - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Bank Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

<u>Gross v. ACS Compiq Corporation</u> - Settled
Orange County Superior Court, Case No. 30-2012-00587846-CU-OE-CXC
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Gripenstraw v. Buffalo Wild Wings</u> - Settled
U.S. District Court, Eastern District of California, Case No. 12-CV-00233
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Gruender v. First American Title</u> - Settled
Orange County Superior Court, Case No. 06 CC 00197
Nature of Case: Title Officer Misclassification, Overtime, Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group;
Wagner & Jones; Cornwell & Sample

<u>Guillen v. Univision Television Group, Inc. & Univision Management Co.</u> - Settled
San Francisco County Superior Court, Case No. CGC-12-526445
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Gujjar v. Consultancy Services Limited</u> - Settled
Orange County Superior Court, Case No. 30-2010-00365905
Nature of Case: IT Analyst Misclassification, Overtime, Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

<u>Gutierrez v. Five Guys Operations, LLC</u> - Settled
San Diego County Superior Court, Case No. 37-2012-00086185-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Hahn v. Circuit City</u> – Settled
San Diego Superior Court; U.S. District Court, Southern District of California
Nature of Case: Unfair Business Practices, Failure to Pay Vacation Time
Plaintiff's Counsel: Blumenthal & Nordrehaug

<u>Hanby v. Elite Show Services, Inc.</u> - In Litigation
San Diego County Superior Court, Case No. 37-2015-00007372-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Mark A. Osman & Associates

<u>Handler v. Oppenheimer</u>
Los Angeles Superior Court, Civil Action No. BC343542
Nature of Case: Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug; Perona, Langer, Beck, Lallande and Serbin

Harley v. Tavistock Freebirds, LLC - In Litigation
Sacramento County Superior Court, Case No. 34-2014-00173010
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Harrington  v. Corinthian Colleges – Class Certification Granted, In Litigation
Orange Superior Court; United States Bankruptcy Court District of Delaware
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug, Bhowmik; Righetti Glugoski, P.C.

Harvey  v. PQ Operations, Inc.  – In Litigation
Los Angles County Superior Court, Case No. BC497964
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Henshaw v. Home Depot U.S.A.  - Settled
United States District Court, Central District of California, Case No. SACV10-01392
Nature of Case: Failure to Pay Earned Vacation; Violation of Labor Code 227.3
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Heithold v. United Education Institute – In Litigation
Orange County Superior Court, Case No. 30-2013-00623416-CU-OE-CXC
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Hibler v. Coca Cola Bottling - Settled
U.S. District Court, Southern District of California, Case No. 11cv0298
Nature of Case: Employee Misclassification,Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Higgins v. Maryland Casualty - Settled
San Diego County Superior Court
Nature of Case: Unfair Business Practices-Deceptive Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

Hildebrandt v. TWC Administration LLC & Time Warner NY Cable, LLC - Settled
U.S. District Court, Central District of California, Case No. ED-cv-13-02276-JGB
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; James Hawkins APLC

Hoffman v. National Warranty Insurance - Class Certification Granted, Settled
District Court for the State of Nevada
Nature of Case: Auto Warranty Fraud
Plaintiff's Counsel: Blumenthal & Nordrehaug; Greco, Traficante & Edwards;
Gerard & Associates

Hopkins v. BCI Coca-Cola Bottling Company of Los Angeles – In Litigation, On Appeal
United states District Court, Central District of California; U.S. Court of Appeals 9th Circuit
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations

Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Howard v. Southern California Permanente Medical Group - In Litigation
Los Angeles Superior Court, Case No. BC586369
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Hughes v. Parexel International - Settled
Los Angeles County Superior Court, Case No. BC485950
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Hurley v. Comcast of California/Colorado/Texas/Washington, Inc. - Settled
Defendant's Motion for Summary Judgment Denied;
Sonoma County Superior Court, Case No. SCV-253801
Nature of Case: Unfair Business Practices, Unpaid Commission Wages, Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Irving v. Solarcity Corporation – In Litigation
San Mateo County Superior Court, Case No. CIV525975
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Jacobs v. Nu Horizons - Settled
Santa Clara County Superior Court, Case No. 111cv194797
Nature of Case: Wage and Hour Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Jefferson v. Bottling Group LLC (Pepsi) - Class Certification Granted, Settled
Orange County Superior Court, Case No. 30-2009-00180102
Nature of Case: Supervisor Misclassification, Overtime and Labor Code Violations
Plaintiffs' Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Jones v. E*Trade Mortgage - Settled
U.S. District Court, Southern District California
Case No. 02-CV-1123 L (JAH)
Nature of Case: TILA Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug; Robert C. Fellmeth, Esq.

