UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WILLIAM H. GRADIE, MILTON HARPER, RONNIE STEVENSON, and JONATHAN MITCHELL, individuals, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>C.R. ENGLAND, INC., a Corporation; and Does 1 through 100, Inclusive,<br><br>Defendant. | Lead Case No. 2:16-cv-00768-DN<br>Member Case No. 2:16-cv-001015-DN<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>District Judge David Nuffer |

On February 24, 2020, the Court received an unopposed motion by Plaintiffs William H. Gradie, Milton Harper, Ronnie Stevenson, and Jonathan Mitchell ("Plaintiffs") requesting preliminary approval of a proposed class-wide settlement of the above-captioned action ("Motion").[1] Having considered the Joint Stipulation of Class Action Settlement and Release of Claims (the "Stipulation" or "Settlement")[2] and all Exhibits thereto, including the proposed Class Notice (which is Exhibit A to the Stipulation), it is hereby ORDERED as follows:

1. This Order incorporates by reference the definitions in the Joint Stipulation of Class Action Settlement and Release of Claims ("Settlement," "Agreement," or "Settlement Agreement"), which, together with the exhibits thereto, sets forth the terms and conditions for a proposed settlement, and unless otherwise provided herein, capitalized terms shall have the meanings set forth in the Stipulation.

2. The Court finds on a preliminary basis that the settlement memorialized in the Stipulation falls within the range of reasonableness and,

---

[1] Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, docket no. 73, filed February 24, 2020.
[2] Docket no. 73-1 (beginning at page 22), filed February 24, 2020.

therefore, meets the requirements for preliminary approval. It appears to the Court that counsel for the Parties have conducted extensive and costly investigation and research such that they are able to reasonably evaluate their respective positions. It further appears to the Court that the Settlement will avoid substantial additional costs by all Parties and the delay and risks that would be presented by further prosecution of the Action. It further appears that the Parties have reached this Settlement as the result of intensive, serious and non-collusive, arms-length negotiations before a neutral mediator, and entered into the Settlement in good faith.

3. The Court has reviewed the monetary recovery granted as part of the Settlement and preliminarily finds that the monetary settlement awards and forgiveness of debt made available to all Class Members are fair, adequate and reasonable when balanced against the probable outcome of further litigation relating to liability and damages issues.

4. The Court conditionally certifies, for settlement purposes only, the following settlement class described in more detail in the Stipulation:

> All current and former truck drivers employed by Defendant in the State of California during the Class Period. The Class Period is the period of time beginning on, and including, March 12, 2014, and continuing up through sixty (60) days after the Stipulation was signed by all Parties or the date of this Order, whichever date is earlier.

5. The Court finds, for settlement purposes only, that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied, with the exception of the manageability requirement of Rule 23(b)(3), which the Court need not address for purposes of settlement.

6. The Court finds that the members of the Settlement Class are so numerous (more than 12,600) as to make it impracticable to join all Class Members; the Class is ascertainable; there are common questions of law and fact

involving the claims being settled by this Agreement (as set forth below); Plaintiffs' claims are typical of the claims of the Class Members (Plaintiffs themselves were subject to the practices and contract provisions of which they complain on behalf of the Class Members); Plaintiffs and Class Counsel are adequate representatives of the Class (neither Plaintiffs nor their counsel have any conflicts of interest with the Class Members, and they have vigorously prosecuted this action on behalf of the Settlement Class); and the prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying adjudications which would establish incompatible standards of conduct.

      7.    The common questions of law and fact involving the claims being settled by this Settlement Agreement, include, but are not limited to, the following:

    a. Whether Defendant failed to pay Class Members minimum wage under California law.

    b. Whether Defendant failed to pay Class Members any overtime wages under California law.

    c. Whether Defendant failed to provide accurate, itemized wage statements to the Class Members under California law.

    d. Whether Defendant failed to maintain accurate, itemized wage statements for the Class Members under California law.

    e. Whether Defendant failed to reimburse Class Members for required business expenses under California law.

    f. Whether Defendant took any unlawful deductions from Class Members in violation of California law.

    g. Whether Defendant failed to provide off-duty meal and rest periods under California law.

    h. Whether Defendant failed to timely pay all wages owed to Class Members upon termination of their employment.

    i. Whether Defendant failed to timely pay all wages owed to Class Members each pay period.