Kennedy v. Natural Balance - Dismissal Reversed on Appeal, Settled
U.S. District Court, Southern District California,
Remanded to San Diego Superior Court, Case No. 37-2007-00066201
Nature of Case: Unfair Competition, Deceptive Advertising, Made in the USA violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Keshishzadeh v. Arthur J. Gallagher Service Co. - Class Certification Granted, Settled
U.S. District Court, Southern District of California, Case No. 09-cv-0168
Nature of Case: Claims Representative Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

King v. Nordstrom - Settled

San Diego Superior Court
Nature of Case: Unfair Business Practices-Failure to Pay for Vacation Time
Plaintiff's Counsel: Blumenthal & Nordrehaug

<u>Kinney v. AIG Domestic Claims / Chartis</u> - Settled
U.S. District Court, Central District of California, Case No. 8:10-cv-00399
Nature of Case: Claims Representative Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

<u>Kizer  v. Tristar Risk Management</u> - In Litigation, On Appeal
Orange County Superior Court, Case No. 30-2014-00707394-CU-OE-CXC
Nature of Case: Employee Misclassification, Unfair Competition, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Kleinberg v. Reeve Trucking Company, Inc.</u> - In Litigation
San Diego County Superior Court, Case No. 37-2015-00001601-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Kove v. Old Republic Title</u> - Settled
Alameda County Superior Court, Case No. RG09477437
Nature of Case: Unfair Competition, Failure to Pay Commissions
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

<u>Krellcom  v. Medley Communications, Inc.</u> - Settled
San Diego County Superior Court, Case No. 37-2013-00050245-CU-OE-CTL
Nature of Case: Unfair Competition, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Mark A. Osman & Associates

<u>Ladd  v. Extreme Recovery, LP</u> - Settled
Contra Costa County Superior Court, Case No. MSC11-02790
Nature of Case: Unfair Competition, Minimum Wages, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Langille v. EMC</u> - Settled
U.S. District Court, Southern District of California, Case No. 09-cv-0168
Nature of Case: Software Engineer Misclassification, FLSA, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

<u>Lawson v. Marquee Staffing</u> - In Litigation
Los Angeles County Superior Court, Case No. 37-2012-00103717-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Lazar v. Kaiser Foundation Health Plan, Inc.</u> - In Litigation
Santa Clara County Superior Court, Case No. 1-14-cv-273289
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Lemmons v. Kaiser Foundation Hospitals, Inc.</u> - Settled
Sacramento County Superior Court, Case No. 34-2012-00125488
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik

<u>Levine v. Groeniger</u> - Settled
Alameda County Superior Court, Case No. RG09476193
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

<u>Linder v. OCWEN</u> (<u>In re Ocwen Federal Bank FSB Servicing Litig.</u>) - Settled
U.S. District Court, Central District California, Case No. 07cv501
U.S. District Court, Northern Dist. Illinois, Case No. MDL 1604
Nature of Case: Lender Placed Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug; Nicholas & Butler

<u>Litton v. Diebold, Incorporated</u> – In Litigation
San Mateo County Superior Court, Case No. CIV524776
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Lohn v. Sodexo, Inc. & SDH Services West, LLC</u>  - In Litigation
U.S. District Court Central District of California, Case No. 2:15-CV-05409
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Lopez v. K-Mart</u>
Ventura County Superior Court, Case No. BC351983
Nature of Case: Overtime - Unfair Business Practice
Plaintiff's Counsel: Blumenthal and Nordrehaug; Arias, Ozzello, & Gignac, LLP; United
Employees Law Group

<u>Louie / Stringer v. Kaiser</u> - Settled
U.S. District Court, Southern District California, Case No. 08-cv-0795
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug, United Employees Law Group

<u>Lucero v. Sears</u> - In Litigation
U.S. District Court Southern District of California, Case No. 3:14-cv-01620-AJB
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Morris, Sullivan & Lemkul

<u>Lucero v. Kaiser Foundation Hospitals, Inc.</u> - Settled
San Diego County Superior Court, Case No. 37-2013-00075933-CU-OE-CTL
Nature of Case: Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Magallanes v. TSA Stores, Inc.</u> - In Litigation
Santa Clara County Superior Court, Case No. 1-15-cv-283586
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Magana v. El Pollo Loco, Inc.</u> - Settled
Orange County Superior Court, Case No. 30-2012-00613901-CU-OE-CXC
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Maitland v. Marriott</u> - Settled
U.S. District Court, Central District California, Case No. SACV 10-00374
Nature of Case: Chef Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

<u>Mandell v. Republic Bank</u> - Settled
Los Angeles County Superior Court
Nature of Case: Breach of Fiduciary Duties to IRA Account Holders
Plaintiff's Counsel: Blumenthal & Nordrehaug

<u>Mann v. NEC Electronics America</u> - Settled
Santa Clara County Superior Court, Case No. 109CV132089
Nature of Case: Meal and Rest Break Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group,
Qualls & Workman

<u>Manzanarez v. Home Savings of America</u> - Settled
San Francisco Superior Court
Nature of Case: Unfair Business Practices-Overcharge for Inspection Fees
Plaintiff's Counsel: Blumenthal & Nordrehaug

<u>Marchese v. Ty, Inc.</u> - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Deceptive Advertising
Plaintiff's Counsel: Blumenthal & Nordrehaug

<u>Martinez v. Yahoo, Inc.</u> - Settled
Nature of Case: Deceptive Advertising
Plaintiff's Counsel: Blumenthal & Nordrehaug

<u>Martinez  v. Hydro-Scape Products, Inc.</u> - In Litigation
San Diego County Superior Court, Case No. 37-2014-00029157-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Mathies v. Union Bank</u> - Class Certification Granted, In Litigation
San Francisco County Superior Court, Case No. CGC-10-498077
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

<u>Matloubian v. Home Savings of America</u> - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Force Ordered Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug; Chavez & Gertler

<u>McDermott v. Catalina Restaurant Group Inc.</u> - Settled

Orange County Superior Court, Case No. 30-2012-00574113-CU-OE-CXC
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

McMeans v. ScrippsHealth, - Settled
San Diego Superior Court
Nature of Case: Unfair Competition, Lien Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