    j. Whether Defendant followed a consistent policy and practice of allegedly imposing unlawful wage deductions and payment of expenses by, *inter alia*: requiring Class Members to pay out of their own pockets for the Premier Truck Driving School; requiring Class Members to purportedly patronize Defendant's own for-profit training and finance program; and deducting from wages for training costs, alleged "liquidated damages," usurious interest rates, and other sums supposedly owed to Defendant.

    k. Whether Defendant made false representations to Class Members that: (a) the actual out-of-pocket cost to Defendant for its training was in excess of $5,000; (b) full-time work would be "guaranteed" by Defendant for at least the mandated nine-month term of employment; (c) that during this "guaranteed" employment period their employment would not be terminable "at will" on the same basis as other Defendant employees, but rather would be terminable only for demonstrated "good cause"; and (d) that Defendant would fully pay the cost of training on their behalf and thereby cause the Promissory Note to be satisfied and discharged upon completion of their nine-month term of employment.

    l. Whether Defendant violated California's unfair competition law;

    m. Whether Defendant charged usury interest rates in excess of 18% to Class Members pursuant to the terms of Promissory Notes which were allegedly required to obtain employment with Defendant.

8. This Order, which conditionally certifies a class action for settlement purposes only, shall not be cited in this or any matter for the purpose of seeking

class certification, opposing decertification, or for any other purpose other than enforcing the terms of the Stipulation.

9. The Court appoints Plaintiffs as the Class Representatives for purposes of the Settlement.

10. The Court appoints the law firms of Blumenthal Nordrehaug Bhowmik De Blouw LLP and The Van Vleck Law Firm as Class Counsel for purposes of the Settlement and the releases and other obligations therein.

11. The Court appoints KCC LLC as the Settlement Administrator.

12. The Class Notice, attached as Exhibit A to the Stipulation, is approved. The Settlement Administrator is ordered to mail the Class Notice to the Class Members as provided in the Stipulation.

13. Each Class Member will have sixty (60) days after the date on which the Settlement Administrator mails the Class Notice to submit a properly completed and executed Election Not to Participate in Settlement document in order to exclude themselves from the Settlement. A completed and executed Election Not to Participate in Settlement document will be deemed timely submitted to the Settlement Administrator if it is (i) mailed to the Settlement Administrator by first-class mail and postmarked by not later than the deadline for submission stated above; or (ii) delivered to and received by the Settlement Administrator by the deadline for submission stated above, whether by mail, facsimile transmission, professional delivery, or personal delivery. To be valid, the Election Not to Participate in Settlement document must comply with the procedure set forth in the Notice and must (1) be in writing and signed by the Class Member, (2) include the name and address of the Class Member, and (3) indicate the Class Member's request to be excluded from the Settlement Class in *Gradie et al. v. C.R. England, Inc*.

14. Each Class Member who does not timely submit an Election Not to Participate in the Settlement document will have sixty (60) days after the date on

which the Settlement Administrator mails the Class Notice to object to the Settlement by serving on the Settlement Administrator, Class Counsel, and Counsel for Defendant, and filing with the Court, a written objection to the Settlement, Plaintiffs' Service Payments, and/or Class Counsel's attorneys' fees and costs. A Class Member who does not serve a written objection in the manner and by the deadline specified above will be deemed to have waived any objection and will be precluded from making any objection to the Settlement.

15. The Court will conduct a Fairness Hearing on October 26, 2020 at 8:30 a.m. (in Salt Lake City, courtroom to be determined) to determine whether the Settlement as set forth in the Stipulation should be finally approved as fair, reasonable, and adequate as to all Participating Class Members, whether the Court should grant Plaintiffs' request for the Plaintiffs' Service Payments, and whether the Court should grant Plaintiffs' request for attorneys' fees and costs for Class Counsel. The Fairness Hearing may be continued without further notice to the Class Members.

16. Class Counsel shall file a motion with the Court requesting final approval of the Settlement at least twenty-eight (28) days prior to the Fairness Hearing.

17. The Class Representatives and Class Counsel may file a motion requesting the Plaintiffs' Service Payment and attorneys' fees and costs no later than fourteen (14) days prior to the deadline for objections, which motion shall be accessible to the Class as directed in the Class Notice.

18. As of the date this Order is signed, all dates and deadlines associated with the Action shall be vacated, other than those contemplated herein and in the Settlement Agreement, and pertaining to the administration of the Settlement of the

1 | Action.
2 | **IT IS SO ORDERED**.
3 |
4 | Signed April 16, 2020
5 |
6 | David Nuffer
  | United States District Judge