McPhail v. First Command - Settled
United States District Court for the Southern District of California
Case No.05CV0179 IEG (JMA)
Nature of Case: Securities Fraud, 10(b)(5) violations
Plaintiff's Counsel: Blumenthal & Nordrehaug appointed Lead Counsel, Greco & Traficante &
Whatley Drake LLC & Gray & White,& Brewer & Carlson, LLP & Franklin & Hance, PSC

Meco v. International Medical Research (and related cases) - Judgment for Class After Trial
Los Angeles Superior Court
Nature of Case: Unfair Competition, Product Adulteration, Illegal Sale of Drugs
Plaintiff's Counsel: Blumenthal & Nordrehaug

Medina v. Universal Protection Service, LP - In Litigation
Santa Clara County Superior Court, Case No. BC572848
Nature of Case:  Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Meierdiercks v. 8x8, Inc. - Settled
Santa Clara County Superior Court, Case No. 110CV162413
Nature of Case: Sales Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

 Metrow v. Liberty Mut. Managed Care LLC - Class Certification Granted
*Metrow v. Liberty Mut. Managed Care LLC*, No. EDCV 16-1133 JGB (KKx), 2017 U.S. Dist.
LEXIS 73656 (C.D. Cal. May 1, 2017)
Nature of Case: Nurse Case Manager Overtime Misclassification


Meyer v. Thinktank Learning, Inc. - In Litigation
Santa Clara County Superior Court, Case No. 1-15-cv-282698
Nature of Case:  Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Morales v. Wells Fargo Insurance Services USA, Inc. - In Litigation
U.S. District Court Northern District of California, Case No. 3:13-cv-03867-EDL
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik

Moreno v. Garden Fresh Restaurant Corp.- In Litigation
San Diego County Superior Court, Case No. 37-2013-00071988-CU-OE-CTL

Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik; Dychter Law Offices

Morse v. Marie Callender Pie Shop - Settled
U.S. District Court, Southern District California, Case No. 09-cv-1305
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Moynihan v. Escalante Golf, Inc. & Troon Golf, LLC - Settled
San Diego County Superior Court, Case No. 37-2012-00083250-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik: Butterfield & Schecther, LLP

Muntz v. Lowe's HIW - Settled
San Diego County Superior Court, Case No. GIC880932
Nature of Case: Unfair Competition, Violation of Civil Code 1747.08
Plaintiff's Counsel: Blumenthal & Nordrehaug

Najarian v. Macy's West Stores - Settled
Orange County Superior Court, Case No. 30-2010-00418401
Nature of Case: Unfair Competition - Wage and Hour Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Nelson v. St. Paul Fire & Marine Insurance - Settled
Brazoria County District Court, Texas
Nature of Case: Deceptive Business Practices in sale of oil & gas reserve insurance
Plaintiff's Counsel: Blumenthal & Nordrehaug

Nelson v. Avon Products, Inc. -
Class Certification Granted, *Nelson v. Avon Prods.*, No. 13-cv-02276-BLF, 2015 U.S. Dist. LEXIS 51104 (N.D. Cal. Apr. 17, 2015);
Settled;
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik

Nguyen v. Wells Fargo Home Mortgage - Settled
Orange County Superior Court, Case No. 05 CC 00116
Nature of Case: Unfair Business Practices - Force Ordered Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

Ochoa v. Eisai, Inc.
U.S. District Court, Northern District California, Case No. 3:11-cv-01349
Nature of Case: Pharmaceutical Sales Representative Misclassification, Overtime
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Ogans v. Nationwide Credit, Inc. - Settled
Sacramento County Superior Court, Case No. 34-2012-00121054
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik

<u>Ohayon v. Hertz</u> - Settled
United States District Court, Northern District of California, Case No. 11-1662
Nature of Case: Wage and Hour Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Olszewski v. ScrippsHealth</u> - Judgment for Plaintiff, Affirmed by Supreme Court
California Supreme Court Decision in Favor of Plaintiff
San Diego Superior Court
Nature of Case: Unfair Competition, Lien Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

<u>Olvera v. El Pollo Loco, Inc.</u> – In Litigation
Orange County Superior Court, Case No. 30-2014-00707367-CU-OE-CXC
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Orozco v. Illinois Tool Works Inc.</u> – In Litigation
Class Certification Granted:
*Orozco v. Ill. Tool Works*, 2017 U.S. Dist. LEXIS 23179 (E.D. Cal. Feb. 16, 2017);
*Orozco v. Ill. Tool Works Inc.*, No. 14-cv-02113-MCE-EFB, 2016 U.S. Dist. LEXIS 158115
(E.D. Cal. Nov. 14, 2016)
U.S. District Court, Eastern District of California, Case No. 14-cv-02113-MCE
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Ortega v. Prime Healthcare Paradise Valley, LLC</u> - In Litigation
San Diego County Superior Court, Case No. 37-2014-00011240-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; JCL Law Firm

<u>Owen v. Robinsons May</u> - Dismissed
Los Angeles County Superior Court, Case No. BC355629
Nature of Case: Failure to Pay Earned Vacation, Violation of Labor Code 227.3
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group; Clark & Markham

<u>Patel v. Nike Retail Services, Inc.</u> - In Litigation
U.S. District Court Northern District of California, Case No. 3:14-cv-04781-RS
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Lawyers For Justice, PC

<u>Patelski v. The Boeing Company</u> – Settled
United States District Court, Southern District of New York;
transferred to United States District Court, Eastern District of Missouri
Nature of Case: Refund Action
Plaintiffs' Counsel: Blumenthal & Nordrehaug, Sigman, Lewis & Feinberg, P.C.

<u>Pearlman v. Bank of America</u> - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Force Ordered Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug; Chavez & Gertler

<u>Perry v. AT&T</u> - Settled
U.S. District Court, Northern District California, Case No. 11-cv 01488
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug, United Employees Law Group

<u>Picus v. Wal-Mart Stores</u> - Settled
U.S. District Court, District of Nevada
Case No. 2:07-CV-00682
Nature of Case: Deceptive Advertising, Made in the USA violations
Plaintiff's Counsel: Blumenthal & Nordrehaug, Gerard & Associates

<u>Pittard v. Salus Homecare</u> - Settled
U.S. District Court, Southern District California, Case No. 08 cv 1398
Nature of Case: Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug, United Employees Law Group

<u>Port v. Southern California Permanente Medical Group</u> - Settled
San Diego County Superior Court, Case No. 37-2007-00067538
Nature of Case: Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug, United Employees Law Group

<u>Postema v. Lawyers Title Ins. Corp.</u> - Settled
Orange County Superior Court, Case No. 30-2010-00418901
Nature of Case: Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Pettersen & Bark

<u>Pratt v. Verizon</u> - Settled
Orange County Superior Court, Case No. 30-2010-00430447
Nature of Case: Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Proctor v. Ameriquest</u> - Settled
Orange County Superior Court, Case No.  06CC00108
Nature of Case: Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug, United Employees Law Group, Clark & Markham

<u>Ralphs v. Blockbuster, Inc.</u> – Settled
San Diego Superior Court
Nature of Case: Unlawful Late Fees
Plaintiff's Counsel: Blumenthal & Nordrehaug, Morris & Associates, Pettersen & Bark

<u>Ramirez v. Estenson Logistics, LLC</u> - In Litigation
Orange County Superior Court, Case No. 30-2015-00803197-CU-OE-CXC
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Ramos v. Countrywide</u> - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Force Ordered Insurance Overcharges
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Sullivan Hill; Chavez & Gertler

<u>Rangel v. Balboa Ambulance</u> - Class Certification Granted, Settled
San Diego County Superior Court, Case No.
Nature of Case: Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Pettersen & Bark


<u>Ray v. Lawyers Title, Fidelity National, Commonwealth Land Title, Chicago Title</u> - Settled
Orange County Superior Court, Case No. 30-2010-00359306
Nature of Case: Failure to Pay Severance Wages
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Pettersen & Bark


<u>Redin v. Sterling Trust</u> - Settled
Los Angeles Superior Court
Nature of Case: Breach of Fiduciary Duties of IRA Administrator
Plaintiff's Counsel: Blumenthal & Nordrehaug


<u>Renazco v. Unisys Technical Services, L.L.C.</u> - In Litigation
San Francisco County Superior Court, Case No. CGC-14-539667
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


<u>Reynolds v. Marlboro/Philip Morris U.S.A.</u> - Reversed on Appeal
United States Court of Appeals for the Ninth Circuit, Case No. 08-55114
U.S. District Court, Southern District of California, Case No. 05 CV 1876 JAH
Nature of Case: Unfair Competition, Violation of Civil Code §1749.5
Plaintiff's Counsel: Blumenthal & Nordrehaug


<u>Rezec v. Sony</u> – Settled
San Diego Superior Court
Nature of Case: Fraudulent Advertising
Plaintiffs' Counsel: Blumenthal & Nordrehaug, Prongay & Borderud; The Cifarelli Law Firm


<u>Rix v. Lockheed Martin Corporation</u> - Settled
U.S. District Court, Southern District of California, Case No. 09-cv-2063
Nature of Case: Misclassification, Overtime, Labor Code Violations, FLSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group


<u>Rieve v. Coventry Health Care</u> -
Summary Judgment *Sua Sponte* Granted for Plaintiff,
*Rieve v. Coventry Health Care, Inc.*, 870 F. Supp. 2d 856 (C.D. Cal. 2012)
Settled
Nature of Case: Misclassification, Overtime, Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik


<u>Ritchie v. Mauran Ambulance Services, Inc.</u> - Settled
Los Angeles County, Case No. BC491206
Nature of Case: Unfair business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; David Pourati, A Professional
Corporation


<u>Rivers v. Veolia Transportation Services</u> -
Class Certification Granted;
Settled;

Sonoma County Superior Court, Case No. SCV 255350
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Roeh v. JK Hill - Settled
San Diego Superior Court, Case No. 37-2011-00089046
Nature of Case: Unfair Competition, Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Rocheford v. SC&E Administrative Service - Settled
Orange County Superior Court
Nature of Case: Auto Warranty Fraud
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Greco, Traficante & Edwards;
Gerard, Osuch & Cisneros, LLP

Rodriguez v. Protransport-1, LLC - Settled
San Francisco County Superior Court, Case No. CGC-12-522733
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal Nordrehaug & Bhowmik

Romero v. Central Payment Co., LLC - Settled
Marin  County Superior Court, Case No. CIV 1106277
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Salas v. Evolution Hospitality, LLC - Settled
San Diego County Superior Court, Case No. 37-2012-00083240-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Salem v. Alliance Human Services, Inc. - In Litigation
San Diego County Superior Court, Case No. CIVRS1401129
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Sanchez  v. Beena Beauty Holding, Inc. d/b/a Planet Beauty - In Litigation
Los Angeles County Superior Court, BC566065
Nature of Case:  Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik

Santone v. AT&T – Settled
United states District Court, Southern District of Alabama
Nature of Case: Unconscionable Business Practices
Plaintiff's Counsel: Blumenthal & Nordrehaug, Morris & Associates

Santos v. Sleep Train (Sleep Train Wage and Hour Cases) - Settled
Orange County Superior Court, Case No. 30-2008-00214586
San Francisco County Superior Court, Case No. JCCP 4553
Nature of Case: Commission Sales Employee Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Saravia v. O.C. Communications - In Litigation
Scarmaento County Superior Court, Case No.
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Sawyer v. Vivint, Inc. – In Litigation
U.S. District Court, Northern District of Illinois, Case No. 1:14-cv-08959
Nature of Case: Overtime, Illinois Labor Code Violations, FLSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Mark King, Esq.

Sayaman v. Baxter Healthcare - Settled
U.S. District Court, Central District of California, Case No. CV 10-1040
Nature of Case: Lab Technician Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Schuler v. Ecolab, Inc. - In Litigation
U.S. District Court, Southern District of California, Case No. 3:10-cv-02255
Nature of Case: Overtime and Labor Code Violations, Expense Reimbursement
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Schulz v. Qualxserv, LLC / Worldwide Techservices - Class Certification Granted, Settled
U.S. District Court, Southern District of California, Case No. 09-cv-0017
Nature of Case: Overtime and Labor Code Violations, Expense Reimbursement
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Krutcik& Georggin; United Employees Law Group

Scott v. Blockbuster, Inc. – Settled
Count of Appeals, Ninth District of Texas, Beaumont, Texas
Nature of Case: Unlawful Late Fees
Plaintiff's Counsel: Blumenthal & Nordrehaug, Brothers & Thomas, LLP, Vaughan O. Stewart

Serrato v. Sociedad Textil Lonia, Corp.  - Settled
San Diego County Superior Court, Case No. 37-2012-00101195-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal Nordrehaug & Bhowmik

Shrivastara v. Fry's Electonics - Settled
Santa Clara County Superior Court, Case No. 111cv192189
Nature of Case: Failure to Pay Earned Vacation; Violation of Labor Code 227.3
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Sierra v. Oakley Sales Corp. - In Litigation, On Appeal
Orange County Superior Court, U.S. District Court Central District of California;  U.S. Court of Appeals 9th Circuit
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Sirota v. Swing-N-Slide - Settled
Wisconsin District Court, County of Rock Wisconsin, Case No. 95CV726J
Nature of Case: Fraudulent Stock Buy Back-Derivative Claim
Plaintiff's Counsel: Blumenthal & Nordrehaug; Sullivan Hill; Milberg, Weiss, Bershad, Hynes & Lerach; Nowlan & Mouat

Skillett v. FPI Management, Inc. - In Litigation
Sacramento County Superior Court, Case No. 34-2014-00173218
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Small v. Kaiser Foundation Hospitals - Settled
San Diego County Superior Court, Case No. 37-2011-00099011-CU-OE-CTL
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Smith v. Kaiser Foundation Hospitals - Settled
U.S. District Court, Southern District of California, Case No. 08-cv-02353
Nature of Case: Kaiser Employee Misclassification, Overtime, Labor Code Violations, FLSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Smith v. Fedex Ground Package system, Inc. - In Litigation
Alameda County Superior Court, Case No. RG14734322
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Sones v. World Savings / Wachovia - Settled
U.S. District Court, Norther District of California, Case No. 3:08-cv-04811
Nature of Case: Kaiser Employee Misclassification, Overtime, Labor Code Violations, FLSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Spradlin v. Trump - In Litigation
U.S. District Court, District of Nevada, Case No. 2:08-cv-01428
Nature of Case: Securities Violations and Fraud in the sale of Condo/Hotel Units, ILSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Gerard & Associates; Burton Wiand, Esq.; Beck & Lee

Steele v. Kaiser Foundation Health Plan - Settled
U.S. District Court, Northern District of California, Case No. 07-5743
Nature of Case: Kaiser Employee Misclassification, Overtime, Labor Code Violations, FLSA
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Steffan v. Fry's Electronics, Inc. - In Litigation
Santa Clara County Superior Court, Case No. 1-13-CV-254011
Nature of Case: Employee MisclasificationUnfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; David Pourati, A Professional Corporation

Steroid Hormone Product Cases - Decision on Appeal in Favor of Plaintiff, Settled
Los Angeles Superior Court, JCCP4363
Nature of Case: Unfair Competition - Sale of Illegal Products
Plaintiff's Counsel: Blumenthal & Nordrehaug; Clark & Markham; Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A.

Stevens v. Robinsons-May - Settled
San Diego Superior Court
Nature of Case: Unfair Business Practices-Failure to Pay for Vacation Time

Plaintiff's Counsel: Blumenthal & Nordrehaug

Strauss v. Bayer Corporation – Settled
United States District Court, District of Minnesota
Nature of Case: Baycol Products Liaibility Litigation
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Fleishman & Fisher

Sustersic v. International Paper Co. - Settled
Orange County Superior Court, Case No. 30-2009-00331538
Nature of Case: Failure to Pay Earned Vacation; Violation of Labor Code 227.3
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Law Offices of William H. Steiner

Sutton v. Seasons Hospice & Palliative Care of California, Inc. - In Litigation
Los Angeles County Superior Court, Case No. BC590870
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Swartout v. First Alarm Security & Patrol, Inc. - Settled
Santa Clara County Superior Court, Case No. 112-cv-231989
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Talamantez v. The Wellpoint Companies, Inc. - Settled
U.S. District Court, Central District of California, Case No. 12-cv-08058
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal Nordrehaug & Bhowmik

Tan v. California State Automobile Assn. - Class Certification Granted, Settled
U.S. District Court, Central District California, Case No. 07cv1011
Orange County Superior Court, Case No. 30-2008-00231219
Nature of Case: IT Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik, United Employees Law Group

Tauber v. Alaska Airlines, et al. - Settled
Los Angeles Superior Court
Nature of Case: Unfair Business Practice - Employment Practices, Violation of Labor Code 450
Plaintiff's Counsel: Blumenthal & Nordrehaug

Thai v. Staff Assistance, Inc. - In Litigation
Los Angeles County Superior Court, Case No. BC567943
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Thomas  v. Stanford Health Care d/b/a Stanford University Medical Center - In Litigation
Santa Clara County Superior Court, Case No. 1-14-cv-273362
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Thomas-Byass  v. Michael Kors Stores (California), Inc. - Settled
U.S. District Court Central District of California, Case No. 5:15-cv-00369-JGB
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Trujillo v. LivHome - Settled
Orange County Superior Court, Case No. 30-2008-00100372
San Diego County Superior Court, Case No. JCCP4570
Nature of Case: Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal Nordrehaug & Bhowmik; United Employees Law Group

Tull v. Stewart Title - Settled
U.S. District Court, Southern District California, Case No. 08-CV-1095
Nature of Case: Title Officer and Escrow Officer Misclassification, FLSA, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Pettersen & Bark

Turner v. C.R. England - In Litigation
U.S. District Court Central District of California, Case No. 5:14-cv-02207-PSG
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Turner v. Ampac Fine Chemicals, LLC - In Litigation
Sacramento County Superior Court, Case No. 34-2015-00176993
Nature of Case: Employee Misclassification, Unfair Business Practices, Overtime and Labor
Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Valadez v. Schering-Plough - Dismissed
U.S. District Court, Southern District California, Case No. 10-CV-2595
Nature of Case: Pharmaceutical Sales Representative Misclassification, Overtime
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Van Gorp v. Ameriquest Mortgage/Deutsche Bank - Settled
U.S. District Court, Central District of California, Case No. SACV05-907 CJC (ANx)
Nature of Case: Overtime
Plaintiff's Counsel: Blumenthal and Nordrehaug

Varela v. The Walking Company - In Litigation
Los Angeles County Superior Court, Case No. BC562520
Nature of Case: Unfair Business practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Veloz v. Ross Dress For Less, Inc. - In Litigation
Los Angeles County Superior Court, Case No. BC485949
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal Nordrehaug & Bhowmik

Vogel v. Price-Simms, Inc. - In Litigation
Santa Clara County Superior Court, Case No. 114CV261268
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal Nordrehaug & Bhowmik; Webb & Bordson, APC

Vrab v. DNC Parks & Resorts at Tenaya, Inc. - Settled
Mariposa County Superior Court, Case No. 0010225
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations

Plaintiff's Counsel: Blumenthal Nordrehaug & Bhowmik

Vultaggio-Kish v. Golden State Lumber, Inc. - Settled
San Mateo County Superior Court, Case No. CIV 516631
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; The Law Offices of Dan Price

Wadhwa v. Escrow Plus - Settled
Los Angeles Superior Court
Nature of Case: Investment Fraud
Plaintiff's Counsel: Blumenthal & Nordrehaug

Waldhart v. Mastec North Amercia, Inc. - In Litigation
San Bernardino County Superior Court, Case No. CIVDS1419318
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Walker v. Brink's Global Services USA, Inc. & Brinks Incorporated - In Litigation
Los Angeles County Superior Court, Case No. BC564369
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Walsh v. Apple, Inc. - Settled
U.S. District Court, Northern District California, Case No. 08-04918
Nature of Case: Computer Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

Webb v. Sodexo, Inc. & SDH Services West, LLC  - In Litigation
San Joaquin County Superior Court, Case No. 39-2015-00324813-CU-OE-STK
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

Weinman v. Midbar Condo Development (Las Vegas One) - Settled
U.S. District Court, District of Nevada, Case No. 2:08-cv-00684
Nature of Case: Fraud in the sale of Condo/Hotel Units, ILSA
Plaintiffs' Counsel: Blumenthal, Nordrehaug & Bhowmik; Gerard & Associates

Weltman v. Ortho Mattress  - Class Certification Granted, Settled
U.S. District Court, Southern District California, Case No. 08-cv-0840
Orange County Superior Court, Case No. 30-2009-00327802
Nature of Case: Sales Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

West v. Jerome's Furniture Warehouse - Settled
Sacramento County Superior Court, Case No. 34-2013-00147707-CU-OE-GDS
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik

Wheat v. Jerome's Furniture Warehouse - Settled
San Diego County Superior Court, Case No. 37-2012-00094419-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik

<u>Wietzke v. Costar Realty</u> - Settled
U.S. District Court, Southern District California, Case No. 09-cv-2743
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Williams v. Lockheed Martin Corporation</u> - Settled
U.S. District Court, Southern District California, Case No. 3:09-cv-01669
Nature of Case: Computer Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

<u>Wilson v. Wal-Mart Associates, Inc.</u> - In Litigation
U.S. District Court Central District of California, Case No. 8:14-cv-1021-FMO
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Winston v. Lemore Transportation, Inc.</u> - In Litigation
Contra Costa County Superior Court, Case No. C-15-00897
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Wise v. Cubic</u> - Settled
U.S. District Court, Southern District California, Case No. 08-cv-2315
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

<u>Witman v. Level 3 Communications</u> - Settled
San Diego County Superior Court, Case No. 37-2012-00091649-CU-OE-CTL
Nature of Case: Unpaid Commissions and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik

<u>Yam v. Kaiser Foundation Hospitals</u> - Settled
U.S. District Court, Northern District California, Case No. 10-cv-05225-SBA
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; United Employees Law Group

<u>Zugich v. Wells Fargo Bank</u> - Settled
San Francisco Superior Court
Nature of Case: Unfair Business Practices-Force Ordered Insurance Overcharges
Plaintiff's Counsel: Blumenthal & Nordrehaug

<u>Zurlo v. Mission Linen</u> - Settled
U.S. District Court, Central District, Case No. 08cv1326
Nature of Case: Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal & Nordrehaug

## <u>CO-COUNSEL - Class Actions</u>

<u>Baxt v. Scor U.S.</u> - Settled
Delaware Court of Chancery
Nature of Case: Takeover

Plaintiffs' Counsel: Blumenthal & Nordrehaug; Sullivan Hill;
Rosenthal, Monhait, Gross & Goddess, P.A.

Bronson v. Blech Securities - Settled
U.S. District Court, Southern District of New York
Nature of Case: Securities Fraud
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Milberg; Weiss, Bershad, Hynes & Lerach;
Kaplan, Kilsheimer & Fox; Berstein, Liebhard & Lifshitz; Berstein & Ostraff; Law Office of
Dennis J. Johnson; John T. Maher; Sullivan Hill; Weil, Gotshal & Manges; Paul, Hastings,
Janofsky & Walker; Andrews & Kurth; Paul, Weiss, Rifkind, Wharton & Garrison; Wolff &
Samson; Heller, Horowitz & Feit, P.C.; Shereff, Friedman, Hoffman & Goodman, LLP;
Debevoise & Plimpton; Smith, Campbell, Paduano; Thelen, Marrin, Johnson & Bridges; The
Offices of Robert Swetnick; Crummy Del Deo; Robinson, Silverman, Pearce, Aronsohn &
Berman; Buchanan Ingersoll, P.C.; Morgan, Lewis & Bockius, Schwartz, Kelm, Warren &
Ramirez; Porter & Hedges, L.L.P.; MicroProbe Corp.; NeoRX Corp.; Solomon, Zauderer,
Ellenhorn, Frischer & Sharp;

Castro & Cardwell v. B & H Education, Inc. - Settled
Los Angeles Superior Court Case No. BC456198
Nature of Case: Overtime and Labor Code Violations; Unfair Competition
Plaintiff's Co-Counsel: Blumenthal, Nordrehaug & Bhowmik; Aequitas Law Group

Caushon v. General Motors Corp. - Settled
In re Automobile Antitrust Cases
San Diego Superior Court, coordinated in San Francisco
Nature of Case: Unfair Competition; Antitrust
Plaintiff's Co-Counsel: Blumenthal & Nordrehaug

Dibella v. Olympic Financial - Settled
U.S. District Court, District of Minnesota
Nature of Case: Securities Fraud
Plaintiff's Counsel: Blumenthal & Nordrehaug

Doyle v. Lorna Jane USA, Inc. – Settled
Los Angles County Superior Court, Case No. BC526837
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Lipow & Harris

Estrella v. B-Per Electronic, Inc. & My Wireless, Inc. - Settled
San Diego County Superior Court, Case No. 37-2013-00048951-CU-OE-CTL
Nature of Case: Unfair Competition, Minimum Wages, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Dychter Law Offices, APC

Ferrari v. Read-Rite - Settled
U. S. District Court, Northern District of California
Nature of Case: Securities Fraud
Plaintiff's Counsel: Blumenthal & Nordrehaug; Milberg, Weiss, Bershad, Hynes & Lerach

Forever 21 Wage and Hour Cases - Settled
San Diego County Superior Court, JCC Proceeding No. 4745
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations

Plaintiff's Co-Counsel: Blumenthal, Nordrehaug & Bhowmik; Norton & Melnik; Kitchin Legal; The Buxner Law Firm; Miller & Ayala, LLP; Webb & Bordson, APC; Law Office of Jennifer Hart; Olsen Law Offices, APC

<u>Hart v. United States Tobacco Co.</u> - Settled
Los Angeles Superior Court
Coordinated in Smokeless Tobacco Litigation
Nature of Case: Unfair Competition; Antitrust
Plaintiff's Co-Counsel: Blumenthal & Nordrehaug; the Cuneo Law Group P.C.; Gordon Ball

<u>In re Bank of America Wage and Hour Employment Practices Litigation</u> - Settled
U.S. District Court, District of Kansas, Case No. MDL 2138
Nature of Case: Employment Claims under FLSA and California Labor Code
Plaintiff's Co-Counsel: Blumenthal, Nordrehaug & Bhowmik; Marlin & Saltzman; Stueve Siegel Hanson; United Employees Law Group

<u>In re Walgreen Co. Wage and Hour Litigation</u> - Settled
U.S. District Court, Central District of California, Case No. 11-cv-07664
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Co-Counsel:  Blumenthal, Nordrehaug & Bhowmik; Scott Cole & Associates; Marlin & Saltzman; Malk law Firm; Ackermann & Tilajef; Marcarian Law Firm; Aiman-Smith and Marcy; Orshansky and Yeremian LLP, Aequitas Law Group APLC

<u>Jackson v. Fresh & Easy Neighborhood Market Inc.</u> – Settled
Los Angeles County Superior Court, Case No. BC497964; U.S. Bankruptcy Court District of Delaware Case No. 13-12569 (KJC)
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; The Carter Law Firm; The Cooper Law Firm; Aegis Law Firm, PC; Jose Gray, APLC

<u>Jordan/Ramos v. DMV</u> - Judgment for Plaintiff, Affirmed on appeal
Superior Court, Sacramento
Nature of Case: Commerce Clause Violation - Tax declared unconstitutional -
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Milberg, Weiss, Bershad, Hynes & Lerach; Weiss & Yourman; Sullivan Hill.

<u>Kensington Capital v. Oakley</u> - Settled
U. S. District Court, Southern District of California
Nature of Case: Securities Fraud
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Milberg, Weiss, Bershad, Hynes & Lerach

<u>Kensington Capital v. Vesta</u> - Settled
U. S. District Court, Northern District of Alabama
Nature of Case: Securities Fraud
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Milberg, Weiss, Bershad, Hynes & Lerach

<u>Lopez v. Tire centers, LLC</u> - Settled
U.S. District Court Northern District of California, Case No. 3:13-cv-05444-JCS
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Dychter Law Offices, APC

<u>Manaster v. SureBeam</u> - Settled

United States District Court
Nature of Case: Violation of Securities Act
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Milberg Weiss Bershad Hynes & Lerach

Miller v. Western Athletic Clubs, LLC - Settled
Santa Clara County Superior Court, Case No. 112-cv-228670
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Rukin Hyland Doria & Tindall LLP;
Velton Zegelman P.C.

Moffett v. WIS International - Settled
San Diego County Superior Court, Case No. 37-2011-00099909-CU-OE-CTL
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Emge & Associates; Law Office of
David A. Huch

Perez v. Urban Oufitters, Inc. - In Litigation
U.S. District Court Northern District of California, Case No. 13-cv-02628-JSW
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik; Capstone Law APC

Ridgewood Capital Management v. Gensia - Settled
U.S. District Court, Southern District of California, #CV-92-1500H
Plaintiffs' Counsel: Barrack, Rodos & Bacine; Kaplan, Kilsheimer & Fox; Wolf, Popper, Ross,
Wolf & Jones; Law Offices of Joseph H. Weiss; Kaufman, Malchman, Kaufman & Kirby;
Sullivan Hill; Blumenthal & Nordrehaug

Sandoval v. Redfin Corporation  - In Litigation
U.S. District Court Northern District, Case No. 3:14-cv-04444-SC
Nature of Case: Employee Misclassification, Overtime and Labor Code Violations
Plaintiff's Counsel: Blumenthal, Nordrehaug & Bhowmik; Khoury, Cohelan & Singer

Shurman v. Scimed - Settled
State of Minnesota District Court, Fourth District, #94-17640
Plaintiffs' Counsel: Blumenthal & Nordrehaug; Milberg, Weiss, Bershad, Hynes & Lerach;
Kaplan, Kilsheimer & Fox; Sullivan Hill; Law Offices of Lawrence G. Soicher

Sioson v. AMP Holding, Inc. - Settled
Orange County Superior Court, Case No. 30-2013-00663825
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik; Olsen Law Offices

Sirota v. Swing-N-Slide - Settled
Wisconsin District Court, County of Rock Wisconsin
Nature of Case: Fraudulent Stock Buy-Back-Derivative Claim
Plaintiff's Counsel: Blumenthal & Nordrehaug; Sullivan Hill;
Milberg, Weiss, Bershad, Hynes & Lerach; Nowlan & Mouat

Slatton v. G.E. Capital Mortgage Services - Settled
Camden County Superior Court, New Jersey, #CAML0256198
Nature of Case: Forced order insurance

Plaintiff's Counsel: Blumenthal & Nordrehaug

<u>Somkin v. Molten Metal</u> - Settled
U.S. District Court, District of Massachusetts, #9710325PBS
Nature of Case: Securities Fraud
Plaintiff's Counsel: Blumenthal & Nordrehaug

<u>Sparks v AT&T</u> - Settled
Illinois District Court - Madison County
Deceptive Practice claim - Leased consumer telephone equipment
Plaintiff's counsel - Carr Korein Tillery; Blumenthal & Nordrehaug; Whatley Drake

<u>Sullivan v. Lyon Management Group</u> - Settled
Orange County Superior Court, Case No. 30-2013-00649432-CU-BT-CXC
Nature of Case: Unfair Business Practices, Overtime and Labor Code Violations
Plaintiff's Counsel:  Blumenthal, Nordrehaug & Bhowmik; Webb & Bordson, APC

C:\Users\kyle.BAN\Desktop\BNB Resume (April 2019).wpd